# GOETZ FITZPATRICK LLP

Attorneys at Law  www.goetzfitz.com
One Penn Plaza, New York, NY 10119 | (T) 212-695-8100 | (F) 212-629-4013

Gary M. Kushner
Partner
gkushner@goetzfitz.com

August 25, 2011

**Via E-Mail** – bhoran@law.nyc.gov

Brian T. Horan, Esq.
Assistant Corporation Counsel
New York City Law Department
Affirmative Litigation Division
100 Church Street
Rm 20-104
New York, New York 10007

> Re: OTR Media Group, Inc.
> <u>Bankr. Case No. 1-11-47385</u>

Dear Mr. Horan,

      The undersigned is counsel for OTR Media Group, Inc. ("OTR").

      Please be advised that earlier today, OTR filed a voluntary petition for relief from its creditors pursuant to chapter 11 of the United States Bankruptcy Code. OTR's chapter 11 case is pending in the United States Bankruptcy Court for the Eastern District of New York under Bankruptcy Case No. 1-11-47385.

      As a result of the chapter 11 filing, OTR is afforded the protection of §362(a) of the Bankruptcy Code which provides, *inter alia*, an automatic stay prohibiting the enforcement of a judgment obtained before the commencement of the bankruptcy case.

      It is my understanding that the City of New York has obtained several money judgments against OTR which are being enforced by the City *via* the issuance of restraining notices to OTR's clients and by other measures, including discovery notices issued directly to my client.

      The City is hereby instructed to immediately cease and desist any further enforcement actions with respect to judgments obtained against OTR.

      Please be further advised that §362(a)(1) of the Bankruptcy Code further acts as a stay of the commencement or continuation of any and all judicial, administrative or other proceedings against a debtor. The City is hereby instructed to immediately cease and desist from commencing any further proceedings against OTR and to discontinue the prosecution of any actions which have already been filed.


GOETZ FITZPATRICK LLP

Page Two
August 25, 2011
Re: OTR Media Group, Inc.

Last, but no less important, you are hereby advised that the automatic stay extends to any and all entities for whom OTR has provided a contractual indemnity. *See e.g. Branham v. Loews Orpheum Theatre*, 291 A.D.2d 356, 739 N.Y.S.2d 27 (1st Dept. 2002).

We are advised that the City has recently attempted to pursue collection actions against a number of the Debtor's vendor/landlords including One Maiden Lane, LLC and Sakela Brothers, LLC, among others. It is our position that the *Branham* case cited above prevents the City from pursuing claims against these entities as each of these entities has been provided with a written indemnification from OTR. Indemnification from an outdoor advertising company such as OTR to a landlord is protocol in the outdoor advertising industry.

You are specifically advised that if the City proceeds to enforce its claims against the OTR's vendor/landlords without obtaining authority from the Bankruptcy Court, the City is doing so at its own peril. OTR will seek to enforce any violations of the automatic stay against the City including the imposition of sanctions, to the fullest extent permitted by law.

Please be advised that OTR's obligation to respond to the City's recent discovery notices has been fully mitigated in light of the chapter 11 filing. Consequently, there will be no response by OTR to the City's document demand and no deposition will go forward as noticed.

Nothing contained herein shall or may be construed as a waiver of OTR's rights or remedies, all of which are hereby expressly reserved.

Please be guided accordingly.

Very truly yours,

GOETZ FITZPATRICK LLP

By: _____
Gary M. Kushner

GMK/rrg
cc: Ari Noe
    Michael Eisenberg
    Ronald Coleman, Esq.
    Ariel Holzer, Esq.

k:\kushner\otr media group\letter to mr. moran.8252011.docx