Goetz Fitzpatrick LLP
One Pennsylvania Plaza, 44th Floor
New York, New York 10119
(212) 695-8100
By: Gary M. Kushner, Esq.
    Ronald D. Coleman, Esq.

*Proposed Attorneys for the Debtor
and Debtor in Possession*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 11 |
| OTR MEDIA GROUP, INC., | Case No. 1-11-47385 (ESS) |
| Debtor. | |

-------------------------------------------------------------X

OTR MEDIA GROUP, INC., 203 17TH REALTY LLC, SAKELE BROTHERS, LLC *And* ONE MAINEN LANE REALTY, LLC, *all New York limited liability companies,* 848 FULTON REALTY CORP. *and* MING SHENG INC., *New York corporations,* GOTHAM BROAD, LLC, *a Delaware limited liability Company*, FOTINI THEOHARIDU, and PHILLIPE JOCELINE, *natural persons*

　　　　　　　　　　Plaintiffs,　　　　　Adv. Pro. No. 1-11-01448 (ESS)

　　　-against-

The CITY OF NEW YORK

　　　　　　　　　　Defendant.

-------------------------------------------------------------X

**ORDER GRANTING TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE FOR HEARING ON DEBTOR'S APPLICATION FOR A PRELIMINARY INJUNCTION PURSUANT TO § 105 OF THE BANKRUPTCY CODE AND <u>BANKRUPTCY RULE 7065 AND RELATED RELIEF</u>**

1

UPON the declaration of Gary M. Kushner, dated August 31, 2011[1], and the exhibits annexed thereto (the "Kushner Declaration"); the verified complaint in the above captioned adversary proceeding, and the memorandum of law in support which seek (a) a temporary restraining order and preliminary injunction pursuant to §105 of Title 11, United States Code (the "Bankruptcy Code") and Rule 7065 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") enjoining the City of New York ("the City" or "Defendant") its agents, servants and those acting in concert therewith, or any of them from (i) the commencement or continuation, including the issuance or employment of process, of a judicial administrative, or other action or proceeding against the Debtor, OTR Media Group, Inc. ("OTR" or "Debtor") and/or each of the plaintiff Indemnitees, that was or could have been commenced before the commencement of the Debtor's chapter 11 case, or to recover a claim against the Debtor and/or the Indemnitees that arose before the commencement of the Debtor's bankruptcy case relating to or in connection with the OTR Sign Claims; (ii) the enforcement against the Debtor or against property of the estate and/or against the Indemnitees or property of the Indemnitees, of a judgment obtained before the commencement of the Debtor's chapter 11 case relating to or in connection with the OTR Sign Claims; (iii) taking any and all acts to obtain possession of property of the Debtor or the Debtor's estate and/or property of the Indemnitees relating to or in connection with the OTR Sign Claims; (iv) taking any and all acts to exercise control over property of the Debtor's estate or property of the Indemnitees relating to or in connection with the OTR Sign Claims; (v) taking any and all acts which otherwise interfere with the Debtor's rights and obligations as a debtor-in-possession as provided under §§ 1107 and 1108 of the Bankruptcy Code; (vi) for related and further relief; and the Defendant having been

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Verified Complaint in this Adversary Proceeding.

given telephone and written notice of the relief sought by the Debtor, including the request for a temporary restraining order; and it appearing that unless the Defendant is temporarily restrained pending a hearing and determination on the request for a preliminary injunction, the Debtor, its creditors, the Debtor's estate and the Indemnitees will suffer immediate and irreparable harm, injury, loss and damage; it is

