

| MICHAEL A. CARDOZO<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>LAW DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK, N.Y. 10007-2601 | ALAN H. KLEINMAN<br>*Senior Counsel*<br>Affirmative Litigation Division<br>*Telephone No.:* (212) 788-1012<br>*Telecopier No.:* (212) 788-1633<br>akleinma@law.nyc.gov |
|---|---|---|

August 30, 2011

**VIA EMAIL (gkushner@goetzfitz.com)**
Gary M. Kushner, Esq.
Goetz Fitzpatrick LLP
One Penn Plaza
New York, NY 10119

Re: In re OTR Media Group, Inc., Bankr. Case No. 1-11-47385 (EDNY)

Dear Mr. Kushner:

We write in response to your letter to Brian Horan dated August 29, 2011, in which you state that "the automatic stay extends to any and all entities for whom OTR has provided a contractual indemnity." As we show below, this assertion is incorrect.

Initially, we note that your firm does not and cannot represent those building owners against whom the City has obtained judgments because those entities are necessarily adverse to your client. Any claim to a stay belongs to those entities, whom you do not represent.

In any case, the automatic stay does not extend to other judgment debtors. As Judge Glasser recently noted, "the case law is clear that an automatic bankruptcy stay pursuant to § 362(a) applies only to the debtor and not to non-debtor co-defendants." Lightbody v. Girlie's Ambulette Serv., 2010 U.S. Dist. LEXIS 88862, at *5 (E.D.N.Y. Aug. 27, 2010). This is hornbook law:

> The stay of litigation does not protect nondebtor parties who may be subjected to litigation for transactions or events involving the debtor. Thus, for example, a suit against a codefendant is not automatically stayed by the debtor's bankruptcy filing. Similarly, an action may be brought against general partners of a partnership when the partnership, but not the partners, is in bankruptcy, or against corporate shareholders. An action also may be brought against guarantors free of the automatic stay.

3-362 Collier on Bankruptcy ¶ 362.03 (footnotes omitted).

For support of your sweeping construction of the automatic stay, you cite Branham v. Loews Orpheum Theatre, 291 A.D.2d 356 (1st Dept. 2002). Branham does not extend to the City's enforcement of judgments against property owners that contracted with OTR. Initially, we note that Branham is a ruling based on State law, in which the First Department upheld the Supreme Court decisions to mark a case off the calendar. Branham involved an "undisputed obligation to indemnify the owners for any liability they sustain" in the pending action. Here, there is no "undisputed obligation to indemnify the owners." Dispositively, there is no liability for the property owners to sustain in any pending action or proceeding. Quite the contrary, there are already judgments entered, and those judgment are entered solely in the name of the property owners. Enforcing those judgments will not increase OTR's liabilities, whatever they might turn out to be.

Branham cites to A.H. Robins Co. v. Piccinin, 788 F.2d 994 (4th Cir. 1986). The Fourth Circuit's analysis is instructive. For a stay to extend to a non-bankrupt party:

> there must be unusual circumstances and certainly something more than the mere fact that one of the parties to the lawsuit has filed a Chapter 11 bankruptcy must be shown in order that proceedings be stayed against non-bankrupt parties. This unusual situation, it would seem, arises when there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor. An illustration of such a situation would be a suit against a third-party who is entitled to absolute indemnity by the debtor on account of any judgment that might result against them in the case.

788 F.2d at 999 (quotation marks omitted). The rationale simply does not apply here. Judgments are already in place and enforcement against a property owner may have no effect on OTR because enforcement of the judgment will not change whatever indemnification rights the property owner has against OTR.

Proceeding to enforce the judgments will not alter OTR's obligators as an indemnitor, whatever those obligations might be. This is true because if the property owner is entitled to indemnification, that claim arose with the imposition of the penalty or fine. The ripeness of any property owner's indemnification claim depends upon the "intentions of the parties, as manifested in the indemnification agreement viewed in its entirety." American Motorists Ins. Co. v. United Furnace Co., 876 F.2d 293, 299 (2d Cir. 1989). See also United States Fid. & Guar. Co. v. Petroleo Brasileiro S.A., 2004 U.S. Dist. LEXIS 5070 (S.D.N.Y., Mar. 24, 2004); Maryland Casualty Co. v. Straubinger, 19 A.D.2d 26 (App. Div. 4th Dep't 1963); 23 NY Jur Contribution, Indemnity, and Subrogation § 131. Here, where it appears that OTR has agreed in its leases with the property owners to clear violations and pay related fines, the property owners' rights under the leases accrued long ago. Enforcement of the judgments will not impact the debtor's estate.

As the Second Circuit observed, "The automatic stay can apply to non-debtors, but normally does so only when a claim against the non-debtor will have an immediate adverse

economic consequence for the debtor's estate." Queenie, Ltd. v. Nygard Int'l, 321 F.3d 282, 287 (2d Cir. 2003). Here, enforcement of the existing judgments against the property owners will not only lack "an immediate adverse economic consequence for the debtor's estate," it will have no impact whatsoever on the debtor's estate because if the debtor was liable, it was liable upon the imposition of the fine.

Moreover, we understand that OTR's lease agreements do not provide an "absolute" right of indemnity. See A.H. Robins, 788 F.2d at 999; see also In re Chateaugay Corp., 76 B.R. 945, 950 (S.D.N.Y. 1987). Rather, OTR's liability for any penalties imposed against the property owner for sign violations arises only if the owner forwarded the notice of violation to OTR within a certain time period. This is not the kind of comprehensive indemnification arrangement that constitutes "unusual circumstances" warranting an extension of the automatic stay to proceedings against the third party property owners.

Finally, the property owners do not qualify for the stay under the "broader rule ... that [the] stay is extended only when necessary to protect the debtor's reorganization." Millard v. Developmental Disabilities Institute, Inc., 266 B.R. 42, 45 (E.D.N.Y. 2001) (internal quotation marks omitted). There has been no showing, and there is no reason otherwise to believe, that the City's collection efforts against the property owners will "impede the reorganization proceedings" in any way. Id. Thus, the rationale for extending the stay is altogether absent here.

In sum, the City will seek to enforce its judgments against property owners that may have entered into leases with OTR. It will also vigorously pursue its claims against OTR in the bankruptcy.

Sincerely yours,

Alan H. Kleinman