UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| OTR MEDIA GROUP INC., | : | Case No. 1-11-47385 (ESS) |
| Debtor. | : | |

------------------------------------------------------------------ x  Adv. Pro. No. 1-11-01448

| | | |
|---|---|---|
| OTR MEDIA GROUP, INC. et al., | : | |
| Plaintiffs, | : | |
| vs. | : | **DECLARATION OF BRIAN T. HORAN** |
| THE CITY OF NEW YORK, | : | |
| Defendant. | : | |

------------------------------------------------------------------ x

**BRIAN T. HORAN** declares, pursuant to 28 U.S.C. § 1746 and subject to the penalty of perjury, that the following statements are true and correct:

1. I am an Assistant Corporation Counsel at the New York City Law Department, the office of Michael A. Cardozo, Corporation Counsel of the City of New York. I am admitted to practice in the courts of the State of New York. My application for admission to the U.S. District Court for the Southern District of New York is pending. Upon admission to that court, I intend promptly to apply for admission to the U.S. District Court for the Eastern District of New York. I am fully aware of the facts set forth herein based upon my personal knowledge and review of the files maintained by my office.

2. I submit this declaration in opposition to the motion of Debtor OTR Media Group, Inc. ("OTR") and the other plaintiffs (the "Non-Debtor Plaintiffs") for a preliminary

injunction barring Defendant the City of New York (the "City") from enforcing certain judgments against the Non-Debtor Plaintiffs.

3. Debtor OTR is an outdoor advertising company that, itself and through a series of LLCs (together with OTR, the "OTR Companies"), installs advertising displays atop or on the sides of buildings in New York City. Pursuant to a series of lease and license agreements, the OTR Companies rent space from property owners. In turn, the OTR Companies receive payments from media brokers in exchange for installing advertising copy, as requested by the brokers, within the leased space.

4. In January 2011, OTR was dissolved by proclamation pursuant to N.Y. Tax Law § 203-a. Today, more than eight months later, it remains dissolved. I attach as Exhibit 1 a true and correct copy of a printout, generated on September 9, 2011, from the website of the New York Department of State showing that OTR dissolved on January 26, 2011 and remains dissolved.

5. Many if not all of the signs the OTR Companies have installed are unlawful under the City's Administrative Code, Zoning Resolution, and/or another local law. Since August 2007, citing violations of these laws, the City has issued at least 162 notices of violation ("NOVs") to OTR and at least 217 NOVs to other parties (the "Property Owners"), including the Non-Debtor Plaintiffs – likewise subject to penalties for sign violations – that own buildings on which the OTR Companies installed signs.

6. The NOVs were returnable to the City's Environmental Control Board ("ECB"). Following a hearing before an administrative law judge at ECB – or, in a small handful of cases, upon the respondent's default – decisions and orders were issued imposing

penalties on OTR and on the Property Owners. The total amount of ECB penalties, unsatisfied to date, is roughly $1.9 million for OTR and roughly $2.8 million for the Property Owners.

7. In some cases, the orders imposing such penalties are currently on administrative appeal at ECB. In other cases, following exhaustion of such appeals, if taken, and the satisfaction of other procedural requirements, the orders were entered and docketed as judgments in the Civil Court of the City and in the offices of the County Clerk for each of the five counties in New York City. The principal amount of judgment debt, unsatisfied to date, against OTR is approximately $517,000. Judgment debt against the Property Owners (the "Third Party Judgments") is approximately $970,000.

8. Counsel for Plaintiffs provided the Law Department with the lease agreements (the "Agreements") that seven of the eight Non-Debtor Plaintiffs have with one of the OTR Companies.[1] Six of the seven Agreements are between one of the Non-Debtor Plaintiffs and an OTR-related LLC, not OTR itself. Those LLCs have not sought bankruptcy protection.

9. By letter dated September 7, 2011, the New York City Law Department (the "Law Department") advised Debtor's proposed counsel of the several errors in Plaintiffs' court papers and asked proposed counsel to withdraw the adversary complaint and the preliminary injunction motion. I attach a true and correct copy of the letter as Exhibit 2.

10. On September 8, proposed counsel for Plaintiffs answered the Law Department's letter. I attach a true and correct copy of counsel's letter as Exhibit 3. The Plaintiffs have not withdrawn or amended their papers.

---

[1] Counsel for Plaintiffs have failed to produce, as promised as part of the standstill agreement among the parties, a lease agreement pertaining to the eighth Non-Debtor Plaintiff, Gotham Broad LLC. Therefore, this discussion is limited to the seven Non-Debtor Plaintiffs whose lease agreements have been produced.

11. The OTR Companies include OTR itself and an untold number of LLCs. There are at least 30 such LLC registered with the New York Department of State. The relationship between Debtor and the LLCs is unknown. I attach as Exhibit 4 true and correct copies of 30 printouts, each corresponding an OTR-related LLC, from the Department of State's website. The addresses of record for all but one of these LLCs are one of two addresses in Manhattan where OTR itself was located: 424 West 33rd Street and 120 Wall Street, 32nd Floor. The one exception, OTR13 Carmine, LLC, is known to be related to OTR because it is a party to a lease agreement – produced to the Law Department by counsel for Plaintiffs – with Fotini Theoharidou, one of the Non-Debtor Plaintiffs.

