SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------------X
SOHO 54 LLC,

                              Plaintiff,

       *-against-*

OTR MEDIA GROUP, INC., OTR54 WATTS LLC
and ARIE NOE,

                            Defendants.
-----------------------------------------------------------------------X

Index No:
Date Purchased:

**SUMMONS**

*Basis of Venue*:
Plaintiff's Residence

To the above named defendants:

      **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the plaintiff's attorney within twenty (20) days after the service of this summons exclusive of the days of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in the case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: March 22, 2011

                                                                                                     THE YUN LAW FIRM, LLC

                                                                                                    /s/
                                                                                                _____

                                                                                                Elena M. Yun, Esq.
                                                                                                *Attorney for Plaintiff*
                                                                                                110 Wall Street 11th Floor
                                                                                               New York, New York 10005
                                                                                               212-859-3522

Defendants' Addresses:

OTR MEDIA GROUP, INC.
120 Wall Street 32nd Floor
New York, New York 10005

OTR54 WATTS LLC
424 West 33rd Street, Suite 520
New York, New York 10001

ARIE NOE
1926 52nd Street
Brooklyn, New York 11204

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------X
SOHO 54 LLC,

                                                                      Index No:

                                   Plaintiff,

                                                                     **COMPLAINT**

       *-against-*

OTR MEDIA GROUP, INC., OTR54 WATTS LLC
and ARIE NOE,

                                   Defendants.
------------------------------------------------------------------X

       Plaintiff, SOHO 54 LLC, as and for its Complaint against defendants, OTR MEDIA GROUP, INC., OTR54 WATTS LLC and ARIE NOE alleges upon information and belief:

### **PARTIES**

       1.      Plaintiff SOHO 54, LLC ("Plaintiff") is a domestic New York corporation with its principal place of business at 54 Watts Street, New York, New York 10013.

       2.      Defendant OTR MEDIA GROUP, INC. ("OTR MEDIA") is a domestic New York corporation.

       3.      Defendant OTR54 WATTS LLC ("OTR54") purports to be a limited liability company.

       4.      Upon information and belief, defendant OTR54 is not a limited liability company in the State of New York.

       5.      Upon information and belief, defendant OTR54 is not licensed to do business in the State of New York.

6. Upon information and belief, defendant OTR54 is an unincorporated entity.

7. Defendant OTR54 is not a recognized limited liability company in New York.

8. Defendant ARIE NOE is a resident of Kings County, New York.

9. Defendant ARIE NOE is the founder, president and/or principal of defendant OTR MEDIA.

10. Defendant ARIE NOE purports to be the president and/or the principal of defendant OTR54.

## FACTUAL BACKGROUND

### License Agreement

11. Plaintiff is the owner of the property located at 54 Watts Street, New York, New York ("the Property").

12. Plaintiff operates a hotel at the Property under the name "Hampton Inn Soho."

13. Plaintiff and defendants entered into a License Agreement on or about October 9, 2007 whereby plaintiff permitted defendants to use the east and west walls of the Property's facade for the purpose of installing and maintaining thereon outdoor advertising displays.

14. Defendants were solely responsible under the License Agreement for defending plaintiff against any violations and fines which were issued against the Property as a result of such advertising displays.

15. The License Agreement also required defendants to indemnify and hold plaintiff harmless from any and all losses, costs, expenses and liabilities incurred by plaintiff as a result of any claim, suit or action made against it in connection with defendants' performance under the License Agreement.

16. The License Agreement further required defendants to reimburse plaintiff for all reasonable attorneys' fees and court costs which plaintiff incurred in attempting to collect any monies due under the License Agreement.

17. In accordance with the License Agreement, defendants installed an outdoor advertisement on the east wall of the Property on or about November 2007.

18. The advertisement violated certain provisions of the New York City Building Code. As a result, between November 2008 and May 2009, the New York City Building Department issued multiple violations against plaintiff as the Property's owner.

19. Plaintiff was eventually fined a total of $45,000.00 for such violations.

20. Pursuant to the License Agreement, plaintiff demanded that defendants cure the violations and indemnify plaintiff for such liability.

21. Despite plaintiff's repeated requests in that regard, to date, defendants have failed to remit payment in the sum of $45,000.00 to cure and indemnify plaintiff for the liability caused by the violations.

22. Plaintiff has a mortgage on the Property. Due to the violations, plaintiff's mortgage company has required plaintiff to deposit $150,000.00 with the mortgage company which is being held in escrow.

23. The License Agreement term was for a ten year period from December 1, 2007 to November 30, 2017.

24. Under the License Agreement, defendants agreed to pay a License Fee in the amount of $14,833.00 per month for the use of the east and west walls of the Property.

25. Defendants paid the License Fee for the first two months of the license term in December 2007 and January 2008.

26. To date, defendants have failed to remit any further License Fees since the January 2008 payment.

27. Under the License Agreement, the License Fee was to be increased by three percent (3%) every three years throughout the term of the License.

28. Accordingly, the License Fee of $14,833.00 was to be increased by three percent (3%) respectively on December 1, 2010 to $15,277.99, on December 1, 2013 to $15,736.33 and on December 1, 2016 to $16,208.42.

29. As such, defendants are indebted to the plaintiff in the amount of $1,815,338.56 for the unpaid License Fees under the License Agreement.

## Room Rental Agreement

30. On or about June 25, 2009, defendant ARIE NOE advised plaintiff that he wished, at defendants' sole expense, to reserve a hotel room at the Property in order to remove the outdoor installation.

31. In accordance with this stated intention, plaintiff and defendants entered into a contract ("Room Rental Agreement") whereby defendant ARIE NOE was provided with a hotel room at the Property which he stayed at from June 25, 2009 through July 2, 2009.

