SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------x  Index No. 650789/11
SOHO 54 LLC,

                              Plaintiff,                 ANSWER

            - against -

OTR MEDIA GROUP, INC., OTR54 WATTS LLC
and ARIE NOE,
                             Defendants,
-------------------------------------------------------------------x

       Defendants, OTR MEDIA GROUP, INC. ("OTR") and ARIE NOE ("Noe" and, collectively with OTR, is sometimes hereinafter referred to as the "Answering Defendants"), by their undersigned attorneys, as and for their Answer to the Complaint herein, respectfully allege as follows:

       1.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

       2.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs 3, 4, 5, 6 and 7 of the Complaint.

       3.     Deny the allegations contained in paragraph 10 of the Complaint.

       4.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs 11 and 12 of the Complaint.

       5.     Deny the allegations contained in paragraphs 13, 14, 15, 16, and 17 of the Complaint insofar as it pertains to the Answering Defendants.

       6.     Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs 18, 19, 20, 21 and 22 of the Complaint.

       7.     Admit the allegations contained in paragraph 23 of the Complaint, except respectfully refer the Court to the written document for the complete and accurate terms and

conditions of the License Agreement.

8. Deny the allegations contained in paragraphs 24, 25 and 26 of the Complaint insofar as it pertains to the Answering Defendants.

9. Admit the allegations contained in paragraphs 27 and 28 of the Complaint, except respectfully refer the Court to the written document for the complete and accurate terms and conditions of the License Agreement.

10. Deny the allegations contained in paragraphs 29, 30, 31, 32 and 33 of the Complaint insofar as it pertains to the Answering Defendants.

11. Deny the allegations contained in paragraph 34 of the Complaint, except admit that Noe was at all times acting in a representative capacity.

12. Deny the allegations contained in paragraphs 35, 36, 37, 38, 39 and 40 of the Complaint insofar as it pertains to the Answering Defendants.

13. Respond to the allegations repeated by paragraph 41 of the Complaint in the same manner as heretofore set forth with respect to each of those allegations.

14. Deny the allegations contained in paragraphs 42, 43, 44 and 45 of the Complaint insofar as it pertains to the Answering Defendants.

15. Respond to the allegations repeated by paragraph 46 of the Complaint in the same manner as heretofore set forth with respect to each of those allegations.

16. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs 47, 48 and 49 of the Complaint, except deny that any such actions or consequences occurred as direct and/or foreseeable results of any actions of the Answering Defendants.

17. Deny the allegations contained in paragraph 50 of the Complaint insofar as it pertains to the Answering Defendants.

18. Respond to the allegations repeated by paragraph 51 of the Complaint in the same manner as heretofore set forth with respect to each of those allegations.

19. Deny the allegations contained in paragraphs 52, 53, 54 and 55 of the Complaint insofar as it pertains to the Answering Defendants.

20. Respond to the allegations repeated by paragraph 56 of the Complaint in the same manner as heretofore set forth with respect to each of those allegations.

21. Deny the allegations contained in paragraphs 57 and 58 of the Complaint insofar as it pertains to the Answering Defendants.

22. Respond to the allegations repeated by paragraph 59 of the Complaint in the same manner as heretofore set forth with respect to each of those allegations.

23. Deny the allegations contained in paragraphs 60, 61 and 62 of the Complaint insofar as it pertains to the Answering Defendants.

24. Respond to the allegations repeated by paragraph 63 of the Complaint in the same manner as heretofore set forth with respect to each of those allegations.

25. Deny the allegations contained in paragraphs 64 and 65 of the Complaint insofar as it pertains to the Answering Defendants.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

26. Defendants repeat and re-allege each and every allegation contained in paragraphs 1 through 25 of this Answer as if fully set forth herein at length.

27. Pursuant to the terms of the License Agreement, any controversy or claim arising out of, or related to, the Licensing Agreement shall be settled by arbitration before the American Arbitration Association.

28. The relief sought by Plaintiff in this action constitutes, in whole or in part, a dispute arising out of, and/or related to, the Licensing Agreement and must therefore be submitted to arbitration before the American Arbitration Association.

29. By reason thereof, this Court lacks jurisdiction over the Plaintiff's claims as alleged in the Complaint herein, should refrain from exercising jurisdiction over such claims and/or refer the disputes alleged in the Complaint to the American Arbitration association for determination.

AS AND FOR A SECOND AFFIRMATIVE DEFENSE

30. Defendants repeat and re-allege each and every allegation contained in paragraphs 1 through 25 of this Answer as if fully set forth herein at length.

31. At all times relevant hereto, the Plaintiff and the Answering Defendants agreed that the Answering Defendants were not to be liable for any obligations due under the terms of the Licensing Agreement.

32. Plaintiff knowingly and voluntarily entered into the Licensing Agreement with OTR54 Watts LLC with full knowledge that the Answering Defendants intended to form such entity in order to limit any liability thereunder to such entity and to assure that any and all obligations under such licensing Agreement would be non-recourse to the Answering Defendants.

33. Were it not for such agreement and mutual understandings, the Answering Defendants would not have taken any of the actions which Plaintiff now alleges may create such recourse liability against the Answering Defendants.

34. By reason thereof, Plaintiff is barred and/or stopped from seeking damages from the Answering Defendants.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

35. Plaintiff has failed to mitigate any damages it has incurred or may incur as a result of OTR54Watts LLC's breach of the Licensing Agreement.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

36. Upon information and belief, Plaintiff has failed to provide OTR54 Watts LLC with free and unfettered access to the licensed premises as required by the terms of the Licensing Agreement.

37. By reason thereof, Plaintiff has breached the Licensing Agreement and is barred from seeking any damages from the Answering Defendants.

WHEREFORE, Defendants, OTR MEDIA GROUP, INC. and ARIE NOE, respectfully request Judgment in their favor dismissing the Complaint, for the costs, disbursements and reasonable attorneys' fees of this action, together with such other and further relief as this Court may deem just and proper.

Dated: Brooklyn, New York
May 5, 2011

    Yours, etc.,

    BARTFIELD & KNOPFLER
    Attorneys for Defendants,

    By: /s/ *David Knopfler*
        David Knopfler, Esq.
    Office & P.O. Address:
    958 E. 14th Street
    Brooklyn, NY 11230
    Tel. No.: (646) 257-4960

TO: THE YUN LAW FIRM, LLC
    Attorneys for Plaintiff
    Office & P.O. Address:
    110 Wall Street, 11th Floor
    New York, NY 10005
    Tel. No.: (212) 859-3522