SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------x

OTR MEDIA GROUP, INC.,

                  Plaintiff,

    -against-

SAKELE BROTHERS LLC

                  Defendant.

-------------------------------------------------------x

16110910

INDEX NO:

SUMMONS

Plaintiff designates New York County as the place of trial. The basis of venue is the plaintiff's principal place of business and the location of the property.

**TO THE ABOVE NAMED DEFENDANT:**

    YOU ARE HEREBY SUMMONED and required to serve upon plaintiff's attorneys an answer to the complaint in this action within 20 days after the service of this summons, exclusive of the day of service, or within 30 days after service is complete if this summons is not personally delivered to you within the State of New York. In case you fail to answer, judgment will be taken against you by default for the relief demanded in the complaint

Dated: New York, New York
         August 13, 2010

**FILED**

AUG 16 2010

COUNTY CLERK'S OFFICE
NEW YORK

NOVACK BURNBAUM CRYSTAL LLP

By: _____
        Howard C. Crystal
300 East 42nd Street
New York, New York 10017
(212) 682-4002
Attorneys for Plaintiff

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X

OTR Media Group, Inc.,

                       Plaintiff,

-- against --

Sakele Brothers LLC,

                       Defendant,
-------------------------------------------------------------------X

Index No. 110910

**VERIFIED COMPLAINT**

Plaintiff, OTR Media Group, Inc. ("OTR Media"), by its attorneys, Novack Burnbaum Crystal, LLP, as and for its Verified Complaint against Defendants Sakele Brothers LLC ("Sakele"), alleges as follows:

## FACTS COMMON TO ALL CLAIMS

1. OTR Media is a New York Corporation with an office for the conduct of business at 120 Wall Street, New York, New York 10005. OTR is engaged in the business of selling, leasing, marketing, managing and otherwise providing space on signs situated on buildings and premises within the City of New York to others for advertising purposes.

2. Sakele is, upon information and belief, a New York limited liability company, with an office for the conduct of business at 7 Dey Street, New York, New York and is the owner of a building located at 187 Broadway, New York NY 10007 (the "Building").

3. On or about March 15, 2007, Sakele and OTR 187 LLC, a company wholly owned by OTR Media, entered a lease (the "Lease") for a portion of the Building to be used for the installation of outdoor advertising signage. A copy of the Lease is annexed hereto as Exhibit A.

4. OTR Media is not a signatory to the Lease and did not sign it in any capacity.

5. Paragraph 15 of the Lease provides that "[a]ny controversy or claim arising out of or related to this Agreement or breach thereof shall be settled by arbitration in the City and State of New York in accordance with the then rules of the American Arbitration Association, . . ."

6. On or about June 7, 2010, Sakele commenced a commercial arbitration before the American Arbitration Association in New York City and named both OTR 187 LLC and OTR Media Group, Inc. as Defendants.

7. In its Demand for Arbitration ("the Arbitratration"), dated June 7, 2010, a copy of which is annexed hereto as Exhibit B, Sakele claims that it negotiated with OTR Media and that OTR Media "never informed Sakele that it had drafted the Lease Agreement in favor of this newly created entity in order to limit its liability. As such Sakele rightly assumed that it was dealing with OTR Media." Sakele further claims that OTR Media is an alter ego of OTR 187 LLC and is thus bound by the Lease, including the agreement to arbitrate all disputes.

8. Upon receipt of Sakele's Demand for Arbitration, OTR Media immediately informed Sakele's counsel that it is not a party to and is not bound by the Lease. See letter from Ariel Holzer to Sakele's counsel, annexed hereto as Exhibit C.

9. OTR Media has not participated in the Arbitration or been served with a Notice of Compel Arbitration.

10. OTR Media never entered into the Lease.

11. OTR Media has in no way agreed to submit any dispute with Sakele to arbitration.

12. The Lease clearly indicated that OTR 187 LLC, and not OTR Media, was the lessee. Sakele as represented by counsel and was fully capable of determining that the lessee was OTR 187

2

Supreme Court Records OnLine Library - page 3 of 8

LLC and not OTR Media.

