Steven M. Hecht
Jason Halper
**LOWENSTEIN SANDLER PC**
1251 Avenue of the Americas, 18th Floor
New York, New York 10020
212.262.6700
*Attorneys for Plaintiff SYMS Corporation*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SYMS CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>OTR MEDIA GROUP, INC.,<br><br>    Defendant. | ECF CASE<br>Civil Action No. 10-1278 (RPP)<br><br>**COMPLAINT**<br><br>**DEMAND FOR TRIAL BY JURY** |

Plaintiff SYMS Corporation ("SYMS"), for its complaint against Defendant OTR Media Group, Inc. ("OTR Media"), avers as follows:

## SUMMARY OF ACTION

1. This case involves a breach of a license agreement. The agreement allowed Defendant OTR Media to maintain billboard advertisements on the wall of a building owned by SYMS in lower Manhattan. The license agreement, however, obligated OTR Media to display its billboard advertisements in accordance with the law, as OTR Media agreed to "abide by all rules and regulations issued by any governmental authority applicable to the use of the Property, Premises and the Advertisement." It failed to do that. Indeed, the New York City Environmental Control Board has determined that OTR Media's billboard advertisements on the property are in contravention of New York City zoning regulations. As a result, SYMS, as the owner of the property, has recently been fined hundreds of thousands of dollars.

2.  OTR Media has therefore plainly breached the license agreement. Through this action, SYMS seeks damages from OTR Media for those breaches, including indemnification for all the fines already imposed against SYMS by the New York City Environmental Control Board, and any additional fines that may be imposed as a result of OTR Media's illegal billboard advertisements and its breaches of the license agreement.

## THE PARTIES

3.  Plaintiff SYMS is a New Jersey corporation with its principal place of business at One Syms Way, Secaucus, New Jersey 07094. For over 50 years, SYMS has operated a chain of "off-price" retail clothing stores. One of those retail stores is in New York's financial district, and SYMS is the owner of the property located at 67 Greenwich Street.

4.  Defendant OTR Media, formerly known as On the Road Outdoor Advertising, Inc., is a New York corporation with its principal place of business at 120 Wall Street, 32nd Floor, New York, New York 10005. OTR Media is an outdoor advertising company that offers billboard space throughout the New York City area.

## JURISDICTION AND VENUE

5.  This Court has subject matter jurisdiction over this matter under the federal diversity statute, 28 U.S.C. §1332(a)(2), in that there is diversity of citizenship between the parties. Specifically: *(1)* Plaintiff SYMS is a corporate citizen of the State of New Jersey, *(2)* Defendant OTR Media is a corporate citizen of the State of New York, and *(3)* the amount in controversy exceeds the sum of $75,000.

6.  This Court has personal jurisdiction over Defendant OTR Media because OTR Media is a New York corporation and has its principal place of business at 120 Wall Street, 32nd Floor, New York, New York 10005.

7. Venue is proper in the United States District Court for the Southern District of New York under 28 U.S.C. §§ 1391(a)(2), in that a substantial part of the events giving rise to SYMS' claim occurred in Manhattan. Venue is also proper in the Southern District of New York under 28 U.S.C. §§ 1391(a)(1) and 1391(c), in that Defendant OTR Media is a corporation that is deemed to "reside" in the Southern District of New York because, as explained above, it is subject to personal jurisdiction in this District.

## FACTUAL BACKGROUND

### A. The License Agreement

8. On January 27, 2002, OTR Media, then doing business as On the Road Outdoor Advertising, Inc., entered into a written license agreement (the "License Agreement") with 67 Greenwich LLC, a New York limited liability company that owned the property located at 67 Greenwich Street in New York, New York (the "Property").

9. Under the License Agreement, 67 Greenwich LLC licensed to OTR Media a portion of the south wall of the Property for purposes of erecting and maintaining a "mesh advertising sign or a billboard advertisement." The dimensions of the licensed space were 38 feet high by 34 feet wide. In exchange for the right to erect and maintain advertisements on the Property, the License Agreement required OTR Media to pay 67 Greenwich LLC a monthly license fee, beginning at $3,000 per month in 2002 and escalating to $5,000 per month in 2006.

