UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

SYMS CORPORATION,                                                   10 Civ. 1278 (RPP)

                                        Plaintiff,

                                                                    **ANSWER**

OTR MEDIA GROUP, INC.,                                              Jury Trial Demanded

                                        Defendant.
-------------------------------------------------------------------X

       Defendant OTR Media Group, Inc. ("OTR"), by its attorneys Novack Burnbaum Crystal LLP, hereby answers the Complaint ("Complaint") of Plaintiff Sums Corporation. ("Plaintiff"), as follows:

       1.     Denies the allegations in Paragraph 1 of the Complaint to the extent that they are directed at OTR and respectfully refers the Court to the referenced agreement with respect to the terms thereof and to the referenced determinations of the New York City Environmental Control Board with respect to the determinations made thereby.

       2.     Denies the allegations in Paragraph 2 of the Complaint.

       3.     Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 3 of the Complaint.

       4.     Admits the allegations of Paragraph 4 of the Complaint.

       5.     Denies the allegations of Paragraph 5 of the Complaint except admits that OTR is a citizen of the State of New York.

       6.     Denies the allegations in Paragraph 6 of the Complaint except admits the Court has personal jurisdiction over OTR.

7.      Denies the allegations in Paragraph 7 of the Complaint except admits that venue is proper in this district.

8.      Admits the allegations in Paragraph 8 of the Complaint.

9.      Denies the allegations in Paragraph 9 of the Complaint and respectfully refers the Court to the referenced agreement with respect to the terms thereof.

10.     Denies the allegations in Paragraph 10 of the Complaint and respectfully refers the Court to the referenced agreement with respect to the terms thereof.

11.     Admits that OTR and 67 Greenwich LLC entered into an agreement dated February 6, 2007, respectfully refers the Court to the referenced agreement with respect to the terms thereof, and otherwise denies the allegations in Paragraph 11 of the Complaint

12.     Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 12 of the Complaint.

13.     Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 13 of the Complaint.

14.     Denies the allegations in Paragraph 14 of the Complaint on the grounds that such allegations constitute to a legal conclusion.

15.     Denies the allegations in Paragraph 15 of the Complaint except admits that OTR made payments to plaintiff.

16.     Denies the allegations in Paragraph 16 of the Complaint.

17.     Respectfully refers the Court to the referenced agreement and the referenced writings with respect to the terms and meaning thereof and otherwise denies the allegations in Paragraph 17 of the Complaint.

18.     Admits the allegations in Paragraph 18 of the Complaint.

19.     Admits that the ECB has initially determined that certain billboard advertisements on the Property are in violation of New York City zoning regulations and that fines have been assessed against Syms, states that fines have also been assessed against OTR, states that OTR is appealing ECB's determination as to both Syms and OTR, and otherwise denies the allegations in Paragraph 19 of the Complaint.

20.     Admits that the ECB has assessed fines against Syms in connection with its determination that certain billboard advertisements on the Property are in violation of New York City zoning regulations, states that fines have also been assessed against OTR with respect to each such violation, states that OTR is appealing ECB's determination as to both Syms and OTR, and otherwise denies the allegations in Paragraph 19 of the Complaint.

21.     Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 21 of the Complaint.

22.     Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 22 of the Complaint.

23.     Repeats its responses to paragraphs 1 through 22 of the Complaint in response to the allegations in Paragraph 23 of the Complaint.

24.     Admits that it executed the License Agreement, refers the Court to the License Agreement with respect to the terms thereof, states that the allegations of Paragraph 24 constitute a legal conclusion, and otherwise denies the allegations in Paragraph 24 of the Complaint.

25.     Admits that it executed the License Agreement, refers the Court to the License Agreement with respect to the terms thereof, states that the allegations of Paragraph 25 constitute

legal conclusions, admits that OTR became aware that Syms purchased the Property from 67 Greenwich LLC and that OTR made payments to Syms, and otherwise denies the allegations in Paragraph 25 of the Complaint.

26.    Denies the allegations in Paragraph 26 of the Complaint.

27.    Denies the allegations in Paragraph 27 of the Complaint.

28.    Denies the allegations in Paragraph 28 of the Complaint.

29.    Denies the allegations in Paragraph 29 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

30.    Plaintiff was aware at the time that it purchased the Property from 67 Greenwich LLC that the New York City Department of Buildings ("DOB") believed that certain billboard advertisements placed on the Property by OTR were in violation of New York City zoning regulations, that DOB had issued violations with respect thereto, and that fines had been assessed against 67 Greenwich LLC and OTR with respect thereto.

31.    Syms accepted payments from OTR in exchange for permitting OTR to post billboard advertisements on the Property.

32.    Syms is stopped by its conduct from seeking indemnification or damages from OTR with respect to any and all violations and fines assessed against Syms.

### SECOND AFFIRMATIVE DEFENSE

33.    The Complaint fails to state claims upon which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

34.    The damages allegedly sustained by the Plaintiff were caused by Plaintiff's own culpable conduct which supersedes any allegedly culpable conduct of OTR.

4

## FOURTH AFFIRMATIVE DEFENSE

35.     Plaintiff's claims herein are barred by reason of the doctrine of waiver.

WHEREFORE, OTR demands judgment:

(1)     dismissing the Complaint with prejudice;

(2)     awarding OTR its costs, disbursements and reasonable attorneys' fees in

connection with its defense in this matter; and

(3)   granting to OTR such other relief as this Court deems just and proper.

Dated: New York, New York
          October 15, 2010

Novack Burnbaum Crystal LLP

By: _____
          Howard C. Crystal (HC1666)
          300 East 42nd Street
          New York, New York 10017
          (212) 682-4002
          Attorneys for Defendant

5

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served via electronic filing, this 14th day of October, 2010, upon:

Lowenstein Sandler PC
1251 Avenue of the Americas, 18th Floor
New York, New York 10020

_____

Howard C. Crystal