Gary M. Kushner
Ronald D. Coleman
GOETZ FITZPATRICK LLP
One Penn Plaza—Suite 4401
New York, NY 10119
Tel: (212) 695-8100
gkushner@goetzfitz.com
rcoleman@goetzfitz.com
*Attorneys for Debtor*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

| | |
|---|---|
| In re:<br><br>OTR MEDIA GROUP INC.<br>             Debtor. | Chapter 11<br><br>Case No. 1-11-47385 (ESS) |
| ------------------------------------------------------ X | |
| OTR MEDIA GROUP, INC., 203 17TH REALTY LLC, SAKELE BROTHERS, LLC *and* ONE MAIDEN LANE REALTY, LLC, *all New York limited liability companies*, 848 FULTON REALTY CORP. *and* MING SHENG INC., *New York corporations*, GOTHAM BROAD, LLC, *a Delaware limited liability company*, FOTINI THEOHARIDU, and PHILLIPE JOCELINE, *natural persons*,<br><br>             Plaintiffs,<br>            - *vs*. -<br><br>The CITY OF NEW YORK,<br><br>             Defendant. | Adv. Pro. No. 1-11-01448 (ESS)<br><br>**<u>REPLY DECLARATION</u>** |

------------------------------------------------------------ X

      **GARY M. KUSHNER**, an attorney licensed to practice law in the State of New York and before this Court, pursuant to 28 U.S.C. §1746 and under the penalty of perjury declares as follows:

      1.    I am a partner of Goetz Fitzpatrick, LLP, counsel for the Plaintiff herein. In that capacity, I have personal knowledge of the facts set forth below.

2. I submit this declaration in reply to the opposition of The City of New York to Plaintiff's request for a Temporary Restraining Order and related relief.

3. My office was served with the City's opposition at 4:45 p.m. today, Friday, September 9, 2011. Counsel for the City is keenly aware that counsel in this office is Sabbath observant and thus would likely not be able to submit a lengthy reply prior to the adjourned hearing on Monday morning, September 12, 2011 at 9:00 a.m.

4. Annexed hereto as Exhibit "A" for the Court's ease of reference, is a true copy of our firm's responsive letter to the City's counsel dated September 8, 2011, which is mentioned in the opposition papers. In light of the time constraints afforded to this firm, we respectfully ask that the letter be incorporated and considered as part of Plaintiff's reply.

5. The City's opposition also trumpets two (2) points which are worthy of a formal response prior to Monday's hearing. First, the City makes much of the fact that the Debtor's Corporate Charter was revoked of proclamation by the Secretary of the State of New York for non-payment of taxes in January 2011.

6. Shortly after I joined Goetz Fitzpatrick in May of this year, and was introduced to this file, I also discovered that the OTR corporate charter had been dissolved. I also personally attempted to make arrangements with New York State for OTR's reinstatement. I was advised by a State representative (as was my associate Scott Simon, Esq.) that OTR's dissolution by proclamation stemmed from non-payment of a modest amount of taxes which had accrued in 2004. I was further advised that the State's policy on reinstatement requires the payment of all taxes due then owing as of the date for the application to reinstate.

7. Since 2006, the Debtor has incurred unpaid tax liabilities to the State in more significant amounts. As of late May 2001 when I attempted to submit the reinstatement

application, taxes hen due from OTR were in an amount that the Debtor simply could not pay in full.

8. In anticipation of the possible need to look to the Bankruptcy Court for protection from its creditors, on behalf of OTR, I caused my office to research the issue of whether a New York dissolved corporation could seek relief under chapter 11 of the Bankruptcy Code. My research concluded that the answer to that issue was yes. I relied upon the decision *In re Cedar Tide Corporation*, 859 F.2d 1127 (1988). A true copy of the *Cedar Tide Corporation* decision is annexed hereto as Exhibit "B" for the Court's ease of reference. I would further point out that I disclosed the foregoing information to the Court during oral presentation at the hearing held on September 2, 2011.

9. Second, the City suggests that this office made misrepresentations to the Court in its papers which suggested that OTR had leases with each of the plaintiff Indemnitees. As specifically noted by the City in its own memorandum of law, ¶¶'s 4 and 17 of our complaint, specifically allege that OTR <u>contractually</u> committed indemnifications to the plaintiff Indemnitees, making no reference whatsoever therein as to the existence of a lease.

10. I respectfully refer the Court to Mr. Coleman's letter to the City (Exhibit "A" herein) which amplifies the complete history, nature and extent of OTR's relationship with the plaintiff Indemnitees which is entirely consistent with our pleadings in this case.

Dated: New York, New York
      September 9, 2011

                                            /s/Gary M. Kushner
                                            Gary M. Kushner