MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
*Attorney for Defendant The City of New York*
Attn: Hugh H. Shull III
100 Church Street Rm. 5-233
New York, NY 10007
212.788.0457
hshull@law.nyc.gov

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

| | |
|---|---|
| In re: | Chapter 11 |
| OTR MEDIA GROUP INC., | Case No. 1-11-47385 (ESS) |
| Debtor. | |

---------------------------------------------------------------- x

| | |
|---|---|
| OTR MEDIA GROUP, INC., *et al.*, | |
| | Adv. Pro. No. 1-11-01448 |
| Plaintiffs, | |
| vs. | **MOTION TO VACATE** |
| | **STIPULATION AND ORDER** |
| THE CITY OF NEW YORK, | |
| Defendant. | |

---------------------------------------------------------------- x

       1.      On September 2, 2011, the plaintiffs moved for a TRO and preliminary injunction staying the ability of the City of New York (the "City") to proceed against the Non-Debtor Plaintiffs, all of whom are judgment debtors to the City of New York, arising out of illegal signs on their properties that were installed by the Debtor.

       2.      After a telephone conference with the Court, the parties to this Adversary entered into a Stipulation and Order dated September 2, 2011 (the "Stipulation"). In the Stipulation, the City agreed to forbear from taking certain actions with respect to the Non-Debtor

Plaintiffs and the Non-Debtor Plaintiffs agreed to not make any transfer of funds outside of the normal course of business of the properties.

3. On September 9, 2011, the City of New York (the "City") filed a Memorandum of Law opposing plaintiffs' request for a preliminary injunction. In that Memorandum, the City put forth numerous reasons why the preliminary injunction must be denied. These include: (1) Debtor has no contractual relationship with six of seven Non-Debtor Plaintiffs; (2) even where Debtor has an indemnification obligation, it is not absolute, and in any case, the City's judgment enforcement will not affect those obligations; and (3) enforcement of the judgments against the Non-Debtor Plaintiffs poses no immediate adverse economic consequences or threat to reorganization.

4. In the ensuing month, further reasons have surfaced why the preliminary injunction should be denied. This Motion and the accompanying Declaration provide the relevant facts and the additional reasons. Most prominently, it appears that the Non-Debtor Plaintiffs were not advised that the Stipulation directs that Non-Debtor Plaintiffs not make any asset transfers. At the last Court conference, on September 28, 2011, the Court requested that counsel for the Debtor provide assurances to the City by October 4, 2011 that no improper transfers have occurred. Counsel for the Debtor have failed to make such an assurance, and the City remains in the dark as to whether the Non-Debtor Plaintiffs have complied with the Stipulation – or, indeed, whether the Non-Debtor Plaintiffs even have notice of the provisions and requirements of the Stipulation.

5. The plaintiffs' motion for a preliminary injunction is on the Court's calendar for October 25, 2011, the return date of this motion. As set forth in the City's September 9, 2011 Memorandum of Law, Docket No. 7, there are numerous reasons why the

Court should, on the law, deny the preliminary injunction. This motion supplements that Memorandum and in addition, expressly seeks to vacate the Stipulation or, in the alternative, to amend the Stipulation and Order such that it expires no later than 14 days after entry of the amended order.

## Background

6. Debtor OTR Media Group, Inc. ("OTR" or "Debtor") is an outdoor advertising company that, itself and through a series of LLCs whose relationship to the Debtor is unknown, installs advertising displays atop or on the sides of buildings or on other structures in New York City. Pursuant to a series of lease and license agreements, OTR and the affiliated LLCs rent space from property owners. The other plaintiffs (collectively, the "Non-Debtor Plaintiffs") are such property owners.

7. At least one of the LLCs that rent space from the Non-Debtor Plaintiffs is independent of OTR other than being partly owned by Aharon Noe, OTR's sole shareholder; of the others, at least one is wholly owned by OTR, with the remainder having an unknown relationship to OTR.

8. OTR and the Non-Debtor Plaintiffs commenced this adversary proceeding on September 1, 2011. They seek, in relevant part, a preliminary injunction and, in the interim, a temporary restraining order that would (1) bar the City from issuing to them notices of violation ("NOVs") alleging violations of those provisions of the City's Administrative Code and Zoning Resolution that regulate outdoor advertising signs; (2) where the City's Department of Buildings has previously issued NOVs, which are returnable to the Environmental Control Board ("ECB"), bar ECB from adjudicating the NOVs and entering orders imposing penalties if the NOVs are

found to be substantiated; and (3) bar the City from enforcing judgments arising from ECB orders.

9. Goetz Fitzpatrick represents OTR. It also purports to represent the Non-Debtor Plaintiffs.

**The Stipulation Should Be Vacated or Amended**

10. On September 2, 2011, Goetz Fitzpatrick and the Law Department, on behalf of the parties, entered into the Stipulation, which the Court so ordered that day. Effectively serving as a temporary restraining order pending disposition of the plaintiffs' claim for a preliminary injunction, the Stipulation imposed a mutual standstill between the City and the Non-Debtor Plaintiffs. The City agreed not to take certain steps, most notably, not to enforce judgments arising from orders issued by ECB. The Non-Debtor Plaintiffs in turn agreed not to take any action "to alienate, encumber, transfer, protect, pledge or otherwise affect any assets except in the normal course of business."

11. The City was willing to enter into the Stipulation only because it imposed this obligation on the Non-Debtor Plaintiffs. Maintaining the status quo would mitigate the prejudice to the City with respect to certain claims it has against the Non-Debtor Plaintiffs, some reduced to judgment and others based on NOVs that have not yet given rise to judgments. Importantly, these latter claims are not currently secured by means of a judgment lien or otherwise.

