MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
*Attorney for Defendant The City of New York*
Attn: Brian T. Horan, Esq.
100 Church Street Rm. 20-104
New York, NY 10007
212.788.1267
bhoran@law.nyc.gov

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| OTR MEDIA GROUP INC., | : | Case No. 1-11-47385 (ESS) |
| | : | |
| Debtor. | : | |
| | : | |

------------------------------------------------------------------ x

| | | |
|---|---|---|
| OTR MEDIA GROUP, INC., *et al.*, | : | |
| | : | Adv. Pro. No. 1-11-01448 |
| Plaintiffs, | : | |
| | : | |
| vs. | : | **<u>ANSWER</u>** |
| | : | |
| THE CITY OF NEW YORK, | : | |
| | : | |
| Defendant. | : | |
| | : | |

------------------------------------------------------------------ x

Defendant The City of New York (the "City"), by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, respectfully answers plaintiffs' Verified Complaint (the "Complaint") as follows:

1. Admits the allegations in paragraph 1 of the Complaint.

2. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 2 of the Complaint.

3. Admits the allegations in paragraph 3 of the Complaint.

4. Denies the allegations in paragraph 4 of the Complaint.

5. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 5 of the Complaint.

6. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 6 of the Complaint.

7. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 7 of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 8 of the Complaint.

9. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 9 of the Complaint, except admits that, pursuant to the New York City Charter and other local laws and rules, the New York City Environmental Control Board ("ECB") has, through a hearing process that affords due process to respondents, imposed penalties against 203 17th Realty LLC.

10. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 10 of the Complaint, except admits that, pursuant to the New York City Charter and other local laws and rules, ECB has, through a hearing process that affords due process to respondents, imposed penalties against Sakele Brothers, LLC.

11. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 11 of the Complaint, except admits that, pursuant to the New York City Charter and other local laws and rules, ECB has, through a hearing process that affords due process to respondents, imposed penalties against One Maiden Lane Realty, LLC.

12. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 12 of the Complaint, except denies that no penalties have been imposed

against 848 Fulton Realty Corp., and admits that the City, acting through its Department of Buildings ("DOB"), has issued notices of violation ("NOVs") to 848 Fulton Realty Corp. with respect to outdoor advertising signs installed on the corporation's property.

13. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 13 of the Complaint, except denies that no penalties have been imposed against Ming Sheng, Inc., and admits that the City, acting through DOB, has issued NOVs to Ming Sheng, Inc. with respect to outdoor advertising signs installed on the corporation's property.

14. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 14 of the Complaint, except admits that, pursuant to the New York City Charter and other local laws and rules, ECB has, through a hearing process that affords due process to respondents, imposed penalties against Gotham Broad, LLC.

15. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 15 of the Complaint, except denies that no penalties have been imposed against Fotini Theoharidou, and admits that the City, acting through DOB, has issued NOVs to Fotini Theoharidou with respect to outdoor advertising signs installed on property he owns or controls.

16. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 16 of the Complaint, except denies that no penalties have been imposed against Philippe Joceline, and admits that the City, acting through DOB, has issued NOVs to Philippe Joceline with respect to outdoor advertising signs installed on property he owns or controls.

17. Denies the allegations in paragraph 17 of the Complaint.

18. Denies the allegations in paragraph 18 of the Complaint, excepts admits that the City is a municipal corporation formed under the laws of the State of New York, and admits that, pursuant to the New York City Charter and other local laws and rules, ECB has, through a hearing process that affords due process to respondents, imposed penalties against the plaintiffs herein.

19. Denies the allegations in paragraph 19 of the Complaint.

20. Denies knowledge or information sufficient to form a belief as to paragraph 20 of the Complaint.

21. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 21 of the Complaint.

22. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 22 of the Complaint, except denies that the non-Debtor plaintiffs, other than 203 17th Realty LLC, have entered into leases with Debtor, and further states that non-Debtor plaintiffs, other than 203 17th Realty LLC, entered into lease and license agreements not with Debtor, but with a series of limited liability companies (together with Debtor, the "OTR Companies") whose relationship to Debtor is unknown.

23. Denies the allegations in paragraph 23 of the Complaint, except denies knowledge or information sufficient to form a belief about the allegations regarding 203 17th Realty LLC.

24. Denies knowledge or information sufficient to form a belief about the allegations in paragraph 24 of the Complaint.

25. Denies knowledge or information sufficient to form a belief about the allegations in paragraph 25 of the Complaint.

26. Denies knowledge or information sufficient to form a belief about the allegations in paragraph 26 of the Complaint, except denies that Debtor made an "express, *written* and unambiguous contractual commitment" to defend and indemnify non-Debtor plaintiffs (emphasis added).

27. With respect to the allegations in paragraph 27 of the Complaint, denies that the excerpted language is "typical" in the lease and license agreements between the non-Debtor plaintiffs and the OTR Companies, and otherwise respectfully refers the Court to each of the lease and license agreements for the contents thereof.

28. Denies the allegations in paragraph 28 of the Complaint.

29. Denies knowledge or information sufficient to form a belief about the allegations in paragraph 29 of the Complaint.

30. Denies knowledge or information sufficient to form a belief about the allegations in paragraph 30 of the Complaint.

31. Denies knowledge or information sufficient to form a belief about the allegations in paragraph 31 of the Complaint.

32. Denies the allegations in paragraph 32 of the Complaint.

33. Denies the allegations in paragraph 33 of the Complaint.

34. Denies the allegations in paragraph 34 of the Complaint, except admits that the City, acting through DOB, has issued NOVs to plaintiffs for violations of the Administrative Code or another local law or rule, and that, pursuant to the New York City Charter and other local laws and rules, ECB has, through a hearing process that affords due process to respondents, imposed penalties against plaintiffs.

35. Denies the allegations in paragraph 35 of the Complaint, except admits that the City, acting through DOB, has issued NOVs to plaintiffs for violations of the Administrative Code or another local law or rule, and that, pursuant to the New York City Charter and other local laws and rules, ECB has, through a hearing process that affords due process to respondents, imposed penalties against plaintiffs.

36. Denies the allegations in paragraph 36 of the Complaint.

37. Denies the allegations in paragraph 37 of the Complaint.

38. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 38 of the Complaint.

39. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 39 of the Complaint.

40. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 40 of the Complaint.

41. Denies the allegations in paragraph 41 of the Complaint.

42. Without waiving any right to deny or otherwise respond to paragraph 42 of the Complaint, states that paragraph 42, in violation of Rule 408 of the Federal Rules of Evidence ("FRE"), sets forth consideration allegedly offered by Debtor in attempting to compromise the City's claims and conduct or statements allegedly made in compromise negotiations regarding the City's claims.

43. Without waiving any right to deny or otherwise respond to paragraph 42 of the Complaint, states that paragraph 43, in violation of FRE Rule 408, sets forth consideration allegedly offered by Debtor in attempting to compromise the City's claims and conduct or statements allegedly made in compromise negotiations regarding the City's claims.

44. Without waiving any right to deny or otherwise respond to paragraph 42 of the Complaint, states that paragraph 44, in violation of FRE Rule 408, sets forth consideration allegedly offered by Debtor in attempting to compromise the City's claims and conduct or statements allegedly made in compromise negotiations regarding the City's claims.

45. Without waiving any right to deny or otherwise respond to paragraph 42 of the Complaint, states that paragraph 45, in violation of FRE Rule 408, sets forth consideration allegedly offered by Debtor in attempting to compromise the City's claims and conduct or statements allegedly made in compromise negotiations regarding the City's claims.

