UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:                                                        : Chapter 11
                                                              :
OTR MEDIA GROUP INC.,                                         : Case No. 1-11-47385 (ESS)
                                                              :
              Debtor.                                   :
                                                              :
---------------------------------------------------------------x
OTR MEDIA GROUP, INC., *et al.*,                              :
                                                              : Adv. Pro. No. 1-11-01448
              Plaintiffs,                               :
                                                              :
vs.                                                           : **DECLARATION OF**
                                                              : **BRIAN T. HORAN**
THE CITY OF NEW YORK,                                         :
                                                              :
              Defendant.                                :
                                                              :
---------------------------------------------------------------x

      **BRIAN T. HORAN** declares, pursuant to 28 U.S.C. § 1746 and subject to the penalty of perjury, that the following statements are true and correct:

      1.    I am an Assistant Corporation Counsel at the New York City Law Department (the "Law Department"), the office of Michael A. Cardozo, Corporation Counsel of the City of New York. I am admitted to practice in the U.S. District Court for the Eastern District of New York. I am fully aware of the facts set forth herein based upon my personal knowledge and review of the files maintained by my office.

      2.    I submit this declaration (1) in further opposition to the plaintiffs' motion for a preliminary injunction and related relief, and (2) in support of the City's motion to vacate the Stipulation and Order dated September 2, 2011 (the "Stipulation") or, in the alternative, to amend the Stipulation and Order such that it expires 14 days after entry of the amended order.

**Non-Debtor Plaintiff's Nescience of Stipulation and Order and Goetz Fitzpatrick's Refusal to Provide the City with Assurance of Compliance**

3. Debtor OTR Media Group, Inc. ("OTR" or "Debtor") is an outdoor advertising company that, itself and through a series of LLCs, installs advertising displays atop or on the sides of buildings or on other structures in New York City. Pursuant to a series of lease and license agreements, OTR and the affiliated LLCs rent space from property owners. The other plaintiffs (collectively, the "Non-Debtor Plaintiffs") are such property owners.

4. At least one of the LLCs that rent space from the Non-Debtor Plaintiffs is independent of OTR other than being partly owned by Aharon Noe, OTR's sole shareholder; of the others, at least one is wholly owned by OTR, with the remainder having an unknown relationship to OTR.

5. OTR and the Non-Debtor Plaintiffs commenced this adversary proceeding on September 1, 2011. They seek, in relevant part, a preliminary injunction and, in the interim, a temporary restraining order that would (1) bar the City from issuing to them notices of violation ("NOVs") alleging violations of those provisions of the City's Administrative Code and Zoning Resolution that regulate outdoor advertising signs; (2) where the City's Department of Buildings has previously issued NOVs, which are returnable to the Environmental Control Board ("ECB"), bar ECB from adjudicating the NOVs and entering orders imposing penalties if the NOVs are found to be substantiated; and (3) bar the City from enforcing judgments arising from ECB orders.

6. Goetz Fitzpatrick represents OTR. It also purports to represent the Non-Debtor Plaintiffs.

7. On September 2, 2011, Goetz Fitzpatrick and the Law Department, on behalf of the parties, entered into the Stipulation, which the Court so ordered that day.

Effectively serving as a temporary restraining order pending disposition of the plaintiffs' claim for a preliminary injunction, the Stipulation imposed a mutual standstill between the City and the Non-Debtor Plaintiffs. The City agreed, most importantly, not to enforce judgments arising from orders issued by ECB. The Non-Debtor Plaintiffs in turn agreed not to take any action "to alienate, encumber, transfer, protect, pledge or otherwise affect any assets except in the normal course of business."

8. The City was willing to enter into the Stipulation only because it imposed this obligation on the Non-Debtor Plaintiffs. Maintaining the status quo would mitigate the prejudice to the City with respect to certain claims it has against the Non-Debtor Plaintiffs, some reduced to judgment and others based on NOVs that have not yet given rise to judgments. Importantly, these latter claims are not currently secured by means of a judgment lien or otherwise.

9. There is reason to believe that Goetz Fitzpatrick failed to apprise some or all of the Non-Debtor Plaintiffs, its purported clients, of this obligation. Indeed, it is not clear that Goetz Fitzpatrick had the authority to enter into the Stipulation on behalf of the Non-Debtor Plaintiffs. If the Non-Debtor Plaintiffs did not know about and perhaps did not authorize the provision that runs against them, the City received no benefit from the Stipulation. Thus, rather than imposing a mutual standstill, the Stipulation imposed a unilateral standstill on the City's process of determining whether Debtor's signs are unlawful and, if so, imposing penalties on the liable building owners.

