# GOETZ FITZPATRICK LLP

**Attorneys at Law**      www.goetzfitz.com

One Penn Plaza, New York, NY 10119 | (T) 212-695-8100 | (F) 212-629-4013

Ronald D. Coleman
Partner
rcoleman@goetzfitz.com

October 19, 2011

**VIA ECF**
Hon. Andrew L. Carter, Jr., U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> **Re:** **203 17th Realty LLC, *et al.* v. City of New York, *et al.***
> **Docket No. 11-cv-1392 (CBA)(ALC)**

Dear Judge Carter:

We represent plaintiffs in this action write to with respect to Your Honor's order requiring the submission of a status report by today's date. Because of a number of factors complicated by the schedules of the respective counsel, we respectfully submit this letter solely on behalf of plaintiffs.

As the Court may recall, at our first status conference the City, without prior notice, raised the issue as to whether or not our firm's representation of plaintiffs here constituted a conflict of interest because this office also represents OTR Media Group, LLC ("OTR"). In fact, OTR had directed this firm to institute this action, at its expense, as contractual indemnitor of the plaintiffs in this matter, each of which separately authorized us to do so as their counsel. We maintained, and still do, that far from constituting a conflict, the parties' interests were perfectly aligned here. Your Honor gave the City time to consider the matter and report back.

In an August 8, 2011 status report, the various defendants represented by the Corporation Counsel of the City of New York ("the City") wrote as follows:

> At this time, defendants do not intend to make a motion to disqualify the plaintiffs' attorney in this action. If at any time the defendants become aware that a conflict of interest calling for disqualification is apparent, the parties agree that the defendants may seek leave to make such a motion at that time.

No such motion has ever been made.

 GOETZ FITZPATRICK LLP

Hon. Andrew L. Carter, Jr., U.S.M.J.
October 19, 2011
Page 2 of 3

Subsequently OTR filed a petition in this District for protection from creditors, including the City, pursuant to Chapter 11 of the Bankruptcy Act. Judge Stong is presiding in that matter. As part of the Chapter 11 proceedings, OTR also instituted an adversary proceeding against the City of New York in the names of the respective plaintiffs in this action. The plaintiffs in the adversary proceeding sought the Bankruptcy Court's extension of the automatic stay (or, alternatively, a stay pursuant to its plenary powers) with respect to the City's enforcement actions against these landlord indemnitees. This too was done pursuant to the status of these parties as indemnitees of the debtor OTR and in light of the effect such enforcement actions would have on OTR's reorganization.

At every juncture since the filing of the Adversary Proceeding the City has taken the position that this office cannot possibly represent both OTR and the landlord indemnitees, either because the City denies the validity of the indemnification obligation or on the ground of a conflict of interest, or both. This was most recently reflected in a motion filed by the City, albeit defectively as a procedural matter, seeking vacatur of the existing stay in the bankruptcy action. The City also has opposed the Debtor's motion authorizing this firm's retention as counsel for both OTR and the indemnitee landlords on these same grounds.

In a number of email exchanges with counsel for the City this week, the undersigned attempted to elicit an explanation for the City's position that there is an incurable conflict with respect to the identical parties and issues in the Bankruptcy Court, but that it has found no basis for seeking disqualification of our firm on that basis in **this** action. Because the question of a conflict of interest implicates our professional ethical obligations, we sought this clarification to avoid both actual ethical wrongdoing and future accusations of conflicted representation going forward in this case.

There is also a related technical issue, as we explained in our emails to the City. There has been no authorization by the Bankruptcy Court for the retention of this firm on behalf of the landlord indemnitees. Indeed, as mentioned above the City has opposed any such retention on the grounds of conflict of interest. Therefore this office is not authorized to continue with that representation in this action either, because – as all parties are aware – OTR has at all times directed this litigation and paid this firm's fees as part of its indemnification obligation running to the plaintiffs herein. The City, again, has repeatedly urged in the Bankruptcy Court that this indemnification obligation does not even exist and has opposed our retention on behalf of the landlords. But OTR, as a Chapter 11 debtor, may not retain and compensate lawyers without the approval of the Bankruptcy Court.

The City has refused to provide a response to these questions. By all indications its assertions of conflict of interest *vel non* have all along been made solely for tactical purposes. At this time, however, we can only advise the Court of this impasse, and of what we believe is our inability to participate in any further proceedings in this matter until resolution of the retention and conflict issues. We have every reason to believe this will take place before Judge Stong in the coming week.

 GOETZ FITZPATRICK LLP

Hon. Andrew L. Carter, Jr., U.S.M.J.
October 19, 2011
Page 3 of 3

We would be happy to provide the Court with any additional information it may seek with respect to the foregoing. Although I will be out of the office unavailable from this evening through the weekend, my partner, Gary Kushner, is handling the bankruptcy proceedings and of course is at the Court's disposal if at all necessary.

Respectfully submitted,

Ronald D. Coleman

cc:     Sherrill Kurland, Esq. (ECF)
        Gary M. Kushner, Esq.