MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
*Attorney for Defendant The City of New York*
Attn: Brian T. Horan
100 Church Street Rm. 20-104
New York, NY 10007
212.788.1267
bhoran@law.nyc.gov

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| OTR MEDIA GROUP INC., | : | Case No. 1-11-47385 (ESS) |
| | : | |
| Debtor. | : | |

------------------------------------------------------------------ x

| | | |
|---|---|---|
| OTR MEDIA GROUP, INC., *et al.*, | : | |
| | : | Adv. Pro. No. 1-11-01448 |
| Plaintiffs, | : | |
| | : | |
| vs. | : | **REPLY IN FURTHER** |
| | : | **SUPPORT OF DEFENDANT'S** |
| THE CITY OF NEW YORK, | : | **MOTION TO VACATE** |
| | : | <u>**STIPULATION AND ORDER**</u> |
| Defendant. | : | |

------------------------------------------------------------------ x

**I. Because, Contrary to Goetz Fitzpatrick's Representations, the Non-Debtor Plaintiffs Were Never Even Apprised of Their Obligation Under the Stipulation, the Stipulation Must Be Vacated**

       1.      On September 2, 2011, the parties entered into a Stipulation and Order (the "Stipulation") that, pending a decision on Plaintiffs' motion for a preliminary injunction, placed obligations on all parties to maintain the status quo and protect all parties' interests. It is now undisputed that counsel for the Debtor did not have the authority to impose the obligations contained in the Stipulation on the Non-Debtor Plaintiffs and that the Non-Debtor Plaintiffs

never were advised about the Stipulation by counsel for the Debtor. Because of these glaring infirmities to the Stipulation, the Stipulation must be vacated.

2. These infirmities require no investigation, research, or inquiry to ascertain because Mr. Kushner had to know whether the infirmities existed on September 2, 2011, when he signed the Stipulation as the attorney for all the Plaintiffs. If he had the authority to bind the Non-Debtor Plaintiffs to the terms of the Stipulation, Mr. Kushner could have advised the Court of this on September 28, 2011, when the City raised the issue, or in his Declaration in Opposition, dated October 24, 2011 ("Opposition"). Similarly, Mr. Kushner or his partner, Mr. Coleman, would know – without any need to discuss with anyone else – whether they as attorneys for the Non-Debtor Plaintiffs advised their own purported clients of what the Stipulation signed on their behalf required of them. Mr Kushner's complaints about inadequate time to oppose the City's motion, contained in the 66 paragraph Opposition, are therefore completely beside the point.

3. Something much more fundamental than any Bankruptcy Code section or rule is at stake here. Attorneys must have the authority from their clients before they can bind them to obligations assumed in a Stipulation. And, if an Order of the Court, which the Stipulation is, requires affirmative steps of clients, then the lawyers must advise their clients of their obligations. Because Mr. Kushner does not deny these basics, the Stipulation was void *ab initio* and should be vacated by the Court.

4. This case is one of those rare cases where the Stipulation as a contract between the Plaintiffs and the City must be voided for unilateral mistake. As the Second Circuit observed, "a contract is made voidable by either unilateral or mutual mistake only where the asserted mistake concerns a 'basic assumption on which the contract was made.'" *The Indep.*

*Order of Foresters v. Donaldson, Lufkin & Jenrette Inc.*, 157 F.3d 933, 939 (2d Cir. 1998) (*citing Restatement (Second) Of Contracts*, §§ 152-53), *quoted in Kraft Foods, Inc. v. All These Brand Names, Inc.*, 213 F. Supp. 2d 326, 331 (S.D.N.Y. 2002); *see also Koam Produce, Inc. v. DiMare Homestead, Inc.*, 329 F.3d 123, 127 (2d Cir. 2003).

5. Here, the most basic assumption turns out not to be true: that the Non-Debtor Plaintiffs were represented by counsel, who had the authority to bind them and who notified them of their obligations.

6. The Stipulation and Order should be vacated or terminated for the same reason: the Court must have mistakenly assumed that Non-Debtor Plaintiffs authorized counsel to enter into such an order and that the Court's Order would be disseminated to the parties, who would in turn obey it.

II. **The City's Motion Accords With Applicable Procedural Requirements**

7. By this motion, the City seeks relief that is "not otherwise governed by" the Bankruptcy Rules. Fed. R. Bankr. Pro. 9014.[1] Accordingly, Local Rule 9006-1 – supplementing Bankruptcy Rule 9014, which imposes the general standard of "reasonable notice" – requires 14 days' notice. By serving the moving papers on October 11, 14 days before the return date of October 25, the City satisfied this notice requirement.

