```
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
In re:                                          :    Chapter 11
                                                :
OTR MEDIA GROUP INC.,                           :    Case No. 1-11-47385 (ESS)
                                                :
                    Debtor.                     :
------------------------------------------------------------------ x
OTR MEDIA GROUP, INC. et al.,                   :    Adv. Pro. No. 1-11-01448
                                                :
                    Plaintiffs,                 :
                                                :
vs.                                             :    **DECLARATION OF**
                                                :    **BRIAN T. HORAN**
THE CITY OF NEW YORK,                           :
                                                :
                    Defendant.                  :
------------------------------------------------------------------ x
```

**BRIAN T. HORAN** declares, pursuant to 28 U.S.C. § 1746 and subject to the penalty of perjury, that the following statements are true and correct:

1. I am an Assistant Corporation Counsel at the New York City Law Department (the "Law Department"), the office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for Defendant the City of New York (the "City"). I am fully aware of the facts set forth herein based upon my personal knowledge and review of the files maintained by my office.

2. I submit this declaration in support of the City's motion (i) for a declaration that the automatic stay does not apply to either (a) the issuance by the City's Department of Buildings of notices of violation ("NOVs") citing violations by the Debtor, or its affiliates or indemnittees (if any), of the City's Administrative Code, Zoning Resolution, or another law or rule regulating outdoor advertising in the City or (b) the adjudication of those NOVs by the

City's Environmental Control Board; and (ii) in the alternative, granting the City relief from the automatic stay with respect to the issuance and adjudication of NOVs against the Debtor.

**At Least 119 NOVs Pending Against OTR**

3. When the City's Department of Buildings ("DOB") determines that an installed outdoor advertising sign is unlawful under an applicable provision (collectively, the "Sign Laws") of the City's Administrative Code, Zoning Resolution, and/or another local law, it issues an NOV to the outdoor advertising company that controls the sign, if DOB knows the identity of that company. The NOVs are returnable before the City's Environmental Control Board ("ECB" or the "Board"). Following a hearing before an administrative law judge ("ALJ") at ECB, or upon the respondent's default, a decision and order is issued either imposing a penalty or dismissing the NOV. The decision and order can be appealed to the Board itself.

4. Once the ALJ renders a decision and order and the administrative appeals process is exhausted, ECB enters the order imposing the penalty, if any. The order is subsequently docketed as a judgment in the offices of the clerks of the Civil Court of the City of New York and of the five counties that comprise the City. Thus, ECB orders become docketed judgments in each of the five counties.

5. Currently pending before ECB are at least 119 NOVs issued to OTR for sign violations in connection with 18 locations that DOB believes were, at the time of issuance, controlled by OTR. The locations are as follows:

| Sign location | Property owner |
|---|---|
| 174 Broadway, Manhattan | One Maiden Lane Realty, LLC |
| 185 Bowery, Manhattan | OSIB-BCRE Bowery Street Holdings LLC |
| 2 East Broadway, Manhattan | CCW Realty LLC |
| 203 17th St., Brooklyn | 203 17th Realty LLC |
| 2562 Briggs Ave., Bronx | 79 S N Ltd. |
| 310 E. 23rd St., Manhattan | 310/312 East 23rd Apartment Corp. |

| 324 W. 125 St., Manhattan | 324 West 125th Street LLC |
| 330 McGuinness Blvd., Brooklyn | Hedygus Realty LLC |
| 430 W. 33 St., Manhattan | 424 West 33rd Street |
| 45 Broadway, Brooklyn | 45 Broadway NY LLC |
| 460 W. 41st St., Manhattan | Covenant House |
| 59 4th Ave., Manhattan | Fourth Ave Loft Corp |
| 7 Dey St., Manhattan | Sakele Brothers LLC |
| 747 Park Ave., Brooklyn | 777 NY Realty Inc. |
| 330 Bruckner Blvd., Bronx | Ess Prisa LLC |
| 838 6th Ave., Manhattan | Yung Brothers Real Estate Co. |
| 935 Bronx River Ave., Bronx | 705 Realty LLC |
| 945 Zerega Ave., Bronx | Ess Prisa II LLC |

