

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, N.Y. 10007-2601

ALAN H. KLEINMAN
*Senior Counsel*
Affirmative Litigation Division
Telephone No.: (212) 788-1012
Fax No.: (212) 788-1633
akleinma@law.nyc.gov

October 28, 2011

By email gkushner@goetzfitz.com
Gary M. Kushner, Esq
GOETZ FITZPATRICK LLP
One Penn Plaza
Suite 4401
New York, NY 10119

Re:   In re OTR Media Group, Inc., Case No. 1-11-47385 (ESS); Adv. Pro. No. 1-11-01448

Dear Gary:

    As discussed on Tuesday, I write to provide you with authority showing that enforcement of the City's sign regulations, at a minimum from the issuance of notices of violation through adjudications by the ECB, are not stayed by the filing of the bankruptcy. I attach copious authority establishing the indisputable proposition that the City's sign regulation is within its police powers.

    When we conferred, you insisted that the City had to make a showing of public danger or harm with respect to each OTR sign. This is simply not the case. The Fourth Circuit analyzed that:

> in distinguishing between situations in which the state acts pursuant to its "police and regulatory power" and situations in which the state acts merely to protect its status as a creditor … we look to the purpose of the law that the state is attempting to enforce. If the purpose of the law is to promote "public safety and welfare," Universal Life Church, Inc. v. United States (In re Universal Life Church, Inc.), 128 F.3d 1294, 1297 (9th Cir. 1997), or to "effectuate public policy," NLRB v. Edward Cooper Painting, Inc., 804 F.2d 934, 942 (6th Cir. 1986) (internal quotation marks omitted), then the exception applies. On the other hand, if the purpose of the law relates "to the protection of the government's pecuniary interest in the debtor's property," Universal Life Church, 128 F.3d at 1297, or to "adjudicate private rights," Edward Cooper Painting, 804 F.2d at 942 (internal quotation marks omitted), then the exception is inapplicable. <u>The inquiry is objective: we</u>

> examine the purpose of the law that the state seeks to enforce rather than the state's intent in enforcing the law in a particular case. See United States v. Commonwealth Cos. (In re Commonwealth Cos.), 913 F.2d 518, 523 n.6 (8th Cir. 1990); United States v. Grooms,1997 U.S. Dist. LEXIS 13991, No. Crim. A. 96-00071- C, 1997 WL 578752, at *3 (W.D. Va. Aug. 29, 1997). Of course, many laws have a dual purpose of promoting the public welfare as well as protecting the state's pecuniary interest. The fact that one purpose of the law is to protect the state's pecuniary interest does not necessarily mean that the exception is inapplicable. Rather, we must determine the primary purpose of the law that the state is attempting to enforce.

Safety-Kleen, Inc. v. Wyche, 274 F.3d 846, 865 (4th Cir. S.C. 2001) (emphasis added).

The Fourth Circuit's analysis is consistent with that of the Second Circuit. *See* State of California v. Atlantic Richfield Co. (In Re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation), 488 F.3d 112, 132 (2d Cir. 2007).

Moreover, the Second Circuit has not viewed a monetary element to the enforcement of police powers as negating the regulatory exemption to the automatic stay:

> Actions to collect damages after violations have occurred also are consistent with the section's legislative objective of "enforc[ing] ... police or regulatory powers." They provide an effective deterrent to violators, who will be forced to pay for the government's costs in responding to their violations. The need to continue such deterrent actions, despite the pendency of a bankruptcy action, furthers the purpose of the regulatory exemption to the automatic stay squarely: to avoid frustrating "necessary governmental functions by seeking refuge in bankruptcy court." United States v. Seitles, 106 B.R. 36, 38-40 (S.D.N.Y.1989), vacated on other grounds, 742 F.Supp. 1275 (S.D.N.Y.1990).Id. at 1024 (alterations in original).

City of New York v. Exxon Corp., 932 F.2d 1020, 1024 (2d Cir. 1991). *quoted in* FTC v. Consumer Health Benefits Ass'n, 2011 U.S. Dist. LEXIS 61305, 10-11 (E.D.N.Y. June 8, 2011)

Moreover, the police powers extend far beyond public safety in the narrow sense of preventing signs from falling onto pedestrians, as the attachment makes clear. The police powers test in the bankruptcy context applies equally to public welfare concerns such as consumer protection. *See* FTC v. Consumer Health Benefits Ass'n, *supra;* Massachusetts v. New Eng. Pellet, LLC, 409 B.R. 255 (D. Mass. 2009).

In sum, it is very clear that the bankruptcy stay does not affect the City's ability to issue notices of violation and to proceed with adjudicatory hearings when those violations are contested. I request that you advise me whether your client will forgo challenging, under the

Bankruptcy Code, the issuance of Notices of Violation by the Department of Buildings and the adjudication of ensuing appeals by the Environmental Control Board in connection with any proceedings in which OTR is the respondent or the lessee, including those signs listed in Exhibit A to the Affirmation of Ariel S. Holzer dated September 27, 2011. I would appreciate a response within three business days, but no later than next Friday in any case.

Thank you for your prompt attention to this matter.

Sincerely yours,

Alan H. Kleinman