# GOETZ FITZPATRICK LLP
Attorneys at Law    www.goetzfitz.com
One Penn Plaza, New York, NY 10119 | (T) 212-695-8100 | (F) 212-629-4013

Gary M. Kushner
Partner
gkushner@goetzfitz.com

Via email to akleinman@law.nyc.gov

Alan H. Kleinman, Esq.　　　　　　　　　　　　　　November 7, 2011
Senior Counsel
Law Department
The City of New York
100 Church Street
New York, NY 10007-2601

　　　　　　Re:　In re OTR Media Group, Inc.
　　　　　　　　　Case No. 1-11-47385 (ESS); Adv. Pro. No. 1-11-01448

Dear Alan:

　　　In response to your letter dated October 28, 2011, we agree with your general assertion that the City's police powers encompass the ability to regulate signs. Indeed, the recent Eastern District case you cited, FTC v. Consumer Health Benefits Ass'n, 2017 U.S. Dist. LEXIS 61305 (E.D.N.Y. June 8, 2011), presents a particularly elegant recitation of the law that the government's exercise of its police power is, generally, exempt from the automatic stay.

　　　There, the FTC sought a permanent injunction to stop the debtor's alleged fraudulent marketing and management of medical discount plans; rescission or reformation of contracts to protect harmed consumers; restitution to harmed consumers; and costs. The debtor asserted that the FTC's proceeding should be stayed pursuant to 11 U.S.C. § 362. The FTC responded that its action was exempt from the automatic stay because it was enforcing the government's police and regulatory power.

　　　The court described various tests other courts use to determine whether a particular action falls within the scope of the 362(b)(4) exception, including the "pecuniary purpose" test, the "public purpose" test, and the "pecuniary advantage" test, before explaining that the Second Circuit adheres to the principle that a government lawsuit to prevent or stop the violation of consumer protection laws, or to fix damages for violation of such a law, is generally not subject to the automatic stay.

　　　But before reaching its decision that the FTC's proceeding was not subject to the stay, the court specifically found that courts have stayed cases where it was apparent that the defendants could not resume the challenged conduct. Citing In re Enron Corp., 314 B.R. 524 (Bankr. S.D.N.Y. 2004), the Consumer Health court explained how the Southern District Bankruptcy

55 Harristown Rd., Glen Rock, NJ 07452 | 201-612-4444 (F) 201-612-4455
170 Old Country Rd., Suite 300, Mineola, NY 11501 | 516-741-2162 (F) 516-746-1024
One North Broadway, Suite 800, White Plains, NY 10601 | 914-946-7735 (F) 914-946-0098

GOETZ FITZPATRICK LLP

Court stayed the State of California's action against Enron because, <u>inter alia</u>, Enron had recently sold its trading operations, leading the court to conclude that it was "practically impossible" for Enron to resume the challenged activity.

In <u>Consumer Health</u>, unlike in <u>Enron</u>, the court found that the individual defendants could, absent injunctive relief, resume the sale and marketing of medical discount plans. Moreover, the court noted that the FTC's action was not **solely** an effort to fix damages because the FTC also sought to rescind or reform consumers' contractual obligations to the defendants and an injunction to prevent the defendants from violating the FTC Act in the future.

The case at bar presents facts analogous to <u>Enron</u> and distinguishable from <u>Consumer Health</u>. The spreadsheet you provided us, titled "OTR and Property Owner Vios [*sic*] 10/4/2011" lists 19 locations for which the City seeks to enforce more than 200 violations totaling over $2,000,000 in penalties. Of these 19 locations, OTR is currently operating signs at **four**. Like the debtor in <u>Enron</u> that no longer operates its business, OTR can no longer put signs at these other 15 locations, as those leases have expired or been terminated.

And unlike in <u>Consumer Health</u>, where the FTC's action sought multiple forms of relief, including restitution to innocent consumers and an injunction against restarting the fraudulent business under a new name, here the vast majority of the City's proceedings against OTR are **solely** for the purpose of fixing the amount of damages, as, again, OTR is no longer operating 15 of these 19 signs.

Of the four remaining signs, the ECB proceedings for 838 Sixth Avenue have already been stayed by the New York State Supreme Court while the Appellate Division decides on a motion by OTR and the property owner to dismiss all violations on the ground that OTR's permit for this location is valid. Subjection to further written confirmation, OTR likely has no objection, however to proceeding with ECB hearings for the three remaining signs, at 424 West 33rd Street, 330 Bruckner Boulevard, and 945 Zerega Avenue.

 GOETZ FITZPATRICK LLP

Page Three
November 7, 2011
Re: In re OTR Media Group, Inc.
Case No. 1-11-47385 (ESS); Adv. Pro. No. 1-11-01448

But because 15 out of the 19 signs for which the City seeks solely to set penalties are no longer operating, the City cannot legitimately argue that it has anything but a pecuniary interest with respect to these four signs. Accordingly, these ECB violation proceedings are subject to the automatic stay, and we will not voluntarily consent to having it vacated.

Very truly yours,

GOETZ FITZPATRICK LLP

By: _____
Gary M. Kushner
A Partner of the Firm

GMK/rrg
cc: Ronald D. Coleman, Esq.
　　Ari Noe
　　Ariel Holzer, Esq.
　　Brian Horan, Esq.
　　Wayne Davis, Esq.
　　William E. Curtin, Esq.
　　Robert Hochman, Esq.
　　Howard Crystal, Esq.
　　Michael R. Del Lago, Esq.

t:\scottdsimon\otr media group inc\letter to kleinman re police power and automatic stay.docx