Gary M. Kushner, Esq.
Ronald D. Coleman, Esq.
Scott D. Simon, Esq.
GOETZ FITZPATRICK LLP
One Penn Plaza—Suite 4401
New York, NY 10119
Tel: (212) 695-8100
gkushner@goetzfitz.com
rcoleman@goetzfitz.com
ssimon@goetzfitz.com
*Attorneys for Debtor*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X

In re:

OTR MEDIA GROUP INC.

                        Debtor.

Chapter 11

Case No. 1-11-47385 (ESS)

---------------------------------------------------------------- X

OTR MEDIA GROUP, INC., 203 17TH REALTY LLC, SAKELE BROTHERS, LLC *and* ONE MAIDEN LANE REALTY, LLC, *all New York limited liability companies*, 848 FULTON REALTY CORP. *and* MING SHENG INC., *New York corporations*, GOTHAM BROAD, LLC, *a Delaware limited liability company*, FOTINI THEOHARIDU, and PHILLIPE JOCELINE, *natural persons*,

                Plaintiffs,

                - *vs.* -

The CITY OF NEW YORK,

                Defendant.

Adv. Pro. No. 1-11-01448 (ESS)

**DEBTOR'S OPPOSITION TO THE MOTION BY THE CITY OF NEW YORK FOR RELIEF FROM THE <u>AUTOMATIC STAY</u>**

---------------------------------------------------------------- X

To the Honorable Elizabeth S. Stong,
United States Bankruptcy Judge:

      OTR Media Group, Inc. ("OTR" or the "Debtor"), by its counsel, Goetz Fitzpatrick,

respectfully states as follows:

**Preliminary Statement**

1. Before the Court is the motion (the "Motion") of The City of New York (the "City") which seeks (a) a declaration that §362 of the Bankruptcy Code does not stay the City's efforts to enforce its police powers with respect to advertising signs owned by OTR under the exception provided by §362(d)(4) of the Bankruptcy Code; and (b) in the alternative, relief from the automatic stay in the event the §362(d)(4) exception does not apply.

2. The Debtor generally opposes the relief sought in the Motion as to the overwhelming majority of the notices of violation ("NOVs") issued by the City because they concern thirteen (13) former locations of the Debtor at which the Debtor is no longer operating or has no contractual right to operate or otherwise continue its outdoor advertising activities. As to these former locations previously operated by OTR, the only purpose achieved by stay relief would be to unnecessarily compel the Debtor to defend proceedings which have as their sole purpose the imposition of a pecuniary penalty – and nothing whatsoever to do with the promotion of the public health, safety and welfare objective contemplated by Congress when it drafted the §362(d)(4) exception.

3. As set forth in detail in OTR's memorandum of law in opposition, the pending ECB proceedings for NOVs issued at these 13 defunct locations fall outside of the §362(d)(4) exception to the automatic stay under the principles enunciated in In re Enron, 314 B.R. 524 (2d Cir. 2004).

4. Furthermore, as to these 13 defunct locations, the City's request for relief from the automatic stay should be denied since the Motion does not satisfy the City's burden of establishing any of the Sonnax factors that are traditionally analyzed by the Court in considering stay relief applications.

5. With respect to the five (5) active sign locations presently subject to existing NOVs, the Debtor is not, and has not, been adverse to granting the City relief from the automatic stay, <u>provided, however</u>, that the City agrees to do so in a way that does not make it prohibitive for the Debtor to avail itself of the right to appeal.

6. Filed herewith is the affirmation of Ariel S. Holzer dated November 21, 2011 (the "Holzer Affirmation"), which, <u>inter alia</u>, sets forth a more comprehensive set of facts which should be considered by the Court before relief is afforded to the City. The Holzer Affirmation also addresses several of the misleading statements in the declaration of Brian Horan submitted in support of the Motion (the "Horan Declaration").

