1

2 UNITED STATES BANKRUPTCY COURT

3 SOUTHERN DISTRICT OF NEW YORK

4 Case No. 11-14652(JMP); Adv. Pro. No. 11-02782

5 - - - - - - - - - - - - - - - - - - - - -x

6 In the Matter of:

7 CONTEST PROMOTIONS-NY LLC,

8                 Debtor.

9 - - - - - - - - - - - - - - - - - - - - -x

10 CONTEST PROMOTIONS-NY LLC

11                 Plaintiff,

12  - against -

13 THE CITY OF NEW YORK,

14                 Defendant.

15 - - - - - - - - - - - - - - - - - - - - -x

16                 United States Bankruptcy Court

17                 One Bowling Green

18                 New York, New York

19

20                 November 15, 2011

21                 10:11 AM

22

23 B E F O R E:

24 HON. JAMES M. PECK

25 U.S. BANKRUPTCY JUDGE

1   declarant, which declined to appear today, to talk about harm

2   to the city if this relief is granted pending a determination

3   on whether the city will be successful in overturning the

4   relief that the debtor already has obtained in the state court

5   below.

6           So from our perspective, I think that's just one more

7   thing I would mention to Your Honor, that, on the balance,

8   that's where this really comes into sharp focus.  It's the

9   ongoing future of this company, plus the stake of all the

10  indemnities, weighed against the city's asserted interest in an

11  enforcement policy which, granted, is worthy of some weight but

12  less so, we believe, when the state court already has

13  decisively ruled against it.  Thank you, Your Honor.

14          THE COURT:  Okay.  Thank you all.  I think we've taken

15  our share of breaks today, but we're going to take one more.

16  I'm going to take about a ten minute break and I'm going to

17  gather my thoughts and endeavor to provide a ruling this

18  afternoon.  So I'll see you in about ten minutes.

19          (Recess from 3:28 p.m. until 3:38 p.m.)

20          THE COURT:  Be seated please.  I recognize that the

21  matter before the Court is of a potentially critical

22  significance to the viability of this Chapter 11 case.  And I

23  accept the statements made by debtor's counsel concerning the

24  vital nature of the relief being sought on behalf of his

25  client, Contest Promotions.

1       I've reviewed all the papers and the declarations and

2  I've paid careful consideration to the arguments that have been

3  made today as well as the testimony of Rick Del Mastro and

4  Robert Hochman.  I regret to inform the debtor that I do not

5  believe that the standards applicable to the grant of a

6  preliminary injunction have been met here.

7       As the debtor's own moving papers state at page 14,

8  the standard in the Second Circuit is clear.  A party seeking a

9  preliminary injunction must show (1) a likelihood of irreparable

10  harm in the absence of the injunction; and (2) either a

11  likelihood of success on the merits where sufficiently serious

12  question is going to the merits or the balance of hardships

13  tipping decidedly in the movant's favor.

14       It's questionable whether either of these standards

15  has been met, but nothing has been shown with respect to prong

16  number 2, a likelihood of success on the merits and a

17  sufficiently serious question going to the merits.

18       As to a likelihood of irreparable harm, that may be a

19  closer question but I find that there has been a failure to

20  show irreparable harm here.  One of the reasons for that is

21  embedded in the testimony of Mr. Hochman who responded to a

22  number of questions in a very thoughtful and helpful way to the

23  Court.  But he also demonstrated, at least to my understanding,

24  that, as the city has contended, there is a robust

25  administrative law process which is available and has always

1    been available to this debtor to deal with issues of

2    enforcement.

3            Perhaps most significantly, the debtor is relying upon

4    the efficacy of a judicial determination made by Justice

5    Rakower which is currently on appeal.

6            The debtor finds itself, in what seems to be, a

7    terrible dilemma.  Based upon what has been represented in

8    court, it seems to me that a successful appeal by the city of

9    Justice Rakower's decision does nothing to change the current

10   state of play at the administrative law level because, as has

11   been noted, the debtors prevailed before Justice Rakower with

12   respect to the relief that was there being sought.  But based

13   upon my understanding of that relief, it does not really go to

14   the penalty phase of this enforcement action rather it

15   indicates in a rather theoretical way, from my perspective,

16   that the business model can be consistent with an accessory

17   use.  It does not declare, as I read the decision, that the

18   Environmental Control Board or any administrative law judge

19   needs to follow that business model with respect to a

20   particular use.

21           As I said at the outset of this proceeding, I was

22   concerned about the excessive reliance upon business model and

23   insufficient reliance on actual application of the model in the

24   field.  No evidence was presented here with pictures and

25   schematics of what these signs look like.  I know what the

1    signs look like because I've seen them in the submission made

2    by the city but I'm not considering that as evidence because

3    they haven't been offered into evidence.

4           Nonetheless, if the debtor is going to carry its

5    burden of, in effect, seeking to have this Court trump the

6    state court system with respect to a state law city-based

7    scheme of regulation, quite a bit more needs to be shown than

8    was shown here today.  Because the relief that is being sought

9    is not just a preliminary injunction, it's an intervention.

10   The debtor is seeking to have a federal court override the

11   existing regulatory regime which carries within it appellate

12   rights.  I am loath to do that on this record and I'm not sure

13   I am willing to do it on any record.  For that reason, the

14   likelihood of irreparable harm, in my view, has not been shown

15   because of the existing parallel ability to obtain some form of

16   relief in the state court system.

