UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re:                                              : Chapter 11
                                                    :
OTR MEDIA GROUP INC.,                               : Case No. 1-11-47385 (ESS)
                                                    :
                    Debtor.                         :
-------------------------------------------------------------------x
OTR MEDIA GROUP, INC. et al.,                       : Adv. Pro. No. 1-11-01448
                                                    :
                    Plaintiffs,                     :
                                                    :
vs.                                                 : **SUPPLEMENTAL**
                                                    : **DECLARATION OF**
THE CITY OF NEW YORK,                               : **EDWARD J. FORTIER, JR.**
                                                    :
                    Defendant.                      :
-------------------------------------------------------------------x

**EDWARD J. FORTIER, JR.** declares, pursuant to 28 U.S.C. § 1746 and subject to the penalty of perjury, that the following statements are true and correct:

1. I am the Executive Director of Special Enforcement for the New York City Department of Buildings (the "Department"). One of my duties is the supervision of the Sign Enforcement Unit. I am fully aware of the facts set forth herein based upon my personal knowledge and review of the files maintained by my office.

2. I submit this declaration in support of the City's proposed order declaring that § 362(a) of the Bankruptcy Code does not stay the City's administrative enforcement of the Zoning Resolution and the Building Code

3. The Department enforces the City's sign rules in almost every case through the issuance of Notices of Violation ("NOVs"). Every NOV is returnable at the Environmental Control Board ("ECB"). Violations that are upheld at the ECB result uniformly in Decisions and Orders imposing penalties. The imposition of those penalties creates both specific and general

deterrence, promoting compliance from both the specific respondent and from other sign companies and many landlords who are aware of the enforcement activities undertaken by the Department. As I described in my prior Declaration, the NOV process has been very successful in securing compliance with the applicable rules.

4. DOB can write NOVs only when there is a sign actually in place that violates the sign rules. The issue at the ECB hearing is whether there was an offending sign on the day of the violation. To encourage compliance, the rules allow for the reduction in penalties when the respondent presents proof that the violation was remedied, generally by the removal of the sign. This mitigation provision provides that the penalties otherwise applicable are cut in half. *See* http://www.nyc.gov/html/dob/downloads/pdf/ecb_penalty_update.pdf (infraction codes for signs include B159-78).

5. The Department's business records show the following NOV issued against the Debtor for its sign on display contrary to permit at 424 West 33rd Street in Manhattan:

| RESPONDENT | VIO DESCRIPTION | VIO DATE | STATUS OF VIO | ECB NUMBER |
|---|---|---|---|---|
| OTR MEDIA GROUP, INC | Sign contrary to permit | 5/14/2011 | Open - No Compliance Recorded | 34919654Y |
| OTR MEDIA GROUP, INC | Non-conforming sign/impermissible increase in surface area | 5/14/2011 | Open - No Compliance Recorded | 34919655X |
| OTR MEDIA GROUP, INC | Making illegal sign space available | 5/14/2011 | Open - No Compliance Recorded | 34919656H |

6. This was no technical violation. The allowable surface area for a sign at that location was 3,600 square feet. The inspector estimated the sign at 10,000 square feet. Due to the extraordinary size of the sign, nearly two-thirds of it was secured to the building by

anchors never contemplated in the existing permit nor approved by DOB. This aspect of the violation underscores that one of the many purposes served by the sign rules is promoting the safe design and erection of signs.

7. As the Department's records show, the Debtor has not filed with the Department a certificate of compliance, showing correction of the condition underlying the NOV. The initial hearing on 9/9/11 was adjourned initially 12/2/11 to facilitate the presence and testimony of the inspecting officer and then further adjourned to 1/6/12.

8. The penalties imposed through the Department's enforcement efforts are integral to the success of its program. Sign companies would have strong financial incentives to display signs regardless of their lawfulness if they could avoid penalties by removal of signs prior to the date that a hearing is held at the ECB.

9. The Department therefore requests that this Court allow for the comprehensive enforcement scheme to proceed as authorized by statuettes and regulations.

Dated: New York, New York
December 9, 2011

/s/ Edward Fortier, Jr.
Edward J. Fortier, Jr.