| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK | Return Date: December 15, 2011<br>at 2:30 p.m. |

---------------------------------------------------------------- x
In re: :
: Chapter 11
OTR MEDIA GROUP INC., :
: Case No. 1-11-47385 (ESS)
                Debtor. :
:
---------------------------------------------------------------- x
OTR MEDIA GROUP, INC., *et al.*, :   Adv. Pro. No. 1-11-01448
:
                Plaintiffs, :   **DEBTOR'S SUBMISSION IN**
vs. :   **SUPPORT OF ITS PROPOSED**
:   **ORDER GRANTING, IN PART,**
THE CITY OF NEW YORK, :   **THE CITY OF NEW YORK'S**
:   **MOTION FOR RELIEF FROM**
                Defendant. :   <u>**THE AUTOMATIC STAY**</u>
---------------------------------------------------------------- x

To the Honorable Elizabeth S. Stong,
United States Bankruptcy Judge:

       OTR Media Group, Inc. ("OTR" or the "Debtor"), by its counsel, Goetz Fitzpatrick LLP, respectfully states as follows:

<u>**Preliminary Statement**</u>

       1.    On November 29, 2011, the Court held a hearing (the "Hearing") on the motion (ECF No. 23, the "Motion") of the City of New York (the "City"), seeking entry of an order (i) declaring that the automatic stay does not apply to either (a) the issuance by the City's Department of Buildings of notices of violations ("NOVs") citing violations by the Debtor, or its affiliates or indemnities (if any), of the Sign Laws or (b) the adjudication of those NOVs by the City's Environmental Control Board; or (ii) in the alternative, granting the City relief from the automatic stay with respect to the issuance and adjudication of NOVs against the Debtor.

       2.    During the Hearing, the Court directed the parties to submit a consensual order reflecting the Court's ruling on the Motion.

3. A full transcript of the record of the Hearing (the "Transcript") is annexed hereto as Exhibit "A".

4. The parties attempted to negotiate a consensual order following the Hearing. As stated in the Debtor's letter to the Court dated December 5, 2011, the Debtor was unable to agree with the City on a consensual order with respect to the Motion.

5. Subsequently, the Debtor and the City each submitted a proposed form of order for the Court's review. In light of the dispute as to the form of order to enter, the Court issued a separate order dated December 7, 2011 (ECF No. 32) setting a hearing returnable on December 15, 2011, at 2:30 p.m.

6. The City then submitted a Supplemental Memorandum of Law, dated December 9, 2011 (the "Supplement"), in which the City flatly ignores the Court's ruling and appears to renege on the parties' agreement – made in open court at the Hearing – that the proposed order would relate only to OTR's existing signs.

7. The Court did not grant the right or otherwise direct either party to file supplemental pleadings on the fully-briefed, -argued and –determined motion. To the extent that the City wishes to have the Court reconsider its ruling at the Hearing, the Supplement is an inappropriate way to obtain that relief.[1]

8. The Debtor has carefully reviewed and analyzed the Transcript and cross-referenced it against each party's proposed form of order. The Debtor has also reviewed the Supplement. The results of this analysis are hereby submitted with the hope that they will be

---

[1] Although the Supplement should be flatly rejected as an unauthorized pleading, OTR would be remiss if it did not mention that it contains many of the same fictions as its proposed order. For example, the City speaks about a hearing held on December 2, 2011 ("three days after the last hearing on this matter") in which the City claims that OTR's lawyer advised DOB and ECB that its sign at 424 West 33rd Street had been removed. See Supplement at p. 3. In fact, as set forth in the Debtor's opposition to the Motion, filed November 22, 2011 (ECB No. 24), the City was advised that the Debtor was in the process of removing the sign in question.

helpful to the Court when the parties reconvene for the hearing to determine an appropriate order resolving the Motion.

### The City's Supplement

9. As submitted in its opposition to the City's Motion, pledged at the Hearing, and reiterated <u>infra</u> at ¶ 14, the Debtor does not dispute the legitimacy of the City's police power to enforce the Sign Laws as to OTR's **existing** signs, echoing the City's wish to "ascertain the lawfulness of sign locations". <u>See</u> Supplement at p. 2. The Debtor simply needs the opportunity to ascertain its existing signs' lawfulness without the City's draconian and purely pecuniary requirement that it pay or bond ECB penalties before it can appeal.

10. When the City argues that the Court "should enter an Order that allows the City's comprehensive code enforcement provisions to operate" (<u>see</u> Supplement at p. 4), the City ignores the Court's ruling, as reflected in the Transcript and detailed below.

11. And in arguing that the 362(d)(4) exception "allows ECB to adjudicate violations whether or not the sign in question remains up" (<u>see</u> Supplement at p. 5), the City has broken the parties' agreement and ignored the Court's determination that stay relief would be granted only to proceedings on existing signs.

