UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
In re: : Chapter 11
 :
OTR MEDIA GROUP INC., : Case No. 1-11-47385 (ESS)
 :
                Debtor. :
------------------------------------------------------------------- x
OTR MEDIA GROUP, INC., *et al.*, :
 :  Adv. Pro. No. 1-11-01448
               Plaintiffs, :
vs. :
 :
THE CITY OF NEW YORK, :
 :
               Defendant. :
------------------------------------------------------------------- x

## ORDER GRANTING THE CITY OF NEW YORK'S MOTION FOR AN ORDER VACATING THE STIPULATION AND JUDGMENT ENTERED INTO ON SEPTEMBER 2, 2011

WHEREAS, on August 25, 2011, OTR Media Group, Inc. filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code; and

WHEREAS, on September 1, 2011, the Debtor and certain non-debtor entities who may be contractually entitled to indemnification by the Debtor (the "Landlords") initiated an adversary proceeding by filing a complaint, seeking a declaratory judgment, damages, equitable subordination, and a permanent injunction against the City of New York (the "City"); and

WHEREAS, on September 1, 2011, the Debtor also filed an application for the entry of an order to show cause and a motion for a preliminary injunction, and on September 2, 2012, a memorandum of law in support of that motion (the "Motion for Preliminary Injunction"), seeking, among other things, to enjoin the City from taking certain enforcement, collection, and other actions against the Debtor and the Landlords, on grounds that such actions by the City would cause irrevocable harm to the Debtor, the Debtor's estate, the Debtor's creditors, and the

Landlords by jeopardizing the Debtor's ability to operate as a going concern and threatening the potential for a reorganization; and

WHEREAS, on September 2, 2011, the Court held a hearing on the Motion for Preliminary Injunction (the "September 2 Hearing") at which the Debtor and the City appeared and were heard, and that hearing has been adjourned from time to time and was marked off the Court's calendar on November 29, 2011; and

WHEREAS, at the September 2 Hearing, the City stated that in connection with the Motion for Preliminary Injunction, the City was prepared to enter into an agreement with the Debtor "on a short term" and "temporary" basis not to take further affirmative steps towards enforcement, collection, and certain other actions against the Landlords, Hr'g Tr. 35:3-4, Sept. 2, 2011, and

WHEREAS, in order to aid the parties in effecting a temporary resolution, the Court stated that the parties could file an agreement with the Court covering an "interim period," Hr'g Tr. 45:18, Sept. 2, 2011; and

WHEREAS, on September 2, 2011, the parties entered into a stipulation, which was so-ordered by the Court, in which the parties agreed, among other things, that the City would not take further affirmative steps towards enforcement, collection, and certain other actions against the Landlords and the Landlords would not take actions that would affect their assets outside of the normal course of business, all pending further action of this Court (the "Stipulation and Order"); and

WHEREAS, the Stipulation and Order was signed by attorney Gary M. Kushner on behalf of the Debtor and the Landlords, and by attorney Alan H. Kleinman on behalf of the City; and

WHEREAS, on October 11, 2011, the City filed a motion to vacate the Stipulation and Order (the "Motion to Vacate"), seeking to vacate the stipulation or, in the alternative, to amend the Stipulation and Order so that it expires fourteen days after the entry of the amended order; and

WHEREAS, in the Motion to Vacate, the City argues, among other things, that the Stipulation and Order served as a temporary restraining order pending disposition of the Debtor's Motion for Preliminary Injunction, and that the City entered into the agreement because, among other reasons, the agreement imposed obligations on the Landlords; and

WHEREAS, in the Motion to Vacate, the City argues, among other things, that the Stipulation and Order should (i) be vacated because it is not clear whether the Landlords, who are not individually parties or signatories to the stipulation, are bound by the Stipulation and Order, or (ii) be amended to expire fourteen days after its entry in accordance with the time limit set forth in Federal Rule of Civil Procedure 65(b)(2) for temporary restraining orders, made applicable to adversary proceedings by Bankruptcy Rule 7065 ("Rule 65(b)(2)"); and

WHEREAS, on October 24, 2011, the Debtor filed opposition to the City's Motion to Vacate, arguing, among other things, that procedurally, the City untimely filed the motion because Bankruptcy Rule 9023(e) requires that a motion to alter or amend a judgment be filed no later than twenty-eight days after the entry of the judgment, and that substantively, the Landlords are bound by the Stipulation and Order; and

WHEREAS, on October 25, 2011, the Court held a hearing on the Motion to Vacate at which the Debtor and the City appeared and were heard, and the Landlords did not appear, and that hearing has been adjourned from time to time on consent of the parties; and

WHEREAS, on February 21, 2012, the Debtor filed a letter requesting that the Court dismiss this adversary proceeding for mootness, but leave the Stipulation and Order in effect; and

WHEREAS, on February 21, 2012, the City filed a letter requesting that the Court dismiss this adversary proceeding for mootness, but grant the City's Motion to Vacate; and

WHEREAS, on December 20, 2012, the Court held an adjourned hearing on the Motion to Vacate at which the Debtor and the City appeared and were heard, and the Landlords did not appear, and the Court reserved decision; and

WHEREAS, the Debtor has not established that the Landlords are bound by the Stipulation and Order; and

WHEREAS, the Landlords have not appeared or taken a position on the Motion to Vacate; and

WHEREAS, based on the entire record, including the expedited and limited notice and record available to the parties and the Court when the Debtor and the City entered into the stipulation, and the record of the hearing held on September 2, 2011, the Stipulation and Order was entered into as a temporary and interim measure in response to the parties' immediate needs; and

WHEREAS, the Stipulation and Order is in the nature of, and operated as, a temporary restraining order; and

WHEREAS, a temporary restraining order may continue in effect for fourteen days after entry of the order unless the court extends its effectiveness for good cause or the adverse party consents to a longer extension, *see* Fed. R. Civ. P. 65(b)(2); *OMC, Inc. v. Local Union 28 of the Sheet Metal Workers' Int'l Union (In re OMC, Inc.)*, 2010 Bankr. LEXIS 3600, at *7-8 (Bankr.

S.D.N.Y. Oct. 13, 2010) (applying the limitation on the duration of temporary restraining orders where the adverse party had been given notice and an opportunity to appear and oppose issuance of the temporary restraining order); and

WHEREAS, the City does not consent to the continuation of the effectiveness of the Stipulation and Order; and

WHEREAS, Bankruptcy Code Section 105(a) provides that a court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title"; and

WHEREAS, based on the entire record, the City has established that the Stipulation and Order should be amended to expire fourteen days after the entry of this Order in accordance with the time limit set forth in Rule 65(b)(2).

NOW, THEREFORE, it is hereby

ORDERED, that the Stipulation and Order is modified to expire on January 22, 2013, which is fourteen days after the entry of this Order; and it is further

ORDERED, that all other relief sought in the Motion to Vacate is denied.

Dated: Brooklyn, New York
January 8, 2013

/s/ Elizabeth S. Stong
Elizabeth S. Stong
United States Bankruptcy Judge