```
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
In re:                                          :    Chapter 11
                                                :
OTR MEDIA GROUP INC.,                           :    Case No. 1-11-47385 (ESS)
                                                :
                        Debtor.                 :
------------------------------------------------------------------ x
OTR MEDIA GROUP, INC., et al.,                  :
                                                :    Adv. Pro. No. 1-11-01448
                        Plaintiffs,             :
vs.                                             :
                                                :
THE CITY OF NEW YORK,                           :
                                                :
                        Defendant.              :
------------------------------------------------------------------ x
```

## ORDER DENYING THE DEBTOR'S
## MOTION TO REINSTITUTE THE AUTOMATIC STAY

WHEREAS, on August 25, 2011, OTR Media Group, Inc. filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code; and

WHEREAS, on September 1, 2011, the Debtor and certain non-debtor entities who may be contractually entitled to indemnification by the Debtor (the "Landlords") initiated an adversary proceeding by filing a complaint, seeking a declaratory judgment, damages, equitable subordination, and a permanent injunction against the City of New York (the "City"); and

WHEREAS, on November 10, 2011, the City filed a motion for an order declaring that the automatic stay does not apply to the City's issuance and adjudication of notices of violation against the Debtor, or, in the alternative, for an order granting the City relief from the automatic stay with respect to the issuance and adjudication of notices of violation against the Debtor (the "Motion for Relief from Stay"); and

WHEREAS, on November 22, 2011, the Debtor filed an affirmation in opposition to the Motion for Relief from Stay; and

WHEREAS, on November 23, 2011, the City filed reply declarations of Alan Kleinman and Edward Fortier in further support of the Motion for Relief from Stay; and

WHEREAS, on November 29, 2011, the Court held a hearing on the Motion for Relief from Stay at which the Debtor and the City appeared and were heard; and

WHEREAS, on December 16, 2011, on consent of the Debtor, the Court issued an order granting, in part, the Motion for Relief from Stay, finding, among other things, that pursuant to Bankruptcy Code 362(b)(4), the automatic stay does not apply to the commencement or continuation of an action or proceeding by the City to enforce its police and regulatory power, including enforcement of a judgment other than a money judgment obtained in an action or proceeding to enforce the Administrative Code, Zoning Resolution, or another law or rule regulating outdoor advertising (the "Sign Laws") against the Debtor with respect to any sign location presently operated by the Debtor; that the automatic stay does not apply to the City's Department of Buildings' issuance of notices of violations citing violations by the Debtor with respect to any sign location presently operated by the Debtor; and that the City may take any appropriate and lawful steps, other than enforcement of a money judgment, to enforce the Sign Laws against the Debtor (the "December 16 Order"); and

WHEREAS, on April 20, 2012, the Court held a continued hearing on the Motion for Relief from Stay at which the Debtor and the City appeared and were heard; and

WHEREAS, on May 8, 2012, the Court issued an order in which the Court found, among other things, that pursuant to Bankruptcy Code 362(b)(4), the automatic stay does not apply to the commencement or continuation of an action or proceeding by the City to enforce its police and regulatory power, including enforcement of a judgment other than a money judgment obtained in an action or proceeding to enforce the Sign Laws against the Debtor; that the

automatic stay does not apply to the City's Department of Buildings' issuance of notices of violations citing violations by the Debtor; that the City may take any appropriate and lawful steps, other than enforcement of a money judgment, to enforce the Sign Laws against the Debtor; and that to the extent that Section 362(b)(4) does not apply to the City's issuance of notices of violation citing violations by the Debtor, there is cause to lift the automatic stay pursuant to Bankruptcy Code Section 362(d)(1) to allow the City to pursue its rights under applicable law against the Debtor, other than enforcement of a money judgment (the "May 8 Order"); and

WHEREAS, on July 19, 2012, in response to a motion to convert or dismiss the Debtor's Chapter 11 case, several parties including the Debtor and the City consented to the entry of an order providing, among other things, for a review process of the Debtor's signs and sign locations by Phyllis Arnold, Esq., pursuant to which the Debtor would remove any signs from any locations Ms. Arnold deemed to be unlawful or otherwise unviable or else risk conversion of the case to Chapter 7 on limited notice (the "Consent Order"); and

