Jeremy Rosenberg (JR-4111)
The Law Office of Jeremy Rosenberg
30 Broad Street, 27th Floor
New York, New York 10004
Tel No. (212) 422-3843
Fax No. (212) 422-3844

*Attorney for Gotham Broad, LLC*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------- X

In re:

OTR MEDIA GROUP INC.,

    Debtor.

---------------------------------------------------------- X

OTR MEDIA GROUP, INC., 203 17TH REALTY LLC, SAKELE BROTHERS, LLC *and* ONE MAIDEN LANE REALTY, LLC, *all New York limited liability companies*, 848 FULTON REALTY CORP. *and* MING SHENG INC., *New York corporations*, GOTHAM BROAD, LLC, *a Delaware limited liability company*, FOTINI THEOHARIDU, and PHILLIPE JOCELINE, *natural persons*,

    Plaintiffs,

- vs. -

The CITY OF NEW YORK,

    Defendant.

---------------------------------------------------------- X

Chapter 11

Case No. 1-11-47385 (ESS)

Adv. Pro. No. 1-11-01448(ess)

**DECLARATION OF DAVID ISHAY**

David Ishay solemnly declares under penalty of perjury as follows:

{00025667.DOCX}

1. I am a managing member of plaintiff Gotham Broad, LLC ("Gotham Broad"). In that capacity, I have personal knowledge of the procedural history and relevant facts of this matter.

2. I submit this supplemental <u>emergency</u> Declaration pursuant to Local Rule 9077-1(a) of this Court, and in support of Gotham Broad's application, pursuant to 11 U.S.C. §§105(a) and 362(a) (the "Bankruptcy Code"), and Rule 7065 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for a temporary restraining order enjoining defendant the City of New York (the "City") from, *inter alia,* executing against Gotham Broad or the property of Gotham Broad, pursuant to "judgments" obtained by the City against Gotham Broad, prior to the commencement of Debtor OTR Media Group, Inc.'s ("Debtor"), Chapter 11 proceeding relating to, or in connection with the OTR sign claims underlying the disputes between Debtor and its Indemnitees, and the City, as such is set forth in Gotham Broad's complaint. Alternatively, Gotham Broad seeks an injunction under Section 105 of the Bankruptcy Code, and Rule 7065 of the Federal Rules of Bankruptcy Procedure, to effectuate the goals of the Bankruptcy Code by assuring a successful reorganization of Debtor and protecting the rights of other creditors. Indeed, **Gotham Broad respectfully requests that the Court grant Gotham Broad's instant application because the City has commenced execution against Gotham Broad and property belonging to Gotham Broad**. A copy of a rent levy served upon Gotham Broad's rent rolls by the City Marshal is annexed hereto as Exhibit "1"[1].

---

[1] The Court should be advised that, in the course of the City serving its rent levy upon Gotham Broad's tenants, the City has been falsely advising Gotham Broad's tenants that Gotham Broad has been altering documents and otherwise conducting itself illegally in its purported effort to avoid enforcement of the judgments obtained by the City. A copy of one e-mail from one of Gotham Broad's tenants to Gotham Broad's employee evidences such

3. To be certain, Gotham Broad incorporates by reference herein, its moving declaration in support of its application for injunctive relief. Briefly, as amply demonstrated in Gotham Broad's moving declaration, Debtor is in the business of outdoor advertising. Gotham Broad is an owner of real property who entered into a contract for the leasing of space to Debtor in order to erect outdoor advertising displays, said contract explicitly providing that Debtor will provide its indemnitees, such as Gotham Broad, a defense and indemnification with respect to all assessments, penalties or other costs arising from the placement of such displays. A copy of said contract is annexed hereto as Exhibit "3"[2]. As is patently clear, said contract provides for the aforementioned indemnification from Debtor to Gotham Broad. Indeed, Gotham Broad's involvement with these displays is entirely passive, and Debtor's placement of these signs – along with its assurance of indemnification – is at the core of Debtor's business, axiomatic to its ability to continue as a going concern in the long term and to satisfy the claims of creditors, including both Gotham Broad (with respect to their claims for indemnity and defense) and the City itself.

4. The City however, bent not on maximizing the revenue available to itself or other creditors from the estate but rather, bent on putting Debtor out of business completely and immediately, has insisted that it will continue its aggressive collection, by amongst other things, placing levies upon Gotham Broad's rent rolls (which itself is assigned to and secured by third parties), and otherwise continue to execute upon

---

statements by the City. A copy of said e-mail is annexed hereto as Exhibit "2". To be sure, the City's statements are slanderous designed to smear and otherwise degrade and humiliate Gotham Broad to its tenants. Such conduct by the City only buttresses Gotham Broad's claim that the City's tactics are designed solely to destroy Gotham Broad and others in a like position by seeking to put Gotham Broad and others in a like position, out of business.

