Gary M. Kushner
Scott D. Simon
GOETZ FITZPATRICK LLP
One Penn Plaza
New York, New York 10119
Tel: (212) 695-8100
gkushner@goetzfitz.com
ssimon@goetzfitz.com
*Attorneys for Debtor*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 11 |
| OTR MEDIA GROUP INC., | Case No. 1-11-47385 (ESS) |
| Debtor. | |

-------------------------------------------------------------X

| | |
|---|---|
| OTR MEDIA GROUP, INC.,<br>203 17th REALTY LLC, SAKELE BROTHERS, LLC,<br>ONE MAIDEN LANE REALTY, LLC,<br>848 FULTON REALTY CORP., MING SHENG INC.,<br>GOTHAM BROAD, LLC, FOTINI THEOHARIDU,<br>and PHILLIPE JOCELINE, | Adv. Pro. No. 11-01448 (ESS) |
| Plaintiffs, | |
| -against- | |
| THE CITY OF NEW YORK, | |
| Defendant. | |

-----------------------------------------------------------------X

**TO THE HONORABLE ELIZABETH S. STONG,
UNITED STATES BANKRUPTCY JUDGE:**

### **DEBTOR'S OBJECTION TO EDWARD ARRIGONI'S MOTION TO QUASH**

OTR Media Group, Inc., the debtor and debtor-in-possession ("OTR" or the "Debtor"), in opposition to the motion of Edward Arrigoni ("Arrigoni") seeking to quash the third-party subpoena served upon him (the "Motion", ECF No. 68), states as follows:

## Procedural History

1. As the Court is aware, the Debtor and the City of New York are engaged in numerous contested matters related to the City's enforcement of its sign laws as against the Debtor's advertising displays. These contested matters include, but are not limited to, the captioned adversary proceeding.

2. The Debtor has, through the efforts of its various professionals including Phyllis Arnold and Ariel Holzer, challenged the City's assertions that certain signs are illegal. An important part of those efforts has been researching what the City claims are gaps in evidence which would allow certain signs to achieve "grandfathered," legal advertising status under the City's Sign Laws.

3. On April 8, 2013, the City filed the declaration of Edward Fortier, Jr. (the "Fortier Declaration", ECF No. 373), which stated, in relevant part:

> In addition to the nine locations that lack permits, four of the other locations in OTR's portfolio are unlawful because OTR either failed to file an arterial registration application (450 West 31st Street in Manhattan) or filed inadequate registration applications that DOB rejected (261 Walton Avenue and 330 Bruckner Boulevard in the Bronx and 25 Skillman Avenue in Brooklyn). For at least three of these arterial signs, moreover, OTR is relying on legally tenuous permits that do or might face revocation imminently. For 330 Bruckner, one existing permit has been revoked, the other is the subject of a revocation proceeding – OTR failed to respond to the notice of intent to revoke by the February 28, 2013 deadline – and OTR's application for a new permit was denied.

4. Notwithstanding Mr. Fortier's assertions to the contrary, the Debtor believes that the sign at 330 Bruckner Boulevard in the Bronx ("330 Bruckner") is a viable, legal advertising sign.

5. The Debtor's research has uncovered evidence that a sign posted at 330 Bruckner in the 1980s demonstrates that the 330 Bruckner sign should be grandfathered today.

6. The evidence consists of a sign painted at 330 Bruckner for NY Bus Service ("NY

Bus") which, if NY Bus did not operate or maintain facilities at that location, demonstrates a continuous use for non-accessory advertising.

7. In connection with the Fortier Declaration and the other contested matters between OTR and the City regarding the Debtor's signs, the Debtor served Mr. Arrigoni with a subpoena on or about September 27, 2013.

8. Mr. Arrigoni is the former President and owner of NY Bus and was active with that business in the 1980s, when the advertising in question was placed.

9. The subpoena was delivered to Mr. Arrigoni by FedEx pursuant to In re Shur, 184 B.R. 640 (Bankr.E.D.N.Y. 1995), in which this Court held that the only limitation upon the service of a subpoena on a nonparty is that the method of service employed be reasonably calculated to give the nonparty actual notice of the proceedings and an opportunity to be heard. Id. at 644.

