LAW OFFICES OF DONALD WATNICK
Donald E. Watnick
51 East 42nd Street, 11th Floor
New York, New York 10017
Telephone: (212) 213-6886
Facsimile: (646) 588-1932
*Attorneys for non-party Edward Arrigoni*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>OTR MEDIA GROUP, INC.,<br><br>                                  Debtor, | Chapter 11<br><br>Case No. 1-11-47385 (ESS) |
| OTR MEDIA GROUP, INC., 203 17TH REALTY LLC, SAKELE BROTHERS, LLC *and* ONE MAIDEN LANE REALTY, LLC, *all New York limited liability companies*, 848 FULTON REALTY CORP. *and* MING SHENG INC., *New York corporations*, GOTHAM BROAD, LLC, *a Delaware limited liability company*, FOTINI THEOHARIDU, and PHILLIPE JOCELINE, *natural persons,*<br>                                  Plaintiffs,<br><br>                - *vs.* –<br><br>The CITY OF NEW YORK,<br>                                  Defendant. | Adv. Pro. No. 1-11-01448 (ESS) |

**REPLY TO DEBTOR'S OBJECTION TO**
**EDWARD F. ARRIGONI'S MOTION TO QUASH SUBPOENA**

TO:    HONORABLE ELIZABETH S. STONG
          UNITED STATES BANKRUPTCY JUDGE

      Edward F. Arrigoni, by his attorney Donald E. Watnick, Esq., in reply to Debtor OTR MEDIA GROUP, INC.'s objection to Mr. Arrigoni's motion to quash the third-party subpoena issued to him in the captioned adversary proceeding, respectfully states as follows, in further support of his motion to quash:

1

## PRELIMINARY STATEMENT

1. The objection submitted by Debtor OTR Media Group, Inc. ("OTR") in response to the motion to quash the subpoena for testimony issued to Mr. Arrigoni (the "Objection", Adv. Pro. ECF No. 71,) confirms that OTR served this subpoena for a completely improper purpose, putting aside that OTR's papers also misstate the relevant facts. In brief, the reasons the subpoena is improper -- if not frivolous -- and the motion to quash should be granted are that: (i) OTR has moved to dismiss the bankruptcy proceeding, (ii) that same motion to dismiss states that the legality of the signs – for which OTR claims it requires Mr. Arrigoni's testimony – is not an issue in this case, (iii) as set forth in the Response of the City of New York ("Response by the City") to this motion (Adv. Pro. ECF No. 73), OTR has admitted that Mr. Arrigoni's subpoena could not possibly be relevant to the Adversary Proceeding and (iv) even if there were any basis for this Court to continue an adversary proceeding after dismissal of the main bankruptcy proceeding, OTR has not pointed – and we submit cannot point -- to any aspect of the adversary proceeding that necessitates Mr. Arrigoni's testimony. The Response by the City presents still further grounds for why this motion to quash should be granted and that Debtor's position here lacks any basis in fact or law.

## FACTS

2. The relevant facts are set forth in the Memorandum of Law in Support of Motion to Quash Subpoena of Edward F. Arrigoni. (the "Memorandum of Law", Adv. Pro. ECF No. 69.)

## ARGUMENT

3. OTR's objection states that it requires Mr. Arrigoni's testimony on the legality of a sign that is located at 330 Bruckner Blvd., Bronx, N.Y., based on Mr. Arrigoni being President of New York Bus Service ("NY Bus") more than 30 years ago when existing evidence establishes that NY Bus used a billboard there. Yet, the legality of that sign – or any other sign – no longer is an issue in this case. OTR's own motion in support of dismissing the bankruptcy proceeding (the "Motion to Dismiss", ECF No. 547) expressly states that the legality of the signs is not an issue in this case, but is a matter for the New York City and State administrative tribunals and courts to adjudicate. (See, e.g., Motion to Dismiss, ¶¶ 59-60.) OTR's objection here further establishes that OTR seeks Mr. Arrigoni's testimony for purposes having nothing to

do with this case: it states that Mr. Arrigoni's testimony is needed for "BSA" proceedings. (Objection, ¶17).

4. It is axiomatic that a party may not seek discovery in one proceeding for the sole purpose of using it in another proceeding before another tribunal. *In re ENRON CORP., et al.,* 281 B.R. 836, 842 (Bankr.S.D.NY. 2002); *Dove v. Atlantic Capital Corporation*, 963 F.2d 15, 19 (2d Cir. 1992) Indeed, the question of whether Mr. Arrigoni's deposition testimony would be relevant to or could even be used in proceedings before the BSA or other state or city tribunals would be a question for those tribunals, not this Court.

5. OTR's bald suggestion that Mr. Arrigoni's testimony somehow bears on this case is insupportable, if not misleading. The Objection, in paragraphs 1 and 7, makes reference to "contested" matters without identifying what those "contested" matters are. It also refers to rebutting a statement in an affidavit filed seven months ago by Edward Fortier (the "Fortier Dec."). (Objection, ¶¶ 3-7) Yet, OTR identifies no contested issue relating to the statements in the Fortier Dec. OTR's blanket assertion that the Fortier Dec. raises issues that need be addressed also is belied by the fact that OTR waited five to six months after the Fortier Dec. was filed to pursue Mr. Arrigoni's deposition, and also by the fact that OTR has moved to dismiss the bankruptcy proceeding and stated therein that issues about the legality of the signs are not going to be resolved in the bankruptcy proceeding.

