LAW OFFICES OF DONALD WATNICK
Donald E. Watnick
51 East 42nd Street, 11th Floor
New York, New York 10017
Telephone: (212) 213-6886
Facsimile: (646) 588-1932

*Attorneys for non-party Edward F. Arrigoni*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| In re:<br><br>OTR MEDIA GROUP, INC.,<br><br>        Debtor, | Chapter 11<br><br>Case No. 1-11-47385 (ESS) |

---

| | |
|---|---|
| OTR MEDIA GROUP, INC., 203 17TH REALTY LLC, SAKELE BROTHERS, LLC *and* ONE MAIDEN LANE REALTY, LLC, *all New York limited liability companies*, 848 FULTON REALTY CORP. *and* MING SHENG INC., *New York corporations*, GOTHAM BROAD, LLC, *a Delaware limited liability company*, FOTINI THEOHARIDU, and PHILLIPE JOCELINE, *natural persons,*<br><br>        Plaintiffs,<br><br>   - *vs*. –<br><br>The CITY OF NEW YORK,<br><br>        Defendant. | Adv. Pro. No. 1-11-01448 (ESS) |

---

**DECLARATION OF DONALD E. WATNICK, ESQ. IN SUPPORT OF MOTION**
**FOR SANCTIONS AND TO RE-OPEN BY NON-PARTY EDWARD F. ARRIGONI**

DONALD E. WATNICK hereby declares pursuant to 28 U.S.C. §1746 and subject to the penalty of perjury, that the following statements are true and correct:

1

1. I am counsel for non-party Edward F. Arrigoni and I make this declaration in support of his motion for sanctions in the above-entitled adversary proceeding. I am fully familiar with the facts set forth herein.

2. I am annexing hereto as Exh. A a copy of a transcript of proceedings before this Court on November 19, 2013.

3. I am annexing hereto as Exh. B a copy of a subpoena issued to Mr. Arrigoni, and accompanying cover letter, both dated September 23, 2013.

4. I am annexing hereto as Exh. C a copy of a Declaration of Edward F. Arrigoni, previously filed with this Court on October 31, 2013. (Adv. ECF No. 68-2.)

5. I am annexing hereto as Exh. D a copy of a September 27, 2013 letter from Edward Saviano, Esq. to counsel for Debtor.

6. I am annexing hereto as Exhibit E a copy of an October 1, 2013 letter from counsel for Debtor to Mr. Saviano, in response to Mr. Saviano's September 27, 2013 letter.

7. I am annexing hereto as Exh. F a of a Declaration of Donald E. Watnick dated October 30, 2013 submitted in support of Mr. Arrigoni's motion to quash, which was previously filed with this Court (Adv. ECF No. 68-3).

8. I am annexing hereto as Exh. G several emails dated October 7 and 8, 2013 exchanged between myself and Scott Simon, counsel for Debtors.

9. I am annexing hereto as Exh. H a copy of a subpoena issued to Mr. Arrigoni dated October 17, 2013. I agreed to accept service of this subpoena on behalf of Mr. Arrigoni, at which time I told Mr. Arrigoni that I would be making a motion to quash the subpoena.

10. I am attaching hereto as Exh. I, a copy of an email from Mr. Simon, counsel for Debtor, to myself, dated October 17, 2013.

11. I am annexing hereto as Exh. J, a copy of an email from Mr. Simon, counsel for Debtors, to myself, dated November 11, 2013, in which Mr. Simon requested that Mr. Arrigoni answer interrogatories in lieu of the subpoena for his deposition. I rejected Mr. Simon's foregoing proposal.

12. On November 18, 2013, the evening before the hearing on the Motion to Quash, Gary Kushner, Debtor's counsel, telephoned me to discuss this matter but did not withdraw the subpoena.

13. After the hearing before the Court on November 19, 2013, I inquired with the Court's clerk, Ms. Jackson, as to a request (Exh. A, Tr. at 56, lines 5-15) that I remain in the Courtroom after the hearing and was told to meet and confer with Mr. Kushner on the issue of attorneys' fees for Mr. Arrigoni and that I could request a conference if this matter was not resolved. I met and conferred with Mr. Kushner, in person and telephonically but was not able to resolve the issue of Mr. Arrigoni's request for attorneys' fees in this matter.

14. With regard to the request for attorneys' fees, the following provides information about my background and experience:

   a. I graduated from Cornell Law School in 1988.

   b. Thereafter, from 1988 to 1995, I practiced in the litigation departments as an associate at Rogers & Wells and Townely & Updike.

   c. From 1995 to 2000, I was an associate and Of Counsel to Dorsey & Whitney, LLP, where I continued to practice in the litigation group.

   d. From 2000 to 2004, I was a Vice President in charge of litigation and employment law for Computer Associates International, Inc. (now CA Technologies, Inc.).

e. I started my own law firm in 2004, and have practiced through my own firm through the present. At present, my law firm consists of myself and an associate.

f. Throughout my career, my practice has focused on complex commercial and employment litigation in federal and state courts, as well as in bankruptcy court from time to time.

g. For this matter, my services were billed to Mr. Arrigoni at the hourly rate of $465. During 2013, my standard hourly rate for new client matters was $475. I believe that my rates charged to Mr. Arrigoni are equal to or less than those charged by attorneys with comparable levels of experience and expertise.

15. I am attaching hereto as Exh. K a copy of the time records for this matter, reflecting the time that I devoted to providing representation to Mr. Arrigoni in connection with the subpoenas and motion to quash.

I declare under the penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
February 6, 2014

/s/ Donald E. Watnick
Donald E. Watnick