**EXHIBIT C**

LAW OFFICES OF DONALD WATNICK
Donald E. Watnick
51 East 42nd Street, 11th Floor
New York, New York 10017
Telephone: (212) 213-6886
Facsimile: (646) 588-1932

*Attorneys for non-party Edward F. Arrigoni*

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK**

---

In re:

OTR MEDIA GROUP, INC.,

Debtor,

Chapter 11

Case No. 1-11-47385 (ESS)

---

OTR MEDIA GROUP, INC., 203 17TH REALTY LLC, SAKELE BROTHERS, LLC *and* ONE MAIDEN LANE REALTY, LLC, *all New York limited liability companies*, 848 FULTON REALTY CORP. *and* MING SHENG INC., *New York corporations*, GOTHAM BROAD, LLC, *a Delaware limited liability company*, FOTINI THEOHARIDU, and PHILLIPE JOCELINE, *natural persons*,

Plaintiffs,

- *vs.* -

The CITY OF NEW YORK,

Defendant.

Adv. Pro. No. 1-11-01448 (ESS)

---

**DECLARATION OF EDWARD F. ARRIGONI
IN SUPPORT OF MOTION TO QUASH SUBPOENA**

EDWARD F. ARRIGONI, hereby declares pursuant to 28 U.S.C. § 1746:

1

1. I have received a subpoena to give testimony in the above-entitled case and I make this declaration in support of my motion to quash the subpoena on the ground that I do not believe that I have any information that would bear on this proceeding. I am fully familiar with the facts set forth herein.

2. I have no affiliation, association or business relationship with Debtor OTR Media Group, Inc. ("OTR") or the other plaintiffs in this case, and have never had any affiliation, association or business relationship with OTR or the other plaintiffs. I had never even heard of OTR until approximately two-three months ago when I was contacted about this subpoena.

3. Accordingly, my understanding as to why OTR has served this subpoena is based on a telephone call in which counsel for OTR asked me to be a witness in this case and from communications involving my counsel and counsel for OTR, including a draft affidavit that counsel for OTR asked my counsel if I could sign.

4. Based on these communications, I understand that this subpoena is seeking to obtain my testimony about an advertisement, on a building located at 330 Bruckner Blvd., Bronx, N.Y. (the "Bronx Building) that is proximate to and viewable from the Bruckner Expressway.

5. New York Bus Service ("NY Bus") advertised on a wall at the Bronx Building in the 1980s, for, to my best recollection, two or three years. I was chairman and an owner of NY Bus Service ("NY Bus") until 2005.

6. At present, I am 79-years-old and have had no affiliation or association with NY Bus since it sold its businesses in 2005, one of which was an express bus service that it sold to New York City or the Metropolitan Transit Authority. I do not maintain records as to NY Bus' business.

7. While I do recall that NY Bus advertised at the Bronx Building sometime in the 1980s, I do not have or recall any information about that advertisement or the Bronx Building or the use of the Bronx Building by NY Bus, including any information relating to NY Bus' permit for the advertisement located at the Bronx Building.

8. I have reviewed a proposed affidavit for my signature that was drafted by counsel for OTR and presented to my counsel, which asked that I provide information about the advertisement in question and the use of billboards in general during the 1980s. Much of that proposed affidavit contains statements or information that I cannot provide. (A copy of this proposed affidavit is annexed as Exh. A.)

9. While, as noted, I can confirm that NY Bus advertised at the Bronx Building, sometime in or around the 1980s, and that I was an owner and officer of NY Bus, I do not recall the following information contained in the draft affidavit:

- The name of the entity that painted the advertisement.
- Information relating to the permit used by NY Bus to use the advertisement.
- Whether NY Bus operated a business facility in the Building.
- The practices – or "tactic" as referred to in the proposed affidavit – for companies to obtain the ability to advertise proximate to arterial highways like the Bruckner Expressway.

10. NY Bus' advertising at the Bronx Building relates to events that occurred more than 30 years ago, and with respect to a business that I have not been involved in for more than eight years and for which I retain no records.

11. Based on the foregoing, and the accompanying Memorandum of Law, I request that the subpoena for my testimony be quashed, so that I do not have to devote time and expense, including attorneys' fees, to provide testimony in a case to which I am a complete stranger and to travel from my home in Connecticut to New York City in order to do so.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on __10_/_13__, 2013.

_____
EDWARD F. ARRIGONI

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:                                                                    Chapter 11

OTR MEDIA GROUP INC.,                                      Case No. 1-11-47385 (ESS)

                        Debtor.

------------------------------------------------------------X

## DECLARATION OF EDWARD ARRIGONI

EDWARD ARRIGONI declares, pursuant to 28 U.S.C. §1746 and subject to the penalty of perjury, that the following statements are true and correct:

1. I was the owner of NY Bus Service ("NY Bus") from about 1970 to about 2005, when NY Bus was acquired by MTA Bus Company.

2. During my tenure as owner of NY Bus, in or about 1980, I had occasion to commission Mack Sign Co. to paint a sign on the northeast-facing wall of 330 Bruckner Blvd., Bronx, New York (the "Premises").

3. This sign advertised NY Bus.

4. Both before and after the 1980 sign, I had occasion to advertise NY Bus in this fashion at the Premises.

5. In the particular, the sign was the subject of an application (BN27/81) before the New York City Department of Buildings, which application resulted in a request for a reconsideration to approve this sign as a business accessory sign.

6. The request was based on our contention that NY Bus maintained a storage and office facility at the Premises.

7. In fact, however, at no point did NY Bus operate or maintain facilities at the Premises.

8. This tactic was one frequently employed by other companies seeking to advertise in proximity to arterial highways like the Bruckner Expressway.

Dated: October _____, 2013

_____
EDWARD ARRIGONI