# **EXHIBIT F**

LAW OFFICES OF DONALD WATNICK
Donald E. Watnick
51 East 42nd Street, 11th Floor
New York, New York 10017
Telephone: (212) 213-6886
Facsimile: (646) 588-1932

*Attorneys for non-party Edward F. Arrigoni*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

In re:

OTR MEDIA GROUP, INC.,

                      Debtor,

Chapter 11

Case No. 1-11-47385 (ESS)

OTR MEDIA GROUP, INC., 203 17TH REALTY LLC, SAKELE BROTHERS, LLC *and* ONE MAIDEN LANE REALTY, LLC, *all New York limited liability companies*, 848 FULTON REALTY CORP. *and* MING SHENG INC., *New York corporations*, GOTHAM BROAD, LLC, *a Delaware limited liability company*, FOTINI THEOHARIDU, and PHILLIPE JOCELINE, *natural persons*,

                      Plaintiffs,

– *vs.* –

The CITY OF NEW YORK,

                      Defendant.

Adv. Pro. No. 1-11-01448 (ESS)

**DECLARATION IN SUPPORT OF MOTION TO QUASH**
**SUBPOENA OF EDWARD F. ARRIGONI**

DONALD E. WATNICK hereby declares pursuant to 28 U.S.C. §1746 and subject to the penalty of perjury, that the following statements are true and correct:

1. I am counsel for non-party Edward F. Arrigoni and I make this declaration in support of his motion to quash the subpoena issued to him to provide testimony in the above-entitled adversary proceeding. I am fully familiar with the facts set forth herein.

2. Based on discussions I had with Scott Simon, counsel for Debtor, and review of some of the extensive docket filings, it appears that this proceeding involves an attempt by Debtor to establish its right to use one or more billboards in New York City.

3. In several phone conversations I had with Mr. Simon, he stated that Debtor is seeking Mr. Arrigoni's testimony about use in the early 1980s of an advertisement on a building located at 330 Bruckner Blvd., (the "Bronx Building"), and proximate to the Bruckner Expressway, by New York Bus Service ("NY Bus").

4. Specifically, Mr. Simon provided me with a proposed affidavit for Mr. Arrigoni to sign which asked Mr. Arrigoni to provide the following information:

   a. Mr. Arrigoni's relationship to NY Bus from about 1970 to 2005;
   b. information relating to NY Bus's use of the Bronx Building for an advertisement in or about 1980, and the company they commissioned to paint the advertisement;
   c. information relating to the permit used by NY Bus relating to the advertisement on the Bronx Building;
   d. whether NY Bus operated a business facility in the Bronx Building; and
   e. the practices for companies to obtain the ability to advertise on buildings proximate to arterial highways like the Bruckner Expressway.

I am attaching hereto as Exhibit A a copy of that proposed affidavit.

5. Upon receipt of the proposed affidavit, I told Mr. Simon that Mr. Arrigoni had no knowledge as to these facts, other than as to the period when he was an owner and officer of NY

Bus and that NY Bus advertised on the Bronx Building in the 1980s, and that he could provide a short sworn statement as to those facts.

6. Also, Mr. Arrigoni's co-counsel, Edward Saviano, previously by letter dated September 27, 2013, wrote to Mr. Simon that attempted service of the subpoena was improper and that he believed that a deposition would be pointless because of Mr. Arrigoni's lack of knowledge. A copy of Mr. Saviano's September 17, 2013 letter is attached hereto as Exhibit B.

7. Mr. Simon nevertheless insisted on proceeding with the deposition. Mr. Simon never provided any information as to how Mr. Arrigoni could possibly have any information relating to this case, and has not cited anything in the court record to support Debtor's position that Mr. Arrigoni's deposition will provide information relevant to this matter. Indeed, Mr. Simon's October 1, 2013, letter in response to Mr. Saviano's letter, is completely silent on why Debtor believes that Mr. Arrigoni has relevant information to provide and, instead, contains nothing more than the conclusory statement that testimony will be elicited that relates to these proceedings. A copy of Mr. Simon's October 1, 2013 letter is attached hereto as Exhibit C.

8. In accordance with E.D.N.Y. LBR 7007-1, I conferred in good faith with Mr. Simon to resolve this dispute, including in multiple telephone calls, but was unable to do so, and a copy of Mr. Simon's email confirming the foregoing is attached hereto as Exhibit D.

9. Accordingly, based on the foregoing, and the accompanying Declaration of Edward F. Arrigoni and Memorandum of Law, on behalf of movant Edward F. Arrigoni, I hereby request that the subpoena for Mr. Arrigoni's testimony be quashed.

I declare under the penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
October 30, 2013

/s/ Donald E. Watnick
Donald E. Watnick

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:                                                              Chapter 11

OTR MEDIA GROUP INC.,                                  Case No. 1-11-47385 (ESS)

                Debtor.

-----------------------------------------------------------X

## DECLARATION OF EDWARD ARRIGONI

    EDWARD ARRIGONI declares, pursuant to 28 U.S.C. §1746 and subject to the penalty of perjury, that the following statements are true and correct:

    1.    I was the owner of NY Bus Service ("NY Bus") from about 1970 to about 2005, when NY Bus was acquired by MTA Bus Company.

    2.    During my tenure as owner of NY Bus, in or about 1980, I had occasion to commission Mack Sign Co. to paint a sign on the northeast-facing wall of 330 Bruckner Blvd., Bronx, New York (the "Premises").

