**GF LLP** **GOETZ FITZPATRICK** LLP
Attorneys at Law                                www.goetzfitz.com
One Penn Plaza, New York, NY 10119 | (T) 212-695-8100 | (F) 212-629-4013

Gary M. Kushner
Partner
gkushner@goetzfitz.com

December 5, 2013

**CONFIDENTIAL SETTLEMENT
COMMUNICATION ISSUED UNDER
THE PROTECTION PROVIDED BY
CPLR 4547 AND RULE 408 OF THE
FEDERAL RULES OF EVIDENCE**

VIA E-Mail (dwatnick@watnicklaw.com)
Donald E. Watnick
Law Offices of Donald Watnick
51 East 42nd Street, 11th Floor
New York, New York 10017

        Re:    OTR Media Group, Inc. (ess)
                  Chapter 11 Case No.: 1-11-47385
                  OTR Media Group, Inc. vs. The City of New York
                  Adv. Pro. No.: 1-11-01448 (ess)

Dear Mr. Watnick,

      I received your e-mail of earlier today which purports to follow up on our meet and confer telephone call of this morning.

      To be short, your summary is inaccurate, unnecessary, self-serving and reinforces the need for my prior insistence that all communication between our offices be done in writing.

      The subject matter of our meet and confer is a statutorily protected communication because it concerns a resolution of a disputed issue pending in a federal Court. Consequently, it is unnecessary (and improper) to attempt to recapture our discussion (as you have inaccurately attempted in your follow up e-mail) as neither the content of our brief talk, nor your attempt to summarize it by e-mail, are admissible for any purpose.

      I will not dignify you with a lengthy response to your recollection of our conversation of this morning except to say it is entirely revisionist in nature. The conversation began (and proceeded far too long) with your rendition as to what we did wrong so as to warrant the imposition of sanctions or the recovery of fees.

      In response, I simply denied your characterizations and maligning accusations and tried to cut to the chase by asking you the amount your client was looking to recover. You responded with a figure which is well beyond the realm of reasonableness even were your contentions found to be accurate, which I believe they will not.

55 Harristown Rd., Glen Rock, NJ 07452 | 201-612-4444 (F) 201-612-4455
170 Old Country Rd., Suite 300, Mineola, NY 11501 | 516-741-2162 (F) 516-746-1024
One North Broadway, Suite 800, White Plains, NY 10601 | 914-946-7735 (F) 914-946-0098

 GOETZ FITZPATRICK LLP

I respectfully further pointed out that I had an obligation to relay your "settlement" proposal to my client but, solely that for purposes of conveying to you an immediate response, I conveyed my belief that my client would not be inclined to pay your fees in any amount except in the case where your client would voluntarily provide a sworn statement addressing the simple question of whether his former company had ever been a tenant at the subject property.

It is frivolous and outrageous how you have misconstrued our meet and confer conversation as a "continuing effort" to abuse the discovery process. To be clear, we have withdrawn the subpoena. We are not asking your client for discovery in the context of the bankruptcy case. We are merely responding to your demand for the payment of exorbitant fees by suggesting, but not insisting, that a solution might be to pay your client's legal fees in return for the simple testimony which we believe would be beneficial to my client and should have been already given without the fanfare you have created. For the record, we also dispute your contention that similar "proposals" were made before the hearing date.

I do not know what type of practice you run, but it is clear to me that your conduct before, during and after the subpoena was issued was intended solely to inflate the amount of fees that you now belatedly seek to recover. Most of your conduct since our offices were introduced has been designed to exacerbate the issues between our clients and involved legal action and posturing which were mostly unnecessary.

Be that as it may, if your client's true and accurate amount of legal fees associated with this simple issue truly exceeds $30,000.00, as you indicated to me earlier today, please provide me with a timelog which justifies this request so that I am in a better position to address your demand before the December 17th hearing. I hereby agree that the forwarding of your timelog does not and will not be deemed a waiver of the attorney client privilege.

Finally, since there has never been a formal pleading for fees filed with the Court, please be so kind to immediately let me know the statutory basis for the recovery of fees that you now seek, including whether Bankruptcy Rule 9011 is the basis of your request.

Respectfully,

GOETZ FITZPATRICK LLP

By: _____
    Gary M. Kushner

GMK/jb
T:\Kushner\KDrive\Kushner\OTR - CHAPTER 11\chapter 11\Correspondence\12.5.13 ltr Donald Watnick.doc

# Gary Kushner

**From:** Scott Simon
**Sent:** Tuesday, December 10, 2013 12:03 PM
**To:** dwatnick@watnicklaw.com
**Cc:** Scott Simon; Gary Kushner
**Subject:** OTR Media

Mr. Watnick:

In his letter dated December 5, 2013, Gary Kushner asked you to provide (1) your time logs documenting your $30,000 request for fees, and (2) the statutory basis for your request for fees in this matter. You have not responded.

Please provide this information promptly so that we may prepare for the conference before Judge Stong. Thank you. sds

Scott D. Simon
GOETZ FITZPATRICK LLP
One Penn Plaza
New York, NY 10119

Phone: 212.695.8100 x322
Fax: 212.629.4013
Email: ssimon@goetzfitz.com



The information in this transmission may be privileged and confidential. It is intended for use of specific recipients. In the event of an error, no waiver is intended, and we request that you notify the sender and destroy the original message.

# Gary Kushner

**From:** Scott Simon
**Sent:** Tuesday, December 10, 2013 4:16 PM
**To:** Donald Watnick
**Cc:** Scott Simon; Gary Kushner
**Subject:** RE: OTR Media

Until and unless you provide your time logs demonstrating the $30,000 in fees you requested, and the statutory authority for granting you such fees (rather than your oft-repeated arguments as to "the basis for why attorneys' fees should be awarded"), a phone call cannot possibly be productive. Indeed, as the party requesting fees, it is your burden, not ours, to "provide a reason why attorneys' fees should [] be awarded."

I have made no inaccurate statements or ad hominem attacks and regret that you wrongly accuse me of doing so.

--
Scott D. Simon
Goetz Fitzpatrick LLP | 212.695.8100 x322