NOW, on motion of Goetz Fitzpatrick, LLP, attorneys for the Debtor, it is hereby

ORDERED, that the Defendant show cause before the undersigned United States Bankruptcy Judge at the United States Bankruptcy Court, 271 Cadman Plaza East, Brooklyn, New York 11201 on September ____, 2011 at _____ a.m. (the "Preliminary Hearing"), or as soon thereafter as counsel may be heard, why an order should not be entered enjoining the City of New York, its agents, servants and those acting in concert therewith, or any of them from (i) the commencement or continuation, including the issuance or employment of process, of a judicial administrative, or other action or proceeding against the Debtor, and/or each of the plaintiff Indemnitees, that was or could have been commenced before the commencement of the Debtor's chapter 11 case, or to recover a claim against the Debtor and/or the Indemnitees that arose before the commencement of the Debtor's bankruptcy case relating to or in connection with the OTR Sign Claims; (ii) the enforcement against the Debtor or against property of the estate and/or against the Indemnitees or property of the Indemnitees, of a judgment obtained before the commencement of the Debtor's chapter 11 case relating to or in connection with the OTR Sign Claims; (iii) taking any and all acts to obtain possession of property of the Debtor or from the Debtor's estate and/or property of the Indemnitees relating or in connection with the OTR Sign Claims; (iv) taking any and all acts to exercise control over property of the Debtor's estate or property of the Indemnitees relating to or in connection with the OTR Sign Claims; (v)

taking any and all acts which otherwise interfere with the Debtor's rights and obligations as a debtor-in-possession as provided under §§ 1107 and 1108 of the Bankruptcy Code; (vi) for related and further relief; and it is further

ORDERED, that pending the Preliminary Hearing, the City of New York , its agents, servants and those acting in concert therewith, or any of them are enjoined from (i) the commencement or continuation, including the issuance or employment of process, of a judicial administrative, or other action or proceeding against the Debtor and/or each of the plaintiff Indemnitees, that was or could have been commenced before the commencement of the Debtor's chapter 11 case, or to recover a claim against the Debtor and/or the Indemnitees that arose before the commencement of the Debtor's bankruptcy case relating to or in connection with the OTR Sign Claims; (ii) the enforcement against the Debtor or against property of the estate and/or against the Indemnitees or property of the Indemnitees, of a judgment obtained before the commencement of the Debtor's chapter 11 case relating to or in connection with the OTR Sign Claims; (iii) taking any and all acts to obtain possession of property of the Debtor or from the Debtor's estate and/or property of the Indemnitees relating or in connection with the OTR Sign Claims; (iv) taking any and all acts to exercise control over property of the Debtor's estate or property of the Indemnitees relating to or in connection with the OTR Sign Claims; (v) taking any and all acts which otherwise interfere with the Debtor's rights and obligations as a debtor-in-possession as provided under §§ 1107 and 1108 of the Bankruptcy Code; (vi) for related and further relief; and it is further

ORDERED, that pursuant to Rule 4001(c)(3) of the Bankruptcy Rules, service of this Order to Show cause and the papers upon which it is based, upon (i) The City of New York, *via* its Counsel Brian T. Horan, Esq., Assistant Corporation Counsel, New York City Law

Department, 100 Church Street, Room 20-04, New York, NY 10007 ; and (ii) the Office of the United States Trustee, 271 Cadman Plaza East, Room 4529, Brooklyn, New York 11201, Attn: William Curtin, Esq. and on or before September ____, 2011, by way of Federal Express or other overnight delivery, shall be deemed good and sufficient notice of the requested relief; and it is further

ORDERED, that a final hearing (the "Final Hearing") on this application will take place on September ____, 2011 at _____ a.m., at the United States Bankruptcy Court, Eastern District of New York, Courtroom ____, 271 Cadman Plaza East, Brooklyn, New York 11201; and it is further

ORDERED, that answering papers, if any, must be served upon and received by proposed counsel for the Debtor, Goetz Fitzpatrick, LLP, One Penn Plaza, 44th Floor, New York, New York 10119, Attn: Gary M. Kushner, Esq., not later than September ____, 2011 at 4:00 p.m. for the Preliminary Hearing and by September ____, 2011 at 4:00 p.m. for the Final Hearing.