12. With only one exception, it is the LLCs, not OTR itself, that leased space, pursuant to the Agreements, from the seven Non-Debtor Plaintiffs for the installation of outdoor advertising displays. The parties to the Agreements are as follows:

| Lessor | Lessee |
|---|---|
| 203 17th Realty LLC | OTR Media Group, Inc. |
| Sakele Brothers, LLC | OTR 187 LLC |
| One Maiden Lane Realty, LLC | OTR WSML, LLC[2] |
| 848 Fulton Realty Corp. | Splash Media Group, LLC |
| Ming Sheng Inc. | Splash Media Group, LLC |
| Fotini Theoharidu | OTR13 Carmine, LLC |
| Phillipe Joceline | Splash Media Group, LLC |

Most or nearly all of the signs are no longer up at the locations owned by these Non-Debtor Plaintiffs.

13. Some, but not all, of the Agreements contain limited indemnification provisions. The Agreement between Splash Media Group, LLC and Ming Sheng Inc., contains no such provision. The six other Agreements contain a provision (the "Indemnification

---

[2] OTR WSML, LLC is not registered with the Secretary of State, as required by New York Limited Liability Company Law § 209.

4

Paragraph") stating that the lessee shall indemnify the lessor for "any claim ... made … in connection with [OTR's] performance of its obligations hereunder."  Two of the seven Agreements – those between OTR 187 LLC and Sakele Brothers, LLC and between OTR WSML, LLC and One Maiden Lane Realty, LLC – also contain a provision (the "Violations Paragraph") concerning violations in connection with the advertising displays.  These provisions require that the lessor furnish any NOV to the lessee within 10 days of receipt thereof, and if, but only if, that contingency is met, the lessee "shall be solely responsible … to pay any related fines."

14. I attach as Exhibit 5 a true and correct copy of the summons and complaint in an action entitled *Soho 54 LLC v. OTR Media Group, Inc.*, Index No. 650789/2011 (Sup. Ct. N.Y. County).

15. I attach as Exhibit 6 a true and correct copy of the answer of defendants OTR and Aharon Noe in the *Soho 54* action.  Co-defendant OTR54 Watts LLC did not file an answer, and therefore is apparently in default.

16. I attach as Exhibit 7 a true and correct copy of the summons and complaint in an action entitled *OTR Media Group, Inc. v. Sakele Brothers LLC*, Index No. 161109/2011 (Sup. Ct. N.Y. County).

17. I attach as Exhibit 8 a true and correct copy of Exhibit C to the complaint in the *Sakele Brothers* action:  a letter from OTR's counsel, Ariel Holzer, to counsel for Sakele Brothers.  Mr. Holzer's references to "OTR Media Group LLC," an entity that is not registered with the New York Department of State, appear in fact to refer to OTR Media Group, Inc.

18. I attach as Exhibit 9 a true and correct copy of the summons and complaint in an action entitled *Syms Corporation v. OTR Media Group, Inc.*, Index No. 10-1278 (S.D.N.Y.).

19. I attach as Exhibit 10 a true and correct copy of OTR's answer in the *Syms* action.

20. On August 5, 2011, the Law Department delivered to the Office of the New York City Sheriff executions on docketed judgments against OTR and the Property Owners. The Sheriff proceeded to levy on the executions, seeking to garnish rent payments owed to the Property Owners by their tenants and, in the case of OTR, payments owed to it by its media brokerage clients.[3] On August 10, the Law Department issued a Subpoena and Subpoena *Duces Tecum* to Mr. Noe. Pursuant to this subpoena, documents were to be produced on or before August 30, and a deposition of Mr. Noe was to take place on September 7. I attach as Exhibit 11 true and correct copies of this subpoena.

21. I attach as Exhibit 12 a true and correct copy of an email dated August 24, 2011 from Ronald Coleman, counsel to OTR, to the Law Department. The email, sent one day before OTR filed its bankruptcy petition, stated with respect to the subpoenas that "OTR will meet all its obligations by the applicable dates."

22. On August 25, OTR filed for bankruptcy protection. In a letter to the Law Department, Kushner Decl. Ex. B, counsel for OTR reversed course and stated that there would be no response by OTR to the City's document demand and that no deposition would go forward as noticed.

---

[3] The Law Department learned that certain of the Third Party Judgments were subject to a preexisting stay pending the outcome of litigation before the New York Supreme Court, in which several property owners are challenging aspects of the City's regulation of advertising displays. Accordingly, the Law Department withdrew the executions against any Property Owner owing debt based in part or in whole on such stayed judgments. *See* Kushner Decl. Ex. C.

23. Recognizing that the bankruptcy filing triggered an automatic stay on proceedings against OTR, the Law Department withdrew the execution on the judgments against OTR, instructing the Sheriff that it should cease levying on the execution. During the pendency of the levy, the Sheriff did not garnish any payments owing to OTR.

24. In their letter of August 25, counsel for OTR also demanded that the City cease efforts to enforce the Third Party Judgments. Kushner Decl. Ex. B. By letter dated August 30, the Law Department responded, showing that the automatic stay does not extend to the Property Owners. Kushner Decl. Ex. D. Plaintiffs proceeded to file the instant adversary proceeding, seeking to enjoin the City from enforcing the Third Party Judgments.

Dated: September 9, 2011
       New York, New York

                                                                                      Brian T. Horan