32. The rental fee for defendants' hotel room was $2,518.57.

33. To date, defendants have failed to remit payment of the $2,518.57 fee to plaintiff.

## Defendants' Liability

34. Defendant ARIE NOE entered into the License Agreement and Room Rental Agreement in his capacity as a corporate officer and/or principal of defendants OTR54 and OTR MEDIA.

35. Defendants OTR54 and OTR MEDIA are therefore jointly and severally liable to plaintiff for all damages flowing from the breach of such agreements.

36. Defendant ARIE NOE also entered into the License Agreement and Room Rental Agreement in his personal capacity and is thereby personally liable for all damages flowing from the breach of such agreements.

37. To the extent defendant ARIE NOE signed such agreements in his capacity as a corporate officer of OTR54, such defendant is an unincorporated entity which is not sufficient to shield him from personal liability for all damages flowing from the breach of such agreements.

38. Upon information and belief, OTR54 and OTR MEDIA are the alter-egos of defendant ARIE NOE and therefore he may be held personally liable under a "piercing the corporate veil" theory for any sums owed by such business entities to plaintiff under the subject agreements.

39. Upon information and belief, OTR54 is the alter-ego of OTR MEDIA and therefore both entities may be held jointly and severally liable to plaintiff for the sums owed under the agreements under a "piercing the corporate veil" theory.

40. Upon information and belief, OTR54 is a wholly owned subsidiary of OTR MEDIA and therefore OTR MEDIA may be held liable for any sums which are owed by OTR54 to plaintiff under the agreements.

**FIRST CAUSE OF ACTION**
**- - -**
**(Breach of License Agreement - Violations)**

41. Plaintiff incorporates all of the preceding paragraphs as if fully set forth at length herein.

42. There is presently due and owing from defendants to plaintiff under the License Agreement the sum of $45,000.00 for the violations issued against the Property.

43. Defendants have failed to cure the violations and indemnify plaintiff as required by the License Agreement.

44. Defendants are therefore in breach of the License Agreement.

45. As a result, defendants are indebted to plaintiff in the amount of $45,000.00 together with interest, court costs and attorney's fees.

## SECOND CAUSE OF ACTION
- - -
### (Breach of License Agreement – Consequential Damages)

46. Plaintiff incorporates all of the preceding paragraphs as if fully set forth at length herein.

47. As a direct and foreseeable result of the defendants' breach of the License Agreement, plaintiff was required to place $150,000.00 in escrow with its mortgage company.

48. Consequently, plaintiff has been unable to access such funds.

49. Plaintiff has thereby incurred damages including, but not limited to, the loss of use of the $150,000.00, loss of income, loss of business and investment opportunity and further consequential damages which are continuing.

50. Therefore, defendants are indebted to plaintiff in the amount of $150,000.00 together with such other consequential damages to be determined by the court along with interest, court costs and attorney's fees.

## THIRD CAUSE OF ACTION
- - -
### (Breach of License Agreement – License Fees)

51. Plaintiff incorporates all of the preceding paragraphs as if fully set forth at length herein.

52. There is presently due and owing from defendants to plaintiff under the License Agreement the sum of $1,815,338.56 for the unpaid License Fees.

53. Defendants have failed to pay the License Fees as required by the License Agreement.

54. Defendants are therefore in breach of the License Agreement.

55. As a result, defendants are indebted to plaintiff in the amount of $1,815,338.56 together with interest, court costs and attorney's fees.

### FOURTH CAUSE OF ACTION
- - -
### (Unjust Enrichment - Lease Agreement)

56. Plaintiff incorporates all of the preceding paragraphs as if fully set forth at length herein.

57. Defendants had full use of the east and west walls at the Property from February 2008 to present without paying for such use.

58. Defendants thereby were unjustly enriched at the expense of plaintiff who is entitled to restitution in equity and good conscience.

### FIFTH CAUSE OF ACTION
- - -
### (Breach of Room Rental Agreement)

59. Plaintiff incorporates all of the preceding paragraphs as if fully set forth at length herein.

60. Defendants have failed to pay plaintiff the sum of $2,518.57 which is due and owing under the Room Rental Agreement.

61. Defendants are thereby in breach of such agreement.

62. As a result, defendants are indebted to plaintiff in the amount of $2,518.57 together with interest, court costs and attorney's fees.

## SIXTH CAUSE OF ACTION
- - -
### (Unjust Enrichment - Room Rental Agreement)

63. Plaintiff incorporates all of the preceding paragraphs as if fully set forth at length herein.

64. Defendants had full use of the hotel room they rented at the Property from June 25, 2009 to July 2, 2009 without paying for such use.

65. Defendants thereby were unjustly enriched at the expense of plaintiff who is entitled to restitution in equity and good conscience.

**WHEREFORE**, Plaintiff SOHO 54 LLC demands judgment against all defendants jointly and severally as follows:

[A]  On the First Cause of Action, for money damages in the amount of $45,000.00;

[B]  On the Second Cause of Action, for money damages in the amount of $150,000.00 plus such additional consequential money damages as determined by the Court;

[C]  On the Third Cause of Action, for money damages in the amount of $1,815,338.56;

[D]  On the Fourth Cause of Action, for money damages in the amount of $1,815,338.56;

[E]  On the Fifth Cause of Action, for money damages in the amount of $2,518.57;

[F]  On the Sixth Cause of Action, for money damages in the amount of $2,518.57;

[G]  Interest upon any award of money damages;

[H] Costs and disbursements of this action;

[I] Attorney's fees;

[J] Such other relief as the Court deems equitable and just.

Dated: March 22, 2011

THE YUN LAW FIRM, LLC

/s/
_____
Elena M. Yun, Esq.
*Attorneys for Plaintiff*
110 Wall Street 11th Floor
New York, New York 10005
212-859-3522