13. In refusing to find one party the "alter ego" of another based on claims similar to those of Sakele, the Court of Appeals in *TNS Holdings, Inc. v. MKI Securities Corp.*, 92 N.Y.2d 335, 680 N.Y.S.2d 891 (1998) noted: "Although these negotiations were with [OTR Media], [Sakele] cannot now complain that they did not know what they were agreeing to in executing the agreement with [OTR 187 LLC]. Nothing suggests that plaintiffs entered into the agreement involuntarily, or that they thought they were contracting with an entity other than [OTR 187 LLC]." The *TNS Holdings* Court further said:

> Although arbitration is favored as a matter of public policy equally important is the policy that seeks to avoid the unintentional waiver of the benefits and safeguards which a court of law may provide in resolving disputes. **Indeed, unless the parties have subscribed to an arbitration agreement it would be "unfair to infer such a significant waiver on the basis of anything less than a clear indication of intent."**

(citations omitted; emphasis added)

13. In *Alfred P. Sloan Foundation, Inc. v. Atlas*, 42 Misc.2d 603, 248 N.Y.S.2d 524 (S.Ct. Nassau 1964), the Court noted: "The use of straw men, corporate or individual, is a practice long known to the law and a seller who without inquiry accepts a corporate purchaser with whom he could, absent the guarantee of a person or corporation of substance, have refused to contract, cannot claim to have been defrauded if the corporate purchaser has no substance."

14. Accordingly, Sakele has no right to demand that OTR Media subject itself to arbitration and the court should enter an immediate stay.

15. No prior request has been made for the relief requested herein.

### FIRST CLAIM FOR RELIEF

3

### (Stay of Arbitration)

16. Paragraphs 1 through 15 are realleged.

17. CPLR 7503(b) provides that a party who has not participated in the arbitration and who had not made or been served with a notice to compel arbitration for a stay of arbitration may apply for a stay of arbitration on the ground, <u>inter alia</u>, that a valid agreement was not made.

18. OTR Media is entitled to a stay of arbitration.

### SECOND CLAIM FOR RELIEF

### (Declaratory Judgment)

19. Paragraphs 1 through 15 are realleged.

20. By reason of the foregoing, OTR Media Group, Inc. is entitled to judgment declaring that it is not subject to the arbitration provisions of the Lease.

### THIRD CLAIM FOR RELIEF

### (Preliminary Injunction)

21. Paragraphs 1 through 15 are realleged.

22. By reason of the foregoing, OTR Media is entitled to have this Court grant, and this Court should grant, a preliminary injunction enjoining Sakele from taking any steps to proceed with its demand for arbitration as against OTR Media.

WHEREFORE, OTR Media Group, Inc. demands judgment:

    A. Under the First Claim for Relief, staying the Arbitration as to OTR Media.

    B. Under the Second Claim for Relief, declaring that OTR Media Group, Inc. is not subject to the arbitration agreement upon which Sakele relies for its demand for arbitration.

    B. Under the Third Claim for Relief, granting a preliminary and permanent

4

injunction enjoining Sakele from taking any steps to enforce the involved arbitration agreement against OTR Media Group, Inc.

        C.     Awarding OTR Media Group, Inc. such other and further relief as the Court finds just and proper.

Dated: New York, New York
       August 13, 2010

                                NOVACK BURNBAUM CRYSTAL LLP

                                By: _____
                                       Howard C. Crystal
                              300 East 42nd Street
                              New York, New York 10017

                              Attorney for Plaintiff

5

Supreme Court Records OnLine Library - page 6 of 8

## VERIFICATION

STATE OF NEW YORK  )
                             ) ss.:
COUNTY OF NEW YORK )

AHARON NOE, being duly affirmed, and upon penalty of perjury, deposes and says:

I am the President of OTR Media Group, Inc., the plaintiff, herein. I know the contents of the within Verified Complaint and it is true to my own knowledge except as to those matters stated to be on information and belief and as to those matters I believe them to be true.

                                                        Aharon Noe

Sworn to before me this
16th day of August, 2010

_____
Notary Public

ARIEL S. HOLZER
Notary Public, State of New York
No. 02HO6212618
Qualified in Bronx County
Commission Expires Oct. 13, 2013

6

Supreme Court Records OnLine Library - page 8 of 8

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
INDEX NO.:

16110910

IN THE MATTER OF THE APPLICATION
OF OTR MEDIA GROUP, INC.,

                Plaintiff,

-against-

SAKELE BROTHERS LLC,

                Defendant.

ORDER TO SHOW CAUSE,
SUMMONS AND
VERIFIED COMPLAINT



NBC NOVACK BURNBAUM CRYSTAL LLP

300 East 42nd Street New York, New York 10017
Tel: 212.682.4002  Facsimile: 212.986.2907

ATTORNEYS FOR:
PLAINTIFF

SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY

PRESENT: WOOTEN
Justice

PART 7

OTR MEDIA GROUP INC
-v-
SINCERE BROS.

INDEX NO. 110910/10
MOTION DATE
MOTION SEQ. NO. 001
MOTION CAL. NO.