10. Under the License Agreement, OTR Media, as the licensee, expressly agreed to "abide by all rules and regulations issued by any governmental authority applicable to the use of the Property, Premises and the Advertisement."

11. On or about February 6, 2007, OTR Media and 67 Greenwich LLC entered into a written Amendment to the License Agreement, whereby OTR Media's license was

extended to December 31, 2009. Section 4 of the Amendment provided that "[e]xcept as otherwise provided for or modified in this Amendment, all other provisions of the License Agreement shall remain in full force and effect." As such, OTR Media's agreement to "abide by all rules and regulations issued by any governmental authority applicable to the use of the Property, Premises and the Advertisement" remained in full force and effect.

### B.    SYMS Purchases The 67 Greenwich Street Property

12.    On December 28, 2007, SYMS and 67 Greenwich LLC entered into a Purchase and Sale Agreement for the Property located at 67 Greenwich Street. Under Section 1(d) of the Purchase and Sale Agreement, 67 Greenwich LLC agreed to sell and convey to SYMS, the purchaser, "all of Seller's right, title and interest (if any) in and to all intangible assets of any nature relating to any or all of the land . . . including . . . all licenses . . ." The property was conveyed to SYMS on or about May 22, 2008.

13.    On May 22, 2008, SYMS and 67 Greenwich LLC also entered into an Assignment and Assumption of Intangibles. Pursuant to that Assignment, 67 Greenwich LLC, the assignor, quitclaimed unto SYMS, the assignee, all of its right, title and interest in any intangibles of any kind relating to the property. "Intangibles" were defined under Section 1(d) of the parties' Purchase and Sale Agreement to include all licenses.

14.    Thus, when 67 Greenwich LLC sold the Property to SYMS, it also assigned its License Agreement with OTR Media to SYMS. Therefore, after May 22, 2008, SYMS became the licensor under the License Agreement with OTR Media.

15.    Indeed, after SYMS purchased the Property, OTR Media began making its monthly licensee fee payments directly to SYMS.

16. SYMS and OTR Media eventually entered into an agreement whereby the license fee would be paid in the form of "free" advertising space to SYMS on some of OTR Media's other billboards in Manhattan.

17. At all times, OTR Media continued to represent, pursuant to the License Agreement, that it would abide by "all rules and regulations issued by any governmental authority applicable to the use of the Property, Premises and the Advertisement." In fact, during a face-to-face meeting, Ari Noe, the President and Chief Executive Officer of OTR Media, expressly represented to SYMS that OTR Media had a valid permit to maintain the billboard advertisement on the south wall of the Property. Mr. Noe also made that representation in writing. But the representation was not true.

### C. OTR Media's Violations Of New York City Zoning Regulations

18. The New York City Environmental Control Board ("ECB") is an administrative tribunal that hears cases involving alleged violations of New York City's "quality-of-life laws" brought by various City agencies. The ECB consists of 13 board members.

19. The ECB has determined that the billboard advertisements erected and maintained on the Property by OTR Media are in violation of New York City zoning regulations – resulting in substantial fines being assessed against SYMS, as the owner of the Property.

20. To date, the ECB has assessed fines against SYMS for at least 16 separate violations relating to OTR Media's posting of billboard advertisements on the Property in contravention of the City zoning regulations. The sixteen violations are as follows:

(a) Violation No. 34698396Y for advertising sign not permitted in a C5-5 Zoning District, carrying a fine of $10,000;

(b) Violation No. 34698397X for exceeding surface area limits of 200 feet, carrying a fine of $10,000;

(c) Violation No. 34698398H for exceeding permitted height of 25 feet, carrying a fine of $10,000;

(d) Violation No. 34761873R for advertising sign not permitted in a C5-5 Zoning District, noted as an Aggravated Offense Level 1, carrying a fine of $25,000;