12. There is reason to believe that Goetz Fitzpatrick failed to apprise some or all of the Non-Debtor Plaintiffs, its purported clients, of this obligation. Indeed, it is not clear that Goetz Fitzpatrick had the authority to enter into the Stipulation on behalf of the Non-Debtor Plaintiffs. If the Non-Debtor Plaintiffs did not know about and perhaps did not authorize the

provision that runs against them, the City received no benefit from the Stipulation.  Thus, rather than imposing a mutual standstill, the Stipulation imposed a unilateral standstill on the City's process of determining whether Debtor's signs are unlawful and, if so, imposing penalties on the liable building owners.

13. On September 19, 2011, the City learned that attorneys Michael Dal Lago and Evan Lupion of Morrison Cohen, which on September 9, 2011 had noticed its appearance as counsel for Sakele Brothers, LLC ("Sakele") in Debtor's bankruptcy case, were unaware that Sakele, their client, was named as a plaintiff in the adversary proceeding against the City.  *See* accompanying Declaration of Brian T. Horan, dated October 11, 2011 ("Horan Decl."). Accordingly, there is reason to believe that Sakele was unaware of its legal obligation, arising out of the Stipulation, not to encumber, transfer, or otherwise affect its assets.

14. In a hearing before the Court on September 28, 2011, the Law Department described the above conversation, referring to Mr. Dal Lago by name.  It argued that, because at least one of the Non-Debtor Plaintiffs was unaware of its obligation, the Stipulation and Order should be vacated or amended.

15. In response to the City's presentation and a request from the Court, Gary Kushner, of Goetz Fitzpatrick, advised the Court that, no later than October 4, 2011, it would provide the City with a letter of assurance that the Non-Debtor Plaintiffs had taken no actions contrary to the requirements of the Stipulation and that they would continue to be in compliance with the final decretal paragraph of the Stipulation.

16. On October 6, 2011, two days after the letter had been promised for, the City emailed Goetz Fitzpatrick requesting the letter of assurance, which the City had not – and has not – received.  Rather than sending such a letter or otherwise providing assurance that the

Non-Debtor Plaintiffs had been and would continue to be in compliance with the Stipulation, Ronald Coleman, another partner in Goetz Fitzpatrick, sent a caustic email that completely misrepresents what transpired in Court and the representation his partner had made in Court. The email refers to "an alleged statement by an unnamed non-debtor plaintiff's counsel," even though the City on the record provided the name of the counsel. Further, Mr. Coleman stated, likewise contrary to his partner's express representation in Court, that it would provide such "reassurance" only upon the City's "provid[ing] the name of the speaker." *See* Horan Decl. Ex. 1.

17. The Stipulation and Order should be vacated on the ground that the Non-Debtor Plaintiffs, ostensibly parties to the Stipulation, were never apprised by their purported counsel – signatories to the Stipulation – that the Stipulation imposed obligations on them. At a minimum, the Stipulation was entered into based on a mistake, namely that Debtor's counsel had the capacity to bind the non-Debtor plaintiffs, and that they would be immediately informed of the terms of the Stipulation.

18. Alternatively, the Stipulation and Order should be amended such that it expires 14 days after entry of the amended order. Such expiration is appropriate because the Order serves as a temporary restraining order and should therefore be subject to the time limit set forth in Fed. R. Civ. P. Rule 65(b)(2), which applies to this proceeding pursuant to Fed. R. Bankr. P. Rule 7065.

**Additional Facts Support the City's Argument in Opposition to
Plaintiffs' Motion for a Preliminary Injunction and Other Relief**

19. This motion supplements the City's the City's Memorandum of Law dated September 9, 2011, Docket No. 7, with additional reasons why the preliminary injunction should be denied.

20. While plaintiffs assert that Non-Debtor Plaintiffs have contractual indemnification agreements with OTR, in fact, three of seven Non-Debtor Plaintiffs contracted not with OTR, but with Splash Media Group, LLC ("Splash LLC"). *See* Declaration of Brian T. Horan, Sept. 9, 2011, ¶ 12.

21. Splash LLC is the subject of a lawsuit brought by one of its members against OTR and OTR's sole shareholder, Horan Decl. ¶ 19, and, indeed, appears to be part of a small network of companies that are unlawfully doing business in the State of New York, *see id.* ¶ 18 & n.1.

22. Unlike OTR, which has only one shareholder, ownership of Splash LLC is divided among two members, each with a 50 percent share: Aharon Noe, sole shareholder of Debtor, and Levi Eichenstein. Horan Decl. Ex. 2 ¶ 3.2. Thus, Splash is far from a wholly owned subsidiary of OTR. Indeed, the litigation records show that the partners in Splash LLC are sharply at odds with each other. Horan Decl. ¶ 21.

23. Therefore, Debtor's argument, however weak, that the stay should extend to indemnitees of its wholly owned subsidiaries has no bearing with regard to Splash, which is not a wholly owned subsidiary, nor a mere agent, of OTR.

Dated: New York, New York
October 11, 2011

        MICHAEL A. CARDOZO
        Corporation Counsel of the City of New York
        *Attorney for Defendant The City of New York*

By:   /s/ Brian T. Horan
       Brian T. Horan
       Assistant Corporation Counsel
       New York City Law Department
       100 Church Street, Rm. 20-104
       New York, New York 10007
       212.788.1267

On the motion: Alan H. Kleinman