46. Denies the allegations in paragraph 46 of the Complaint.

47. Denies the allegations in paragraph 47 of the Complaint.

48. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 48 of the Complaint, except admits that Debtor and the City, through counsel, exchanged correspondence in which they set forth their respective positions as to whether the automatic stay extends to third party property owners such as non-Debtor plaintiffs.

49. With respect to the allegations in paragraph 49 of the Complaint, respectfully refers the Court to the alleged correspondence for the contents thereof.

50. With respect to the allegations in paragraph 50 of the Complaint, denies stating that the City intended "not to abide by the automatic stay" with respect to the non-Debtor plaintiffs, and otherwise respectfully refers the Court to the alleged correspondence for the contents thereof.

51. With respect to the allegations in paragraph 51 of the Complaint, respectfully refers the Court to the alleged correspondence for the contents thereof.

52. Denies the allegations in paragraph 52 of the Complaint.

# FIRST COUNT
## Declaratory Judgment as to Application of the Automatic Stay

53. With respect to the allegations in paragraph 53 of the Complaint, repeats and realleges the responses contained in all the foregoing paragraphs as if set forth fully herein.

54. Denies the allegations in paragraph 54 of the Complaint.

55. Denies the allegations in paragraph 55 of the Complaint, except admits that the City's position is that the automatic stay does not extend to proceedings against the non-Debtor plaintiffs.

56. Denies the allegations in paragraph 56 of the Complaint.

57. Denies the allegations in paragraph 57 of the Complaint.

58. Denies the allegations in paragraph 58 of the Complaint.

59. Denies the allegations in paragraph 59 of the Complaint.

60. Denies the allegations in paragraph 60 of the Complaint.

61. Denies the allegations in paragraph 61 of the Complaint.

62. Denies the allegations in paragraph 62 of the Complaint.

63. Denies the allegations in paragraph 63 of the Complaint.

64. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 64 of the Complaint, and further states that paragraph 64 sets forth a legal conclusion to which no response is required.

# SECOND COUNT
## Damages for Willful Violation of Automatic Stay

65. With respect to the allegations in paragraph 65 of the Complaint, repeats and realleges the responses contained in all the foregoing paragraphs as if set forth fully herein.

66. Denies the allegations in paragraph 66 of the Complaint.

67. Denies the allegations in paragraph 67 of the Complaint.

68. Denies the allegations in paragraph 68 of the Complaint.

**THIRD COUNT**
**Equitable Subordination**

69. With respect to the allegations in paragraph 69 of the Complaint, repeats and realleges the responses contained in all the foregoing paragraphs as if set forth fully herein.

70. Denies the allegations in paragraph 70 of the Complaint.

71. Denies the allegations in paragraph 71 of the Complaint.

72. Denies the allegations in paragraph 72 of the Complaint.

73. Denies the allegations in paragraph 73 of the Complaint.

74. Denies the allegations in paragraph 74 of the Complaint.

75. Denies the allegations in paragraph 75 of the Complaint.

76. Denies the allegations in paragraph 76 of the Complaint.

77. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 77 of the Complaint, and further states that paragraph 77 sets forth a legal conclusion to which no response is required.

**FOURTH COUNT**
**Permanent Injunction**

78. With respect to the allegations in paragraph 78 of the Complaint, repeats and realleges the responses contained in all the foregoing paragraphs as if set forth fully herein.

79. Denies the allegations in paragraph 79 of the Complaint.

80. Denies the allegations in paragraph 80 of the Complaint.

81. Denies the allegations in paragraph 81 of the Complaint.

82. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 82 of the Complaint, and further states that paragraph 82 sets forth a legal conclusion to which no response is required.

Dated: New York, New York
       October 13, 2011

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
*Attorney for Defendant The City of New York*

By: /s/ Brian T. Horan
    Brian T. Horan
    Assistant Corporation Counsel
    100 Church Street, Room 20-104
    New York, NY 10007
    212.788.1267

Of counsel:
    Alan H. Kleinman