10. On September 19, 2011, I spoke to attorneys Michael Dal Lago and Evan Lupion of Morrison Cohen, which on September 9, 2011 had noticed its appearance as counsel for Sakele Brothers, LLC ("Sakele") in Debtor's bankruptcy case.

11. Mr. Dal Lago and Mr. Lupion were unaware that Sakele, their client, was named as a plaintiff in the adversary proceeding against the City. Accordingly, there is reason to believe that Sakele was unaware of its legal obligation, arising out of the Stipulation, not to encumber, transfer, or otherwise affect its assets.

12. In a hearing before the Court on September 28, 2011, the Law Department described the above conversation, referring to Mr. Dal Lago by name. It argued that, because at least one of the Non-Debtor Plaintiffs was unaware of its obligation, the Stipulation and Order should be vacated or amended.

13. In response to the City's presentation and a request from the Court, Gary Kushner, of Goetz Fitzpatrick, advised the Court that, no later than October 4, 2011, it would provide the City with a letter of assurance that the Non-Debtor Plaintiffs had taken no actions contrary to the requirements of the Stipulation and that they would continue to be in compliance with the final decretal paragraph of the Stipulation.

14. On October 6, 2011, two days after the letter had been promised for, the City emailed Goetz Fitzpatrick requesting the letter of assurance, which the City had not – and has not – received. Rather than sending such a letter or otherwise providing assurance that the Non-Debtor Plaintiffs had been and would continue to be in compliance with the Stipulation, Ronald Coleman, another partner in Goetz Fitzpatrick, sent a caustic email that completely misrepresents what transpired in Court and the representation his partner had made in Court. The email refers to "an alleged statement by an unnamed non-debtor plaintiff's counsel," even though the City on the record provided the name of the counsel. Further, Mr. Coleman stated, likewise contrary to his partner's express representation in Court, that it would provide such

"reassurance" only upon the City's "provid[ing] the name of the speaker." A true and correct copy of this email exchange is attached hereto as Exhibit 1.

15. The Stipulation and Order should be vacated on the ground that the Non-Debtor Plaintiffs, ostensibly parties to the Stipulation, were never apprised by their purported counsel – signatories to the Stipulation – that the Stipulation imposed obligations on them.

16. Alternatively, the Stipulation and Order should be amended such that it expires 14 days after entry of the amended order. Such expiration is appropriate because the Order serves as a temporary restraining order and should therefore be subject to the time limit set forth in Fed. R. Civ. P. Rule 65(b)(2), which applies to this proceeding pursuant to Fed. R. Bankr. P. Rule 7065.

**Relationship Between Splash Media and OTR**

17. While plaintiffs assert that Non-Debtor Plaintiffs have contractual indemnification agreements with OTR, in fact, three of seven Non-Debtor Plaintiffs contracted not with OTR, but with Splash Media Group, LLC ("Splash LLC"). *See* Declaration of Brian T. Horan, Sept. 9, 2011, ¶ 12.

18. Additional research of public records reveals that Splash LLC is a limited liability company formed under the laws of the State of Delaware.[1]

19. Splash LLC is the subject of a lawsuit brought by one of its members against OTR and OTR's sole shareholder. *See Levi I. Eichenstein v. OTR Media Group, Inc., et al.*, New York Supreme Court, New York County, Index No. 650636/2009. Among the

---

[1] While Splash LLC is registered in New York, other entities that appear related – including Splash Media Group Inc., also known as Splash Media Group of NY, Inc., and Splash Media, Inc. – have been dissolved by proclamation. Despite its dissolution, Splash Media Group Inc. purports to do business in New York. *See* http://www.splashmediagroup.com/company.html.

litigation papers is Splash's Operating Agreement, dated December 30, 2005, attached hereto as Exhibit 2.

20. Unlike OTR, which has only one shareholder, ownership of Splash LLC is divided among two members, each with a 50 percent share: Aharon Noe, sole shareholder of Debtor, and Levi Eichenstein. Ex. 2 ¶ 3.2.

21. Splash is far from a wholly owned subsidiary of OTR. Indeed, the litigation records show that the partners in Splash LLC are sharply at odds with each other. Therefore, Debtor's argument, however weak, that the stay should extend to indemnitees of its wholly owned subsidiaries has no bearing with regard to Splash, which is not a wholly owned subsidiary, nor a mere agent, of OTR.

Dated: October 11, 2011
       New York, New York

                                                /s/ Brian T. Horan
                                                Brian T. Horan