8. Contrary to the misrepresentation by Mr. Kushner, *see* Opposition ¶ 7, Mr. Kushner's letter regarding the timing of the City's motion came not on not October 12 but on October 14, a Friday when I was out of the office. In that letter, Mr. Kushner failed to cite any

---

[1] Mr. Kushner opines, Opposition ¶ 18, that Rule 9023(e) applies. But that Rule applies to judgments, and the Stipulation is not a judgment. To the contrary, it is an interim order obviating the need for the Court to consider issuing a TRO. The Stipulation expressly provides that it applies only "pending further action by the Court."

rule requiring that additional days be added to the minimum service requirement in the case of service by email. Opposition Ex. 1.

9. Notwithstanding the absence of any rule providing Plaintiffs with more time to respond, by responsive letter sent on Monday, October 17, the Law Department offered to extend Plaintiffs' time to respond until October 19 as a matter of courtesy. *See* Opposition Ex. 2.

10. In any case, without the City's consent, Plaintiffs availed themselves of five additional days to respond, beyond the extension granted by the City. In answering in the afternoon of October 24, just one day before the return date, Plaintiffs have violated Local Rule 9006-1(a)(ii), requiring answering papers to be served so as to be received, in this case, by October 18.

## III. Debtor Has Failed to Disclose to the Court the Nature of Its Apparently Recent Acquisition of Splash Media LLC's Leaseholds

11. As part of the agreement made at the outset of this adversary proceeding, counsel for Plaintiffs agreed to furnish to the Law Department copies of the leases between OTR and the Non-Debtor Plaintiffs. The City made clear that it wished to review these documents in order to understand whether the indemnification provisions in the leases ran to OTR itself or rather to some other entity.

12. Plaintiffs now assert, for the first time, that OTR has acquired leasehold interests previously held by Splash Media LLC ("Splash"), the OTR-affiliated entity that is party to the relevant leases with three of the seven Non-Debtor Plaintiffs.[2] Opposition ¶ 60.

13. Assuming that this is true – Plaintiffs put forth no documentary or other evidence beyond Mr. Kushner's representations – it means that Plaintiffs have failed to fully

---

[2] In response to repeated requests by the Law Department, Goetz Fitzpatrick has stated that OTR cannot locate the eighth lease, *i.e.*, that to which Gotham Broad, LLC is a party. It is not clear whether Goetz Fitzpatrick has asked Gotham Broad, also ostensibly its client, to produce the lease.

4

disclose to the City the true nature of the indemnification relationships that are at the center of this adversary proceeding. Until this point, Plaintiffs have represented that Splash, not OTR, is the lessor of advertising space at properties owned by Non-Debtor Plaintiffs 848 Fulton Realty Corp., Ming Sheng Inc., and Phillipe Joceline.

14. Indeed, Mr. Kushner's declaration that "the Debtor *now* owns several leased locations which were previously owned by Splash," Opposition ¶ 60 (emphasis added), leaves unanswered the question of timing. Namely, OTR does not apprise the Court whether these were pre-petition or post-petition acquisitions.

Dated: New York, New York
October 24, 2011

                MICHAEL A. CARDOZO
                Corporation Counsel of the City of New York
                *Attorney for Defendant The City of New York*

                By:   /s/ Brian T. Horan
                         Brian T. Horan
                         Assistant Corporation Counsel
                         New York City Law Department
                         100 Church Street, Rm. 20-104
                         New York, New York 10007
                         212.788.1267

On the motion: Alan H. Kleinman

## CERTIFICATE OF SERVICE

Brian T. Horan, Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for Defendant the City of New York, certifies as follows:

I am over 18 years of age and am not a party to this action. On October 24, I served the City's Reply in Further Support of Defendant's Motion to Vacate Stipulation and Order, by email as follows:

| Ronald Coleman, Esq. | Gary M. Kushner, Esq. | Michael R. Dal Lago, Esq. |
| --- | --- | --- |
| rcoleman@goetzfitz.com | gkushner@goetzfitz.com | mdallago@morrisoncohen.com |

Dated: October 24, 2011
       New York, New York

                                            /s/ Brian T. Horan
                                            Brian T. Horan