6. Attached as Exhibit 1 is a spreadsheet listing each NOV currently pending at ECB. The column third from the right, labeled "Hearing Status," shows the status of each NOV. Where this column states "Pending," no ALJ has yet ruled on the NOV, either because no hearing has occurred or because an ALJ has not yet ruled following a hearing. Where the Hearing Status column states "In Violation," the NOV was adjudicated by an ALJ and found to be substantiated. Each NOV in this latter category has been assigned to the Appeals Unit of ECB, as indicated by the designation "Assigned to Appeals," appearing in the second column from the right (marked "Violation Status").[1]

7. Thus, the NOVs are at various stages of the administrative process: awaiting a hearing before an ALJ, awaiting a decision from the ALJ, or pending an appeal from the ALJ's decision.

**DOB's Position, Subject to Confirmation, that Signs at 14 of OTR's 18 Existing Locations Are Unlawful**

8. Attached as Exhibit 2 is a document entitled "OTR Sign List," originally submitted to the Court by OTR. *See* Affirmation of Ariel S. Holzer, Esq., Sept. 27, 2011,

---

[1] In the one instance where the Hearing Column states "Default," the respondent failed to appear for the scheduled hearing before the ALJ.

Exhibit A.  Mr. Holzer, previously OTR's in-house counsel, *id.* ¶ 1, represented that this list contained "each of OTR's current locations," *id.* ¶ 8.

9. Attached as Exhibit 3 is a spreadsheet setting forth DOB's position on the lawfulness of each of OTR's current locations.  The second column from the right, labeled "NOVs," indicates, with the word "Yes," that there are NOVs pending against OTR for certain sign locations.  There are NOVs pending in the case of eight of the 18 locations.

10. Of the 10 sign locations not currently awaiting adjudication, DOB believes, subject to confirmation through field inspections, that at least six are unlawful for one of two reasons, as indicated in the fourth column from the left, marked "Actual Permit Status."

11. First, the signs at four locations – 25 Skillman Street in Brooklyn, 340 Flatbush Avenue in Brooklyn, 101-111 East 161st Street in the Bronx, and 207 Dyckman Street in Manhattan – which OTR claims can be brought into compliance, under the grandfathering provisions of the Sign Laws, are currently unpermitted.[2]  DOB has never received permit applications, much less granted permits, for these four locations.  Thus, these signs are unlawful.

12. DOB has no reason to believe these signs are eligible for grandfathering. Casting doubt on OTR's representations that these signs can be brought into compliance is the fact that, for the two locations claimed to be eligible for grandfathering for which OTR has actually submitted applications – 838 Sixth Avenue and 59 Fourth Avenue, both in Manhattan – DOB has denied those applications.  Those two locations are the subject of proceedings, respectively, before the New York Supreme Court and the New York City Board of Standards and Appeals, which hears appeals of, among other things, DOB determinations denying permit applications.

---

[2] Signs that predate the Sign Laws and have been in continuous use since the laws went into effect are exempt from certain otherwise applicable restrictions but nonetheless require a permit.

4

13. Second, two of the locations, 84 Whithers Street in Brooklyn and 445 West 35th Street in Manhattan, are subject to stop work orders. Pursuant to such orders, outdoor advertising signs may not be installed at those locations.

14. It bears noting that for two of the 18 locations, 13 Carmine Street and 59 Fourth Avenue, both in Manhattan, the leftmost column of Exhibit 3, marked "ECB Status," states "In-vio '09" and "In-vio '10," respectively. This means that, notwithstanding OTR's representation that these sign locations are lawful, ECB orders finding the signs in violation and imposing penalties were entered against OTR in 2009 and 2010, respectively.