7. In paragraph "5" of the Horan Declaration, the City erroneously refers to 18 sign locations operated by the Debtor. For the sake of clarity, thirteen (13) of the eighteen (18) sign locations mentioned in the Horan Declaration pertain to locations which the Debtor <u>no longer operates, or no longer has the right to operate</u>, as follows:

| **Sign Location** |
|---|
| 174 Broadway, Manhattan |
| 185 Bowery, Manhattan |
| 2 East Broadway, Manhattan |
| 203 17th St., Brooklyn |
| 2562 Briggs Ave., Bronx |
| 310 E. 23rd St., Manhattan |
| 324 W. 125 St., Manhattan |
| 330 McGuinness Blvd., Brooklyn |
| 45 Broadway, Brooklyn |
| 59 4th Ave., Manhattan |
| 7 Dey St., Manhattan |
| 747 Park Ave., Brooklyn |
| 935 Bronx River Ave., Bronx |

8. Of the eighteen (18) locations cited in paragraph "5" of the Horan Declaration, the Debtor is presently operating signs at only five (5) locations:

| Sign Location |
| --- |
| 430 W. 33 St., Manhattan |
| 460 W. 41st St., Manhattan |
| 330 Bruckner Blvd., Bronx |
| 945 Zerega Ave., Bronx |
| 838 6th Ave., Manhattan |

9. At 430 West 33rd Street, ECB has already adjudicated the sign to be nonconforming in that its size is larger than that which is permitted. This violation is a correctible offense. The Debtor will change the sign to comply with the applicable provisions of the City's Administrative Code, Zoning Resolution, or other local law (collectively, the "Sign Laws"). Accordingly, no stay relief is necessary or warranted.

10. At 460 West 41st Street, there is an open question as to whether New York State holds an interest in the property, which interest would make the location exempt from the Sign Laws. DOB and ECB have acceded to adjournments of this particular ECB proceeding until this outstanding issue can be elucidated, but the City omitted this fact from its submission. Because the parties agree that the question of State interest in this sign would be dispositive, no stay relief is necessary or warranted.

11. As to 330 Bruckner Boulevard and 945 Zerega Avenue, OTR agrees to lift the stay, <u>provided</u> that the City grant the Debtor a financial hardship waiver of the City's requirement (discussed in greater detail below) that OTR must immediately pay (or bond) any fine or else forfeit all further right to appeal.

12. The Court need not grant a stay as to the last of the 18 locations, 838 Sixth Avenue, as New York State Supreme Court has already stayed further enforcement of the City's NOV until the Appellate Division rules on OTR's Article 78 petition.

13. In sum, a mere two of the handful of alleged violations that could be adjudicated (not the 18 claimed by the City) should proceed.

14. Once the City grants the Debtor a financial hardship waiver for appealing ECB decisions, OTR will stipulate to lift the stay as to these two.

15. Moreover, although obscured in the Horan Declaration, the Debtor presently operates 13 other sign locations in addition to the 5 locations mentioned in paragraph "8" above. These locations are as follows:

    (a)    174 Canal Street, Manhattan
    (b)    450 West 31st Street, Manhattan
    (c)    860 Atlantic Avenue, Brooklyn
    (d)    261 Walton Avenue, Bronx
    (e)    84 Whithers Street, Brooklyn
    (f)    25 Stillman Street, Brooklyn
    (g)    340 Flatbush Avenue, Brooklyn
    (h)    13 Carmine Street, Manhattan
    (i)    101-111 East 161st Street, Bronx
    (j)    207 Dyckman Street, Manhattan
    (k)    445 West 35th Street, Manhattan
    (l)    2437 Grand Concourse, Bronx

16. The City actually concedes that with respect to 10 of these 13 active sign locations operated by the Debtor, no existing NOVs have been issued to date. See paragraph "10" of the Horan Declaration. Nevertheless, the City, relying on mere conjecture and innuendo, asserts that these signs are unlawful.

17. Trying to stack the deck on this issue, the City nevertheless takes the position that, "subject to confirmation" the Court should assume – without any adjudication regarding these 10 signs – that they are unlawful, because it says so. The Debtor, not surprisingly, is ready and able to dispute any violations pertaining to these signs once the City is finished with its "confirmation" procedure. In fact, the Debtor consents to relief from the stay in order to

adjudicate the legality of these pursuant to NYC Administrative Code § 28-503.3, i.e., by a hearing before OATH.

Dated: New York, New York
November 21, 2011

>Goetz Fitzpatrick LLP
*Attorneys for OTR Media Group, Inc.*

By: _____/s/_____
Gary M. Kushner
A Partner of the Firm
One Pennsylvania Plaza
44th Floor
New York, New York 10119
(212) 695-8100

R:\Kushner\OTR - CHAPTER 11\Adversary Proceeding\City's Motion for Relief from Automatic Stay\OTR's Opposition to Motion to Vacate Automatic Stay.v1.11.18.2011.docx