17          I'm also troubled for the reasons expressed that what

18   is being sought here is, in effect, a bankruptcy override of

19   determinations made not only by the Environmental Control Board

20   and administrative law judges who function within that scheme,

21   but also, in effect, an interpretation of Justice Rakower's

22   decision.

23          I've looked at the transcript and I've looked at the

24   order and to the extent that the debtor needs relief, I urge

25   that that relief be sought from courts of competent

1   jurisdiction with actual expertise in the area of zoning and

2   advertising.

3          As to the second prong of the standard for granting a

4   preliminary injunction, there's really nothing in the record

5   that I can point to and nothing has been pointed to by counsel

6   demonstrating that there is a likelihood of success on the

7   merits with sufficiently serious questions going to the merits.

8   The principal reason that I find this prong not having been

9   satisfied is that the only evidence that has been presented has

10  been presented through Mr. Del Mastro who is really not in a

11  position to talk about the merits of the litigation and by Mr.

12  Hochman who is simply talking about the administrative law

13  process.  Nothing has really been presented with respect to the

14  merits of the litigation itself against the city.

15         Now, embedded in all this is an unproven hypothetical.

16  That hypothetical is that the city is involved in harsh

17  treatment of this particular company, that its enforcement

18  regime is being used deliberately to abuse this debtor.  I see

19  no evidence of that.  That doesn't mean that it isn't possibly

20  true, it's just that based upon the evidence presented no one

21  from the city has been deposed, to my knowledge.  No one from

22  the city has been subpoenaed, to my knowledge.  No one from the

23  city has offered any testimony concerning the application of

24  its regulatory regime with respect to this debtor and how it

25  compares with any other party that may be involved in outdoor

1    advertising or accessory signs within the City of New York.

2          For that reason, the record is largely silent as to

3    one of the most fundamental questions before the Court which

4    is, is the city acting unfairly here.  Is there something

5    illegitimate about the way in which they are going after this

6    company and imposing harsh fines, treating these signs as

7    advertising rather than as accessory uses?  I understand that's

8    how they have been treating the signs.  What hasn't been

9    presented is that that's unfair or that they're acting

10   unreasonably, or there's anything incorrect about the

11   administrative judgments and treating these as, I'll call them

12   nonconforming uses.

13         Accordingly, the debtors' motion for a preliminary

14   injunction is denied but that doesn't necessarily mean that at

15   some time at a future point in this litigation if the

16   litigation is still alive and if the Chapter 11 case or some

17   other case under the Code is still alive that it may not be

18   possible to present evidence that would support the claims that

19   have been made against the city.  That evidence hasn't been

20   presented here.

21         Now, let me turn to the question, briefly, of Section

22   362(b)(4) and the exception from the automatic stay of Section

23   362(a) for the exercise of police and regulatory powers by a

24   governmental unit.  The ongoing enforcement activity of the

25   city appears to fit squarely within that exception but I don't

1    need to make that determination now.  I don't need to make that

2    determination in the context of denying the motion for

3    summary -- excuse me -- for preliminary injunction.

4         In effect, the city is at its peril in continuing to

5    enforce on the strength of that exception knowing that it is

6    the debtors' legal position that the exception does not

7    properly apply.  Whatever rights and remedies may flow from a

8    proven violation, can be presented at some future time.  In as

9    far as what this means to the case, that's for the parties to

10   determine.  And I have nothing more to add so we're adjourned.

11   Thank you.

12        MR. RAICHT:  Your Honor, before we adjourn, one last

13   point.  Is it based upon this record, is there -- would the

14   Court give consideration to issuing a limited stay for the

15   purpose of the debtor seeking redress in a state forum, an

16   appropriate state forum, and to lift the automatic stay to the

17   extent it applied to any such relief we might seek in that

18   state forum?

19        THE COURT:  Well, let me just deal -- I'll give the

20   parties a chance to respond to this.  I don't see any immediate

21   and irreparable harm here that requires a stay.  Based upon the

22   record that has been presented, there's no indication that

23   tomorrow or next week there's going to be a taking of assets or

24   an interruption of the debtors' ability to operate by virtue of

25   the city's regulatory activities.  In fact, my takeaway from

1  Mr. Hochman's testimony was that this is a somewhat time-
2  consuming process. I recognize that there is the potential for
3  harm to the business model by virtue of the impact of these
4  fines on the property owners and store owners, the various
5  proprietors that are potentially liable along with Contest
6  Promotions. I see no proof here that there is any immediate
7  risk with respect to even that group because while there has
8  been some general statements, there have been general
9  statements made by the two witnesses concerning the role played
10 by these individuals, nobody has said that immediately
11 somebody's going to tear down a sign or stop doing business.
12 There's nothing in the record to confirm that risk. And to the
13 extent that any party who is not a property owner identifies
14 that risk, it's not competent evidence; it's pure hearsay.

15     No property owner, no store owner came here as a
16 witness. Everything with respect to that aspect of the case is
17 suggestion rather than proof at the moment. I am not inclined
18 to impose any stay and believe that if there is a concerted
19 effort by the debtors to pursue relief in a court of competent
20 jurisdiction within the state system there's time to do that.
21 If I'm wrong, I'm sorry about those consequences but today's
22 record didn't prove an entitlement to any relief.

23     We're adjourned.

24     MR. RAICHT: Thank you, Your Honor.

25     (Whereupon these proceedings were concluded at 3:56 p.m.)