12. That the City declined to make reference to the Transcript in its Supplement – let alone to annex a copy – speaks volumes about the City's disregard for what actually transpired at the Hearing.

13. It should be no wonder, given the City's reversal once not in front of the Court, that the parties could not come to an agreement with respect to a consensual order.

## The Debtor's Proposed Order

14. The first three "ORDERED" paragraphs of the Debtor's proposed order provide that the automatic stay does not apply to the City's issuance of NOVs with respect to the Debtor's **existing** signs. The parties stipulated to this on the record. See Transcript at 28:18-24 (City agrees) and 29:14-16 (Debtor agrees).

15. The Debtor's proposed fourth "ORDERED" paragraph initially provides that the exception to the automatic stay set forth at § 362(d)(4) of the Bankruptcy Code "does not apply to enable the City to obtain any money judgment against the Debtor, nor to enforce any pecuniary interest in the Debtor's property…"

16. This language in the Debtor's proposed order is supported by the Transcript, in which the Court ruled that the

> 362(d)(4) exception to the application of the stay excludes actions to advance a pecuniary interest or to enforce a money judgment…

Transcript, 47:15-17.

17. The Debtor's proposed fourth "ORDERED" paragraph also provides that the City's pecuniary interest (which is not excepted from the automatic stay) includes, without limitation, "the right to compel the Debtor to pay or bond any fine, penalty or any other monetary entitlement obtained in connection with the City's enforcement of the Sign Laws, without further order of this Court."

18. This proposed language is also supported by the Transcript, in which the Court ruled that:

> it seems to me based on the record the city has not established or I am not yet persuaded that the 362(d)(4) exception to the automatic stay excepts or carves out from the stay not only those proceedings, but also that which we have been focusing on most

> recently in this hearing, the requirement to bond or pay any fine in order to pursue an appeal.

Transcript, 47:23 – 48:5.

19. The Debtor's proposed fifth "ORDERED" paragraph provides that the Court reserves its decision on that aspect of the Motion which seeks relief with respect to signs and/or locations that the Debtor no longer operates. As described below, the City's proposed order does not take issue with this relief.

20. Based on the foregoing, OTR respectfully submits that the Debtor's form of proposed order accurately reflects the Court's ruling as contained in the Transcript, and that the Debtor's order should be entered by the Court.

### The City's Proposed Order

21. The Debtor was unable to agree with the City's proposed order because certain of its provisions are flatly contradicted by the Court's ruling at the Hearing, as expressly reflected in the Transcript.

22. The City's "DECLARED" paragraph, on page 2 of its proposed order, provides that the Court will "hold in abeyance" the question of "whether the city may **otherwise** take action to enforce ensuing judgments against the Debtor" obtained at the ECB (emphasis added).

23. Broadly interpreted, the "otherwise" contained in the City's proposed order may be read to include the City's requirement that the Debtor pay or bond any ECB fine before an appeal may be taken. The broad interpretation is justified when read in conjunction with the City's second "ORDERED" paragraph, spanning pages 2 and 3 of the City's proposed order, which provides that "nothing herein affects any right of the Debtor to apply to the court for relief

from the requirement that a respondent pay the penalty or post a bond in order to perfect an administrative appeal."

24. The Court simply did not rule that a decision as to such enforcement would be held in abeyance, nor that the Debtor must make further application to the Court for relief from such enforcement. To the contrary, the Transcript provides that:

> the balance may well tip in favor of the argument being advanced by the debtor as to whether the exclusion from the automatic stay stops short of permitting the city to expect or require if a waiver were not to be granted the posting of the bond or payment of the fine required by the rule in the absence of the waiver.

Transcript, 48:16-21.

25. If OTR properly understands the Court's ruling, Your Honor held that the "police power" exception to the automatic stay does not extend to the City's (purely pecuniary) requirement that the Debtor bond or pay any fine in order to appeal, especially in light of the fact that paying and/or bonding such fines would be fatal to the Debtor's reorganization efforts. Accordingly, the Debtor could not acquiesce to these provisions of the City's proposed order.

26. The City's third "ORDERED" paragraph, the first full paragraph on page 3 of the City's proposed order, provides that the Court reserves its decision on that aspect of the Motion which seeks relief with respect to sign locations that the Debtor "no longer operates or has the right to operate…". As described above, the Debtor does not oppose this relief.

27. Notwithstanding the proposed order it previously submitted, the City now argues in the Supplement that the stay exception applies whether or not a sign remains up. The Debtor respectfully submits that the City's flip-flopping necessitates careful drafting of the final order to truly reflect the Court's ruling, which was intended to protect both the City's interest in enforcing its police powers and the Debtor's efforts to reorganize.

Very truly yours,

GOETZ FITZPATRICK LLP
*Counsel for the Debtor*

By: /s/Gary M. Kushner
      Gary M. Kushner
      *A Partner of the Firm*