WHEREAS, on December 7, 2012, the Debtor filed a motion for an order modifying this Court's May 8 Order under Federal Rule of Civil Procedure 60(b)(6), as applicable to this bankruptcy case under Bankruptcy Rule 9024 ("Rule 60(b)"), and/or under Bankruptcy Code Section 105(a) ("Section 105(a)"), to impose a stay of the City's prosecution of permit revocation proceedings and Environmental Control Board hearings until the legality of the Debtor's sign inventory is determined by the process set forth in the Consent Order (the "Motion for Reinstitution of Automatic Stay"); and

WHEREAS, in the Motion for Reinstitution of Automatic Stay, the Debtor states that the City has been exercising its police and regulatory powers in an inappropriately duplicative manner, thereby harming the Debtor's prospects of reorganization and violating the Court's

order that the City may take any "appropriate and lawful steps" to enforce the Sign Laws against the Debtor; and

WHEREAS, on December 14, 2012, the City filed opposition to the Motion for Reinstitution of Automatic Stay, arguing, among other things, that the Court has already decided the relevant issues in the City's favor by its issuance of the December 16 Order and the May 8 Order, and that the process set forth in the Consent Order is consistent with the continuance of the City's administrative proceedings in order to determine the lawfulness and viability of the Debtor's signs and sign locations; and

WHEREAS, under Rule 60(b)(6), a court may relieve a party from a final judgment, order, or proceeding under certain circumstances, including "any other reason that justifies relief"; and

WHEREAS, relief under Rule 60(b)(6) may be appropriate where "the movant can demonstrate extraordinary circumstances or extreme and undue hardship," *Le Blanc v. Cleveland*, 248 F.3d 95, 100 (2d Cir. 2001) (internal quotations removed), and such circumstances may include where the movant did not receive adequate notice of a judgment, order, or proceeding, *see In re Enron Creditors Recovery Corp.*, 2009 Bankr. LEXIS 3488, at *11-13 (Bankr. S.D.N.Y. Nov. 6, 2009); and

WHEREAS, under Section 105(a), a court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title," a power which "does not authorize the bankruptcy courts to create substantive rights that are otherwise unavailable under applicable law, or constitute a roving commission to do equity," *Solow v. Kalikow (In re Kalikow)*, 602 F.3d 82, 96 (2d Cir. 2010) (internal quotations removed); and

WHEREAS, the Court has already determined in the May 8 Order and the December 16 Order that, pursuant to Bankruptcy Code Section 362(b)(4), the automatic stay does not apply to the commencement or continuation of an action or proceeding by the City to enforce its police and regulatory power, or to the City's Department of Buildings' issuance of notices of violations citing violations by the Debtor; and

WHEREAS, the Debtor argues that it is being harmed by the City's prosecution of permit revocation proceedings and Environmental Control Board hearings, but does not establish that the May 8 Order or the December 16 Order are incorrect in finding that the automatic stay does not apply to the commencement or continuation of an action or proceeding by the City to enforce its police and regulatory power, or to the City's Department of Buildings' issuance of notices of violations citing violations by the Debtor; and

WHEREAS, the automatic stay does not apply to the City's prosecution of permit revocation proceedings and Environmental Control Board hearings, as they are actions or proceedings by the City to enforce its police or regulatory power; and

WHEREAS, the Debtor has not otherwise established a basis for the relief that it seeks.

NOW THEREFORE, it is hereby

ORDERED, that the Debtor's Motion for Reinstitution of Automatic Stay is denied; and it is further

ORDERED, that the City may take appropriate and lawful steps, other than enforcement of a money judgment, to enforce the Sign Laws against the Debtor.



Dated: Brooklyn, New York  
January 8, 2013

_____  
Elizabeth S. Stong  
United States Bankruptcy Judge