[2] Although the contract indicates that the actual Lessor named in the contract is Gotham Realty Holdings, such contract was actually assigned in October 2006 by Gotham Realty Holdings to Gotham Broad, LLC. A copy of the Assignment demonstrating said assignment is annexed hereto as Exhibit "4".

judgments obtained by the City in connection with alleged violations of the City's outdoor advertising regulations arising out of signs placed by Debtor that is merely located on property owned by Gotham Broad. These threatened actions, if not enjoined by this Court, are guaranteed to result in the immediate destruction of what is an otherwise healthy and dynamic Debtor as a going concern, assure failure of the reorganization, and the elimination of any prospect of the satisfaction of the claims of other creditors on the estate. Indeed, if the City's threatened action is not enjoined, <u>Gotham Broad will suffer financial calamity in that the City's execution against Gotham Broad's property will cause various financial lenders of Gotham Broad to accelerate debt thereby pushing Gotham Broad to the precipice of foreclosure.</u>

     5.    For these reasons, on August 25, 2011, Debtor filed a voluntary petition for relief from its creditors under Chapter 11 of the Bankruptcy Code and advised the City that, a result of that filing, not only was Debtor itself afforded the protection of the automatic stay under § 362(a) of the Bankruptcy Code – requiring the cessation of all judicial, administrative or other proceedings against the Debtor – but that such protection extended to all entities to whom OTR has provided a contractual indemnity under the rule of *Branham v. Loews Orpheum Theatre*, 239 A.D.2d 356, 739 N.Y.S.2d 27 (1st Dept. 2002). Notwithstanding the foregoing however, and irrespective of the automatic stay provided under § 362(a) of the Bankruptcy Code in this Chapter 11 proceeding, the City has now commenced execution on various "judgments" it has obtained against Gotham Broad, judgments which Debtor is contractually obligated to indemnify. It is a certainty, and beyond any reasonable cavil, that collection

efforts against Gotham Broad will, if not enjoined, definitively, completely and fatally impede the reorganization of Debtor and the protection of its assets and creditors and otherwise cause irreparable harm to Gotham Broad. For this reason, Gotham Broad has filed its instant motion for immediate injunctive relief.

### THE COURT SHOULD GRANT A TEMPORARY RESTRAINING ORDER BARRING THE CITY FROM ANY COLLECTION ACTIONS AGAINST GOTHAM BROAD ON THE GROUNDS THAT SUCH ACTIONS VIOLATE THE AUTOMATIC STAY

6. As is demonstrated in Gotham Broad's moving Declaration, Gotham Broad urges the Court to issue a declaratory judgment that the automatic stay in bankruptcy provided by 11 U.S.C. § 362(a) applies to Gotham Broad as an Indemnitee of Debtor, and to whom the Debtor has a contractual obligation of indemnification. Upon such a ruling, Gotham Broad will be entitled to a temporary restraining order directing the City not to proceed with its planned execution upon "judgments" obtained against Gotham Broad.

7. Your Declarant is advised by his counsel that "the power of the Bankruptcy Court to issue an injunction in order to preserve the integrity of the reorganization process is well established." *In re Ionosphere Clubs, Inc.*, 111 B.R. 423, 434 (Bankr. S.D.N.Y. 1990) *aff'd in part sub nom. In re Ionosphere Clubs Inc.*, 124 B.R. 635 (S.D.N.Y. 1991). As in *In re Ionosphere Clubs*, such relief may include the extension of the automatic stay to non-debtors. In *Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282 (2d Cir. 2003), the Second Circuit enunciated the standard, met by plaintiffs here, for when actions taken against a non-debtor may be barred by the automatic stay:

> The automatic stay can apply to non-debtors, but normally does so only when a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate. Examples are a claim to establish an obligation of which the debtor is a guarantor, *McCartney v. Integra National Bank North,* 106 *Johns-Manville Corp. v. Asbestos Litigation Group (In re Johns-Manville Corp.),* 26 B.R. 420, 435-36 (Bankr.S.D.N.Y.1983) (on rehearing), and actions where "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant ...," *A.H. Robins Co. v. Piccinin,* 788 F.2d 994, 999 (4th Cir.1986).