10. Mr. Arrigoni never disputed receiving the subpoena.

11. Mr. Arrigoni's counsel nonetheless rejected the September 27 subpoena on the basis of improper service.

12. In an attempt to avoid a deposition and motion practice, the Debtor offered to have Mr. Arrigoni provide a declaration attesting to the operation of the sign at 330 Bruckner. Mr. Arrigoni's counsel declined on the basis that Mr. Arrigoni allegedly could not recall events from 30 years ago.

13. Having performed copious research that unearthed photographs of the sign in question and a letter from Mr. Arrigoni to the sign painter, the Debtor hoped to refresh Mr. Arrigoni's recollection at a deposition as to whether NY Bus had ever maintained an office at 330 Bruckner. Copies of these documents are annexed hereto as Exhibit "A".

14. The Debtor also agreed to personally re-serve Mr. Arrigoni on or about October

11, 2013 – even though, by all accounts, the original service made by FedEx has been upheld to be a valid method of service by this Court.

15. On or about October 17, 2013, Mr. Arrigoni's attorneys agreed to accept service of the subpoena on behalf of Mr. Arrigoni.

16. Having accepted service, Mr. Arrigoni's counsel then made the instant motion to quash in a transparent effort to further delay discovery on this narrow issue.

## Legal Argument

17. The request is, at heart, a simple one. The Debtor seeks confirmation that Mr. Arrigoni's business did not operate from 330 Bruckner. ORT can then use Mr. Arrigoni's testimony before BSA to establish the legality of the 330 Bruckner sign.

18. It is respectfully submitted that the Motion should be denied because the adversary proceeding can continue, standing alone, even if the Debtor's chapter 11 case is closed. See, e.g., In re McClelland, 377 B.R. 446, 453 (Bankr.S.D.N.Y. 2007). Accordingly, the Bankruptcy Court can retain jurisdiction over the contested matter, where Bankruptcy Rule 9014 makes the Part VII Bankruptcy Rules applicable.

19. Indeed, if Mr. Arrigoni had not been so recalcitrant over, *inter alia*, service of the initial discovery request in September, this dispute would have been resolved long before the Debtor moved to dismiss – and entirely while this Court maintained jurisdiction over this chapter 11 case.

20. In any event, the Debtor anticipates that the chapter 11 parties will agree to a grace period between the hearing on the motion to dismiss and entry of an order dismissing the case, during which the Bankruptcy Court will maintain jurisdiction. Mr. Arrigoni should therefore be compelled to respond to this minor discovery request.

21. Mr. Arrigoni's convenient claim that he has forgotten where his business operated

30 years ago is designed to avoid disclosing that the advertisements attached as Exhibit "A" may not have complied with the Sign Laws.

22. The Debtor critically requires Mr. Arrigoni's sworn testimony in this regard.

**Debtor's Efforts to Compromise**

23. In a further attempt to avoid motion practice, Debtor's counsel offered to have Mr. Arrigoni respond to written questions. A copy of the questions provided to Mr. Arrigoni's counsel is annexed hereto as Exhibit "B".

24. Despite telephone calls with Mr. Arrigoni's counsel on November 11 and 12, 2013, Mr. Arrigoni has declined to respond to the written questions in return for the Debtor withdrawing its subpoena.

25. The Debtor has a legitimate interest in seeking discovery from Mr. Arrigoni, who has forced motion practice by his refusal, despite good service of a subpoena, to appear for a deposition or accept any of the Debtor's proposed compromises to avoid the deposition.

WHEREFORE, based upon the foregoing, the motion to quash should be denied.

Dated: New York, New York
November 12, 2013

                                                 GOETZ FITZPATRICK LLP
                                                 *Attorneys for the Debtor*

By: /s/Gary M. Kushner
     Gary M. Kushner
     A Partner of the Firm
     Scott D. Simon
     One Penn Plaza
     New York, New York 10119
     Tel: (212) 695-8100
     gkushner@goetzfitz.com
     ssimon@goetzfitz.com