6. The Response by the City further makes clear that OTR's assertion that it needs Mr. Arrigoni's testimony to respond to the Fortier Dec. or for this Adversary Proceeding are completely baseless. As set forth therein, the Adversary Proceeding has been inactive since January 2013, OTR has characterized the issues in the Adversary Proceeding as being "fully resolved" and there is no live issue presented by the Fortier Dec. (<u>Response by the City</u>, ¶¶ 14, 26-27.)[1]

7. Even if there is a legal basis for this Court to continue this adversary proceeding after the main bankruptcy proceeding is dismissed, the testimony OTR hopes to obtain from Mr. Arrigoni is irrelevant to this adversary proceeding since neither OTR nor the other plaintiffs in

---

[1] OTR's reliance on *In re McClelland*, 377 B.R. 446, 453 (Bankr.S.D.N.Y. 2007), for its contention that an adversary proceeding can continue, standing alone, even if the Debtor's chapter 11 case is closed is incorrect and misplaced. The Court in *In re McClelland* states that Fed.R.Bankr.P. 3022 "permits entry of a final decree closing the case "[a]fter an estate is fully administered," which is not necessarily contingent upon the resolution of a stand-alone adversary proceeding." *Id.* at 453. However, it does not stand for the proposition that a Debtor, like OTR, can move to dismiss its bankruptcy case and continue an adversary proceeding, and there, unlike here, the adversary proceeding related to a "core proceeding." *Id.* at 454-55.

this adversary proceeding seek any relief with respect to the building or sign located at 330 Bruckner Blvd.

8. The balance of OTR's objection consists of a litany of misleading statements. First, OTR's attempt to characterize Mr. Arrigoni as "recalcitrant" (Objection, ¶ 19) is gratuitous and insupportable. The fact that Mr. Arrigoni's counsel objected to improper service of a subpoena does not justify such a gratuitous characterization.[2] Second, Mr. Arrigoni's counsel, as set forth in the moving papers, told OTR's counsel that Mr. Arrigoni would not sign the declaration proposed in lieu of a deposition because it asked for him to make statements he did not recall about what occurred more than 30 years ago, including to essentially provide "expert" testimony on procedures followed for obtaining sign permits more than 30 years ago. Mr. Arrigoni's moving papers attest to those facts in OTR's proposed declaration that are within his knowledge. (Memorandum of Law, ¶¶ 6-9)

9. Third, OTR's last-minute attempt to ask Mr. Arrigoni to answer extensive interrogatories – presented the day before OTR's response papers were due – does not justify giving OTR leave to proceed with any discovery, whether it be a deposition or lengthy interrogatories. The interrogatories presented were not served as required on Mr. Arrigoni, a non-party. Nor are they permissible under the local rules of this court, which limit interrogatories to identification of witnesses and documents. (E.D.N.Y. LBR 7033-1) And, last but certainly not least, there is no reason why Mr. Arrigoni should be burdened with answering these lengthy interrogatories where, as here, this case is about to be dismissed and they thus would have no bearing on any matter in this case.

10. The subpoena of Mr. Arrigoni is completely improper. OTR presents no basis for why any discovery from Mr. Arrigoni – irrespective of the form – would have any relevance or bearing on this action. It is clear that it is seeking Mr. Arrigoni's testimony to use in other proceedings, which is palpably improper. Mr. Arrigoni is a non-party with no recollection about events that occurred more than 30 years ago.

---

[2] OTR's attempt to claim that its initial service of a subpoena on Mr. Arrigoni was proper ignores that the one case it cites, *In re Shur*, 184 B.R. 640 (Bankr.E.D.N.Y. 1995), involved service that was effected pursuant to the New York CPLR (by first class mail) only after numerous attempts to personally serve the non-party had failed. This Court's decision in *In re Shur* merely holds that Fed.R.Civ.P. Rule 45 does not require personal service upon the subpoenaed non-party, and not that service by Federal Express comports with the requirements of Rule 45. *Id.* at 644. Here, OTR's service of the subpoena to Mr. Arrigoni by Federal Express without any prior attempts of personal service is improper and not consistent with Fed.R.Civ.P. Rule 45 and the New York CPLR.

## **CONCLUSION**

WHEREFORE, based upon the foregoing and Mr. Arrigoni's moving papers, along with the reasons set forth in the Response by the City, Mr. Arrigoni's motion to quash the subpoena issued upon him in this proceeding should be granted in its entirety, and he should be awarded his attorneys' fees incurred for having to oppose this frivolous and unjustified subpoena and bad faith opposition to his motion to quash.

Dated: New York, New York
November 15, 2013

LAW OFFICES OF DONALD WATNICK

By: /s/ Donald E. Watnick
Donald E. Watnick
51 East 42nd Street, 11th Floor
New York, NY 10017
(212) 213-6886
dwatnick@watnicklaw.com
*Attorneys for Movant Edward Arrigoni*