    3.    This sign advertised NY Bus.

    4.    Both before and after the 1980 sign, I had occasion to advertise NY Bus in this fashion at the Premises.

    5.    In the particular, the sign was the subject of an application (BN27/81) before the New York City Department of Buildings, which application resulted in a request for a reconsideration to approve this sign as a business accessory sign.

    6.    The request was based on our contention that NY Bus maintained a storage and office facility at the Premises.

    7.    In fact, however, at no point did NY Bus operate or maintain facilities at the Premises.

8. This tactic was one frequently employed by other companies seeking to advertise in proximity to arterial highways like the Bruckner Expressway.

Dated: October ____, 2013

_____
EDWARD ARRIGONI

# EXHIBIT B

# SAVIANO, P.C.
51 East 42nd Street
11th Floor
New York, New York 10017
Tel. (212) 532-7650    Fax (212) 532-7651

Edward S. Saviano, Esq.*
Elaine M. Yuen, Esq. +

* ADMITTED IN NY, NJ, FL & PA
+ ADMITTED IN NY & NJ

savvylaw

esaviano@savvylaw.com
eyuen@savvylaw.com

September 27, 2013

Gary M. Kushner, Esq.
Goetz Fitzpatrick LLP
One Penn Plaza
New York, NY 10119

Re: OTR Media Group, Inc.
    Subpoena in Adv. Pro. 11-01448 (ESS)

Dear Mr. Kushner:

Please be advised that we are counsel for Edward F. Arrigoni, the person to whom you directed a subpoena in the above referenced proceeding.

Please be advised further that the subpoena was improperly served because it was sent by Federal Express, and therefore is null and void. On behalf of Mr. Arrigoni, we fully reserve all other objections as to the subpoena, including as to whether he is a proper witness in your proceeding.

Furthermore, we know of no reason why anyone would seek to depose our client in connection with the above referenced proceeding. Without prejudice to or waiver of any of our client's rights or claims, all of which are fully reserved, to save unnecessary legal costs and expense, and avoid motion practice, we suggest you call us if you believe there is any proper grounds for attempting to subpoena our client.

Very truly yours,

*Edward S Saviano*

Edward S. Saviano

# EXHIBIT C



# GOETZ FITZPATRICK LLP

Attorneys at Law   www.goetzfitz.com
One Penn Plaza, New York, NY 10119 | 212-695-8100 | (F) 212-629-4013

Scott D. Simon
ssimon@goetzfitz.com

October 1, 2013

Edward S. Saviano, Esq.
Saviano, P.C.
51 East 42nd Street, 11th Floor
New York, New York 10017

Re:   OTR Media Group, Inc.
      Chapter 11 Case No.: 1-11-47385 (ESS)

Dear Mr. Saviano:

As you are aware, this firm represents OTR Media Group, Inc., the debtor in the above-referenced chapter 11 case. I write in response to your letter dated September 27, 2013.

With respect to your contention that the subpoena is null and void because it was not personally served, this argument was expressly raised and rejected in In re Shur, 184 B.R. 640, 644 (E.D.N.Y. 1995), where the very Bankruptcy Court where OTR's case is pending held that "the only limitation upon service [of a subpoena] under Rule 45 is that the procedure employed be reasonably calculated to give the non-party actual notice of the proceedings and an opportunity to be heard."

With respect to your query regarding the topic of this deposition, please be advised that in the Debtor's chapter 11 case, there are numerous contested matters between OTR and the City of New York, the primary one being the City's motion to convert the Debtor's case to one under chapter 7. Bankruptcy Rule 9014 makes the Part VII Bankruptcy Rules applicable to contested matters. The Part VII rules incorporate the FRCP, including rules relating to third-party discovery. The Debtor seeks testimony in connection with that contested matter, the nature of which will be elicited at the deposition. Accordingly, the Debtor is permitted to serve the subpoena with deposition notice that your client received.

Your client may not be able to provide the testimony we seek, but we are certainly entitled to investigate it. Accordingly, the subpoena is effective and your client must appear for his deposition on October 9, 2013. Please be guided accordingly.

Respectfully yours,

GOETZ FITZPATRICK LLP

By: _____
Scott D. Simon

55 Harristown Rd., Glen Rock, NJ 07452 | 201-612-4444 (F) 201-612-4455
7600 Jericho Turnpike, #403, Woodbury, New York 11797 | 516-877-9666 (F) 212-629-4013
One North Broadway, Suite 800, White Plains, NY 10601 | 914-946-7735 (F) 914-946-0098

**EXHIBIT D**

## Donald Watnick

| | |
|---|---|
| From: | Scott Simon <ssimon@goetzfitz.com> |
| Sent: | Thursday, October 17, 2013 3:46 PM |
| To: | dwatnick@watnicklaw.com |
| Cc: | Scott Simon |
| Subject: | OTR Media - Ed Arragoni |
| Attachments: | Third Subpoena on Edward Arrigoni.pdf |

Mr. Watnick:

Following up on our phone conversation, attached is the subpoena on Edward Arrigoni, revised to provide for a November 13, 2013 deposition date.

As agreed: (i) You have waived delivery of the witness fee at this time; and (ii) For purposes of your motion to quash the subpoena in Bankruptcy Court, we have already met and conferred as to this discovery dispute.

Thank you. sds

**Scott D. Simon**
GOETZ FITZPATRICK LLP
One Penn Plaza
New York, NY 10119

Phone: 212.695.8100 x322
Fax: 212.629.4013
Email: ssimon@goetzfitz.com



The information in this transmission may be privileged and confidential. It is intended for use of specific recipients. In the event of an error, no waiver is intended, and we request that you notify the sender and destroy the original message.