The following papers, numbered 1 to _____ were read on this motion to/for _____

| | PAPERS NUMBERED |
|---|---|
| Notice of Motion/ Order to Show Cause — Affidavits — Exhibits ... | |
| Answering Affidavits — Exhibits | |
| Replying Affidavits | |

Cross-Motion: ☐ Yes ☐ No

Upon the foregoing papers, it is ordered that this motion is permitted to be withdrawn - this matter has been discontinued

FILED
SEP 21 2010
NEW YORK
COUNTY CLERK'S OFFICE

Dated: 9-15-10

Paul Wooten J.S.C.

Check one: ☒ FINAL DISPOSITION ☐ NON-FINAL DISPOSITION
Check if appropriate: ☐ DO NOT POST ☐ REFERENCE
☐ SUBMIT ORDER/ JUDG. ☐ SETTLE ORDER/ JUDG.

SCANNED ON 7/26/2010

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------X
FOURTH AVENUE MANAGEMENT CORPORATION,
OTR MEDIA 59 FOURTH LLC, and FOURTH AVENUE
LOFT CORPORATION,

Plaintiff(s),

-against-

ROBERT D. LIMANDRI, AS COMMISSIONER OF THE
NEW YORK CITY DEPARTMENT OF BUILDINGS, THE
NEW YORK CITY DEPARTMENT OF BUILDINGS, and
THE CITY OF NEW YORK,

Defendant(s).

------------------------------------------------------------------X

**JUDGMENT**

**Index No. 102243/10**

The Plaintiffs FOURTH AVENUE MANAGEMENT CORPORATION, OTR MEDIA 59 FOURTH LLC, and FOURTH AVENUE LOFT CORPORATION, in above entitled action having duly moved to enjoin Defendants ROBERT D. LIMANDRI, AS COMMISSIONER OF THE NEW YORK CITY DEPARTMENT OF BUILDINGS, THE NEW YORK CITY DEPARTMENT OF BUILDINGS, and THE CITY OF NEW YORK from preventing them from installing signs, and from issuing violations, the Defendants ROBERT D. LIMANDRI, AS COMMISSIONER OF THE NEW YORK CITY DEPARTMENT OF BUILDINGS, THE NEW YORK CITY DEPARTMENT OF BUILDINGS, and THE CITY OF NEW YORK cross-moved, to dismiss the Plaintiffs' complaint against them, and the motion having come on to be heard before the Honorable Barbara Jaffe, in the Supreme Court, New York County, at IAS Part 5, of this Court thereof, located at 60 Centre Street, New York, NY and the Court issued an Order dated March 29, 2010 and entered on April 2, 2010, dismissing the complaint against the Defendants ROBERT D. LIMANDRI, AS COMMISSIONER OF THE NEW YORK CITY DEPARTMENT OF BUILDINGS, THE NEW YORK CITY DEPARTMENT OF BUILDINGS, and THE CITY OF NEW YORK.

**NOW**, on motion of MICHAEL A. CARDOZO, Corporation Counsel of the City of New York, attorney for the Defendants ROBERT D. LIMANDRI, AS COMMISSIONER OF THE NEW YORK CITY DEPARTMENT OF BUILDINGS, THE NEW YORK CITY DEPARTMENT OF BUILDINGS, and THE CITY OF NEW YORK, it is

**ADJUDGED**, that the complaint against the Defendants ROBERT D. LIMANDRI, AS COMMISSIONER OF THE NEW YORK CITY DEPARTMENT OF BUILDINGS, THE NEW YORK CITY DEPARTMENT OF BUILDINGS, and THE CITY OF NEW YORK is dismissed , and,

**IT IS FURTHER ADJUDGED**, that the Defendants ROBERT D. LIMANDRI, AS COMMISSIONER OF THE NEW YORK CITY DEPARTMENT OF BUILDINGS, THE NEW YORK CITY DEPARTMENT OF BUILDINGS, and THE CITY OF NEW YORK, with attorneys' office, located at 100 Church Street, New York, New York 10007, shall have judgment and recover of the Plaintiffs FOURTH AVENUE MANAGEMENT CORPORATION, located at 256-260 Broadway, Brooklyn, NY 11211, OTR MEDIA 59 FOURTH LLC, located at 424 W. 33rd Street, Suite 520 New York, NY 10001, and FOURTH AVENUE LOFT CORPORATION, located at 59 4th Avenue, NY 10003-5203 costs and disbursements as taxed by the clerk, totalling $...240.......... and the said Defendants have execution therefor.

Dated: New York, New York

FILED

JUL 23 2010

NEW YORK COUNTY CLERK'S OFFICE

CLERK