(e) Violation No. 34761874Z for exceeding surface area limits of 200 feet, noted as an Aggravated Offense Level 1, carrying a fine of $25,000;

(f) Violation No. 34770139R for exceeding permitted height of 25 feet, noted as an Aggravated Offense Level 1, carrying a fine of $25,000;

(g) Violation No. 34783778X for advertising sign not permitted in a C5-5 Zoning District, carrying a fine of $10,000;

(h) Violation No. 34783779H for exceeding surface area limits of 200 feet, carrying a fine of $10,000;

(i) Violation No. 34761849R for sign on display without a permit, noted as an Aggravated Offense Level 1, carrying a fine of $25,000;

(j) Violation No. 34783776M for sign on display without a permit, carrying a fine of $10,000;

(k) Violation No. 34711734L for advertising sign not permitted in a C5-5 Zoning District, carrying a fine of $10,000;

(l) Violation No. 34711735N for exceeding permitted height, carrying a fine of $10,000;

(m) Violation No. 34711737R for exceeding surface area limits of 200 square feet, carrying a fine of $10,000;

(n) Violation No. 34783780P for exceeding permitted height of 25 feet, noted as an Aggravated Offense Level 1, carrying a fine of $25,000;

(o) Violation No. 34698394K for sign on display without a permit, carrying a fine of $10,000; and

(p) Violation No. 34711732H for sign on display without a permit, carrying a fine of $10,000.

21. These 16 violations have resulted in a total of $235,000 in fines assessed against SYMS.

22. In addition, at least two alleged violations remain pending against SYMS, and if decided against SYMS, will result in additional fines.

## SYMS' CLAIM AGAINST OTR MEDIA

### (Breach of the License Agreement)

23. SYMS repeats the above allegations as if fully set forth herein.

24. The License Agreement is a binding contract, supported by adequate consideration and is enforceable in accordance with its terms.

25. SYMS became the licensor of the License Agreement in May 2008 by virtue of its real estate transaction with 67 Greenwich LLC, including the Purchase and Sale Agreement and the Assignment and Assumption of Intangibles. OTR Media was aware of this assignment and made its monthly licensee fee payments directly to SYMS as a result. OTR Media also acknowledged and understood in oral communications with SYMS representatives

that SYMS was assigned all of 67 Greenwich LLC's rights, title and interest in and to the License Agreement.

26. Since becoming the licensor in May 2008, SYMS has performed all the obligations required of the Licensor under the License Agreement.

27. OTR Media has breached the License Agreement as outlined above. In particular, OTR Media has erected and maintained billboard advertisements on the Property in contravention of the use, height and surface area restrictions, and permit requirements, under the applicable New York City zoning regulations.

28. OTR Media has therefore materially breached its promise under the License Agreement to "abide by all rules and regulations issued by any governmental authority applicable to the use of the Property, Premises and the Advertisement."

29. As a result of OTR Media's breach of the License Agreement, SYMS has suffered significant damages. Specifically, SYMS has been deemed responsible by the ECB for at least 16 separate violations of the New York City zoning regulations, resulting in fines by the ECB totaling $235,000. Moreover, at least two violations remain pending against SYMS, and if decided against SYMS, will result in additional fines.

**WHEREFORE**, Plaintiff SYMS respectfully seeks judgment as follows:

*(1)* an award of $235,000 to cover the fines incurred by SYMS as a result of OTR Media's breach of the License Agreement;

*(2)* an award of damages sufficient to cover any additional fines which may be incurred by SYMS as a result of OTR Media's breach of the License Agreement; and

*(3)* attorneys' fees, costs, and other relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff SYMS hereby demands a trial by jury.

Respectfully submitted,

**LOWENSTEIN SANDLER P C**
1251 Avenue of the Americas, 18th Floor
New York, New York 10020
973.597.2500
973.597.2400 (Fax)
shecht@lowenstein.com
*Attorneys for Plaintiff SYMS Corporation*

By: _____
Steven M. Hecht
Jason Halper

Dated: February 17, 2010