**OTR's Failure to Take a Position on Issuance and Adjudication of NOVs in Connection with Existing Sign Locations**

15. The City makes the instant motion following an effort to reach an agreement with OTR that the adjudication process, or certain aspects thereof, go forward.

16. At the last Court hearing on October 26, 2011, and as reported to the Court on the record, the parties agreed to attempt to resolve whether the City could proceed to issue and adjudicate NOVs enforcing the Sign Laws against OTR.

17. On October 27, OTR's counsel sent the Law Department emails requesting that the City not move forward with imminent ECB adjudications of NOVs issued in connection with five sign locations.[3] Notwithstanding its position that the automatic stay does not bar such adjudications, the City agreed not to oppose adjournments of proceedings involving OTR's signs. The email correspondence between counsel is attached hereto as Exhibit 4.

18. On October 28, pursuant to the agreement two days prior, the Law Department sent counsel for OTR a letter showing that the automatic stay does not bar the

---

[3] Three of the five locations – 745 Bruckner Avenue in the Bronx, 32-72 Gale Avenue in Queens, and 45 Broadway (borough unknown) – do not appear on the list of current locations OTR submitted to the Court. *See* Ex. 2. OTR's counsel did not reply to the Law Department's email seeking clarification of OTR's connection to these three signs.

5

issuance and adjudication of NOVs enforcing the Sign Laws. The letter is attached hereto as Exhibit 5.

19. On October 29, counsel for OTR stated in an email that it would not respond until November 7. This was contrary to the agreement between counsel that OTR would respond within one week.

20. On November 7, counsel for OTR sent the Law Department a letter, which is attached hereto as Exhibit 6. Contrary to the agreement between counsel, the letter took no position as to whether the City could proceed to issue and adjudicate NOVs against OTR. The letter suggested that three ECB proceedings could move forward but explicitly refused to reach agreement on anything, stating that the suggestions were "[s]ubject to further written confirmation." Ex. 6 at 2.

21. Indeed, the letter did not even address the question of whether the City could issue NOVs to any of OTR's 10 existing locations for which no NOVs are pending. Nor did the letter address the question of whether the City could adjudicate NOVs, already issued, in connection with five of OTR's current locations beyond the three identified in the letter.

22. The Law Department contacted OTR's counsel to seek clarification in light of the letter's non-responsiveness and specifically to determine whether there was agreement with respect to any proceedings regarding any sign. In a November 7, 2011 email, attached hereto as Exhibit 7, counsel for OTR reiterated that OTR did not agree to moving forward with respect to any proceedings regarding any signs.

23. Thus, this motion follows OTR's refusal to agree to anything that would advance the process of determining whether OTR has rights to lawful signs.

24. This Court's assistance is requested in clearing the path for determining through the appropriate procedures the lawfulness of the Debtor's signs. The City requests that this Court declare that the issuance of NOVs and their adjudication before the appropriate administrative bodies is not stayed by the Bankruptcy Code or rules.

Dated: New York, New York
November 10, 2011

/s/ Brian T. Horan
Brian T. Horan

## CERTIFICATE OF SERVICE

Brian T. Horan, Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for Defendant the City of New York, certifies as follows:

I am over 18 years of age and am not a party to this action. On November 10, I served (i) the City's Notice of Motion for an Order Declaring that the City May Enforce Its Sign Regulations Against Debtor, (ii) the Declaration of Brian T. Horan, together with exhibits, (iii) a Memorandum of Law, and (iv) a proposed order, by email as follows:

| Ronald Coleman, Esq. | Gary M. Kushner, Esq. | William E. Curtin, Esq. |
|---|---|---|
| rcoleman@goetzfitz.com | gkushner@goetzfitz.com | william.e.curtin@usdoj.gov |
| Wayne H. Davis, Esq. | Michael Dal Lago, Esq. | |
| Davis@thsh.com | mdallago@morrisoncohen.com | |

Dated: November 10, 2011
       New York, New York

                                                     /s/ Brian T. Horan
                                                   Brian T. Horan