*Id.* at 287-88. Here, of course, the Debtor is both a guarantor of Gotham Broad's legal obligations arising from the OTR Sign Claims and, as set forth above, is in a situation where the City's execution upon judgments obtained by the City "will have an immediate adverse economic consequence for the debtor's estate" – as well as ones that are not so immediate, but which this Court has still found to satisfy this standard. By way of example, and as Gotham Broad has previously demonstrated, in *Robert Plan Corp. v. Liberty Mut. Ins. Co.*, 09-CV-1930JS, 2010 WL 1193151 (E.D.N.Y. Mar. 23, 2010), this Court held that the mere existence of a claim may constitute an "immediate adverse economic consequence" to the estate that meets the *Queenie* standard. Certainly here, as set out in the Verified Complaint, such a formulation makes eminent sense: If Debtor does not find a way to meet its indemnification obligations and relieve Gotham Broad of the City's damaging collection efforts – demanding that tenants pay rent to satisfy violations arising from advertising erected and maintained by OTR – all will be lost. Ultimately, here the continuation of the City's prosecution of its claims will have the following immediate consequences: there will be no business of Debtor, no reorganization and no recovery for creditors if the City's actions are not halted. For this reason, the automatic stay applies to these actions as a matter of law. Indeed, Gotham Broad has sufficiently demonstrated

above that the instant circumstances fall squarely within the rubric of the Second Circuit's standard for extending the automatic stay to non-debtors such as itself. This includes Gotham Broad's assertion of the existence of an obligation, already well known to the City, "of which the debtor is a guarantor" – i.e., the indemnification obligations of the Debtor, running directly to Gotham Broad. As also established *supra*, the OTR Sign Claims will "have an immediate adverse consequence for the debtor's estate," thereby reinforcing the availability to Gotham Broad of the relief sought here.

### THE COURT SHOULD GRANT A TEMPORARY RESTRAINING ORDER BARRING THE CITY FROM ANY COLLECTION ACTIONS AGAINST THE INDEMNITEE PLAINTIFFS UNDER SECTION 105 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 7065.

8.  As is set forth in Gotham Broad's moving Declaration, this Court has an alternative ground on which it may base a temporary restraining order, and ultimately an injunction, prohibiting the City's collection actions against Gotham Broad with respect to the OTR Sign Claims. The Court may rule, as Gotham Broad has urged that it should, that the automatic stay applies to these actions under established case law. Alternatively, § 105 of the Bankruptcy Code grants bankruptcy courts independent and separate authority to issue an injunction against the City's threat to eviscerate the reorganization of the Debtor and to continue its action against the Debtor's indemnitee Gotham Broad:

> (a) The court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a). "The large majority of the courts which have considered the question have held that the bankruptcy courts have the power to restrain legal action by creditors of the debtor against non-debtor third parties, in certain circumstances, pursuant to 11 U.S.C. § 105." *In re Ionosphere Clubs, Inc., supra,* 111 B.R. at 434. Section 105 "empowers the court to enjoin preliminarily a creditor from continuing an action **or enforcing a state court judgment** against a non-debtor prior to confirmation of a plan." *In re Am. Hardwoods, Inc.,* 885 F.2d 621, 624-25 (9th Cir. 1989) (emphasis added), *citing, In re A.H. Robins Co.,* 828 F.2d 1023, 1026 (4th Cir.1987), *cert. denied,* 485 U.S. 969 (1988); *A.H. Robins Co. v. Piccinin,* 788 F.2d 994, 1002-03 (4th Cir.) (*Piccinin* ), *cert. denied,* 479 U.S. 876 (1986). Compare, *In re All Seasons Resorts, Inc.,* 79 B.R. 901, 903 (Bankr. C.D. Cal. 1987) (in order to extend automatic stay under § 362 to non-debtors, in some instances "debtor must proceed through § 105(a)").

9. Declarant is also advised by counsel that the standards for a temporary restraining order and preliminary injunction are well established, and are made applicable to the bankruptcy context by Bankruptcy Rule 7065. *In re Ionosphere Clubs,* 111 B.R. at 431. "Because injunctions under section 105(a) are authorized by statute they need not comply with traditional requirements of Rule 65. Rather, a bankruptcy court may utilize section 105 of the Code to 'enjoin proceedings in other courts when it is satisfied that such a proceeding would defeat or impair its jurisdiction with respect to a case before it.' *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC,* 429 B.R. 423, 436 (Bankr. S.D.N.Y. 2010) (citations omitted). It is ground enough to extend the automatic stay to non-debtors where doing so "contributes to

the debtor's efforts to achieve rehabilitation." *Teachers Ins. & Annuity Ass'n v. Butler*, 803 F.2d 61, 65 (2d Cir.1986). *See generally, In re Calpine Corp.*, 354 B.R. 45, 48 (Bankr. S.D.N.Y. 2006) *aff'd*, 365 B.R. 401 (S.D.N.Y. 2007) (collecting cases). Thus, a party seeking a preliminary injunction must show: (1) a likelihood of irreparable harm in the absence of the injunction and (2) either a likelihood of success on the merits or sufficiently serious questions going to the merits with a balance of hardships tipping decidedly in the movant's favor. *Doninger v. Niehoff*, 527 F.3d 41, 47 (2d Cir. 2008).

10. Clearly, the Debtor will suffer irreparable harm in the absence of a temporary restraint against the City. As set forth above, if the various actions taken and threatened by the City subsequent to the Petition Date in violation of the automatic stay are not enjoined, Debtor will be unable to conduct its business or manage its property as debtor-in-possession as contemplated by §§ 1107 and 1108 of the Bankruptcy Code: It will have no more customers; its contracts and its client relationships will be worthless; it creditors will get nothing because Debtor will have nothing to give them. Indeed, most certainly, Gotham Broad will suffer irreparable harm in that its financial arrangements and obligations with its various institutional lenders will be accelerated thereby causing Gotham Broad to be in default of loans totaling millions of dollars and further, triggering foreclosure upon Gotham Broad's real property as well as other financial calamity upon Gotham Broad.

11. In terms of balancing the hardships, therefore, Gotham Broad has amply demonstrated that the City's actions directly affect the estate, would be devastating to the reorganization here and would seriously undermine the prospects of any creditors' claims against the estate from being satisfied. In contrast, the risk to the City, in terms

of its ability to collect, of being delayed in its enforcement and other actions concerning the OTR Sign Claims, is minimal. Gotham Broad is a real estate management company; the source of its income and of the City's intended execution is valuable real property in this District, all of which is already encumbered. In fact, a delay occasioned by the success of this reorganization would actually benefit the City's overall ability to collect[3] – as opposed to its ability to achieve its *de facto* goal of eliminating Debtor's business and bringing its legal challenges to the City's conduct to an end.

12. The other factor the Court must consider is a likelihood of success on the merits. Here, Gotham Broad is advised by its counsel that it has a clear legal basis for the relief it instantly seeks:

> Courts have recognized three (3) circumstances in which the entry of a § 105 injunction restraining creditors from proceeding against non-debtors may be appropriate:
>
> 1. when the non-debtor owns assets which will either be a source of funds for the debtor or when the preservation of the non-debtor's credit standing will play a significant role in the debtor's attempt to reorganize;
>
> 2. upon a showing that the non-debtor's time, energy and commitment to the debtor are necessary for the formulation of a reorganization plan;
>
> 3. where the relationship between the non-debtor and debtor is such that a finding of liability against the non-debtor would effectively be imputed to the debtor, to the detriment of the estate.

*In re Saxby's Coffee Worldwide, LLC*, 440 B.R. 369, 379 (Bankr. E.D. Pa. 2009). Each of these factors has been discussed at length in Gotham Broad's moving declaration, and in the Verified Complaint also incorporated herein by reference, and not only does Gotham Broad meet the requirement that one of these scenarios exists

---

[3] This would be the case only if the relief sought in the Verified Complaint of equitably subordination of the City's claims were not ultimately granted. Plaintiffs' present application for preliminary relief does not address this count of the Verified Complaint, but no waiver of that claim is intended.

here, but in fact, all three of them do. Indeed, as also set forth in Gotham Broad's moving declaration, in the event the Court does not enjoin the City from enforcing and otherwise executing upon its judgment against Gotham Broad, the City will instantly proceed to execute against Gotham Broad and its property, thereby in effect, rendering Gotham Broad's adversary proceeding as moot. Therefore, Gotham Broad is entitled to the injunction sought and temporary restraining order pending consideration of the injunction application.

13. For the foregoing reasons, a temporary restraining order should be granted pursuant to §§ 105(a) and 362(a) of the Bankruptcy Code and Rule 7065 of the Bankruptcy Rules, enjoining defendant the City, its agents, servants and those acting in concert therewith, from: (i) the enforcement and/or execution against the Indemnitee Gotham Broad or property of the Indemnitee Gotham Broad, of any judgment obtained by the City, its agents, servants and those acting in concert therewith, before the commencement of the Debtor's chapter 11 case relating to or in connection with the OTR Sign Claims; (ii) taking any and all acts to obtain possession of property of the property of the Indemnitee Gotham Broad relating to or in connection with the OTR Sign Claims; (iii) taking any and all acts to exercise control over property of the Indemnitee Gotham Broad relating to or in connection with the OTR Sign Claims; and, (iv) for related and further relief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 3rd day of June, 2013, in New York, New York.

_____
DAVID ISHAY

{00025667.DOCX}