

# GOETZ FITZPATRICK LLP
Attorneys at Law      www.goetzfitz.com
One Penn Plaza, New York, NY 10119 | (T) 212-695-8100 | (F) 212-629-4013

Gary M. Kushner
Partner
gkushner@goetzfitz.com

February 21, 2012

VIA ECF
Honorable Elizabeth Stong
United States Bankruptcy Judge
United States Bankruptcy Court
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

                 Re:     **OTR Media Group, Inc. (ess)**
                           **Chapter 11 Case No.: 1-11-47385**
                           **OTR Media Group, Inc. vs. The City of New York**
                           **Adv. Pro. No.: 1-11-01448 (ess)**

Dear Judge Stong,

       I write as counsel for OTR Media Group, Inc. ("Debtor", "Plaintiff" or "OTR") to summarize the status of the above referenced adversary proceeding (the "Adversary Proceeding"). It is the Debtor's position that the Adversary Proceeding should be dismissed in light of the procedural history and Court rulings to date, as follows.

## Procedural History

       By complaint filed on September 1, 2011, (the "Complaint"), the Debtor and several of its landlord/indemnitees (collectively, the "Landlords") sought relief against the City of New York (the "City" or "Defendant") as follows:

       a)     <u>Count One</u> requested a declaratory judgment deeming that the automatic stay prohibited the City from enforcing judgments against the Debtor and the Landlords;

       b)     <u>Count Two</u> requested monetary damages for violations of the automatic stay;

       c)     <u>Count Three</u> requested equitable subordination of the City's claims against the Debtor as a result of inequitable conduct in violating the automatic stay; and

       d)     <u>Count Four</u> requested injunctive relief in the form of a permanent injunction preventing the City from enforcing its judgments against the Debtor and the Landlords in the event the automatic stay did not otherwise apply.

 GOETZ FITZPATRICK LLP

Honorable Elizabeth Stong
United States Bankruptcy Judge
United States Bankruptcy Court
February 21, 2012
Page 2

The Complaint was filed on September 1, 2011 together with an order to show cause seeking a temporary restraining order and a preliminary injunction. The Court heard oral argument on the order to show cause on September 2, 2011. A stipulation of settlement and order in connection with the order to show cause was approved by the Court and entered on September 2, 2011 (the "Stipulation"). [ECF No. 6]. A true copy of the Stipulation is annexed hereto as Exhibit "1".

In summary, the Stipulation enjoined the City from taking any affirmative steps to begin or continue collection activities against the Debtor and certain Landlord pending further order of the Court.

On October 13, 2011, the City filed its answer to the Complaint. [ECF No. 17].

On October 11, 2011, the City moved to vacate the Stipulation (the "Motion to Vacate"). [ECF No. 16]. On October 24, 2011, the Debtor opposed the Motion to Vacate. [ECF No. 19]. The City replied. [ECF No. 20]. A hearing on the Motion to Vacate was conducted on October 25, 2011 and adjourned to November 22, 2011. On November 3, 2011, the Court further adjourned the hearing on the Motion to Vacate to November 29, 2011.

On November 10, 2011, the City also filed a motion for declaratory relief that the automatic stay did not apply, or, in the alternative, for relief from the automatic stay to enable the City to continue enforcement of the City's sign laws (the "Sign Laws") against the Debtor and its Landlords. [ECF No. 23].*

On November 22, 2011, the Debtor filed its opposition to the City's motion for relief from the automatic stay. [ECF No. 24]. On November 23, 2011, the City filed a reply in connection with its motion for relief from the automatic stay. [ECF No. 25 and 26].

An onmibus hearing was held by the Court on November 29, 2011 at which, inter alia, (a) the City's motion for relief from the automatic stay was granted, in part; (b) the pre-trial conference in the Adversary Proceeding was adjourned to December 15, 2011; and (c) the hearing on the Motion to Vacate was also adjourned to December 15, 2011. The Court further directed counsel for the parties to submit a proposed consent order in connection with its ruling on the City's motion for relief from the automatic stay.

Thereafter, separate letters were filed with the Court indicating that counsel was unable to agree on a consensual order in connection with the City's motion for stay relief. The Court issued an order scheduling a hearing on the parties' dispute over the form of the order. [ECF No.

---

* The City's motion for declaratory relief in connection with the automatic stay was originally docketed in the Adversary Proceeding and then, redocketed in the main case. [ECF No. 63].

 GOETZ FITZPATRICK LLP

Honorable Elizabeth Stong
United States Bankruptcy Judge
United States Bankruptcy Court
February 21, 2012
Page 3

32]. In connection with the Court's scheduling order [ECF No. 32], the parties each filed further submissions in support of their respective positions on the correct form of order granting, in part, the City's motion for stay relief.

A further hearing was conducted by the Court on December 15, 2011, in connection with the City's motion. The Court entered an order with regard to the City's motion for automatic stay ruling on December 16, 2011. [ECF No. 39]. A true copy of the Court's order is annexed hereto as Exhibit "2".

The docket further reflects that the pre-trial conference and the hearing on the City's motion to vacate were adjourned to the Court's calendar on February 14, 2012. The Court invited submissions on the status of the Adversary Proceeding and whether there is anything left to litigate in connection therewith.

### Dismissal of Adversary Proceeding is Warranted

The Motion to Vacate, although technically on the calendar, should be marked off.

In support of the Motion to Vacate, the City advanced two (2) arguments. First, the City argued that the Stipulation should be vacated or amended on the ground that the Landlord's were never apprised by Goetz Fitzpatrick that the Stipulation imposed certain obligations on the Landlords. Although not a model of clarity, the City further suggested that Goetz Fitzpatrick lacked any authority to bind the Landlords to the terms and conditions of the Stipulation. Second, the City contended that the Stipulation should be vacated or amended because Goetz Fitzpatrick failed to provide the City with a letter of assurance that the Landlords had taken no actions contrary to the requirements of the Stipulation.

Each of the grounds asserted by the City to support the Motion to Vacate have since been mooted. First, Goetz Fitzpatrick made statements on the record of subsequent Court hearings that each of the Landlords were fully aware of the Stipulation, both before and after it was signed. Second, the City was provided with a letter of assurance dated November 11, 2011 under the signature of Ronald D. Coleman, Esq., a partner of Goetz Fitzpatrick which was received and accepted by the City. A true copy of Mr. Coleman's letter to the City is annexed hereto as Exhibit "3".

Notably, after receipt of the assurance letter from Mr. Coleman, the City has not sought to prosecute the Motion to Vacate at any of the several adjourned hearing dates which were scheduled by the Court making it implicit that the issues raised in the Motion to Vacate were resolved.

 GOETZ FITZPATRICK LLP

Honorable Elizabeth Stong
United States Bankruptcy Judge
United States Bankruptcy Court
February 21, 2012
Page 4

    The Debtor further submits that the remaining issues raised in the Adversary Proceeding have been fully resolved by the Court's December 16, 2011 order which granted, in part, the City's motion for declaratory relief. In essence, the City's motion for declaratory relief sought the same or similar declaratory relief that the Debtor sought in Count One of the Complaint. Now that the Court has ruled on that issue in connection with the City's separate motion, Count One of the Complaint is now moot. Likewise, Count Four of the Complaint is moot given the scope of the Court's ruling on the City's motion for declaratory relief. The December 16th order provides that the automatic stay does not apply to the extent the City seeks to enforce the Sign Laws on existing signs. Consequently, the Debtor would not be successful in obtaining a permanent injunction against the City.

    Finally, Count Two and Count Three of the Complaint seek monetary claims and equitable relief in the form of subordination of the City's claims due to the City's breach of the automatic stay. Since the Court has already ruled that the Sign Laws are enforceable, the issue of violation of the automatic stay is no longer being pursued, be it as a monetary claim or an equitable subordination claim, as to the Debtor's active sign locations.

    Thus, the Adversary Proceeding should be dismissed with the Stipulation remaining in full force and effect.

Respectfully,

GOETZ FITZPATRICK LLP

By: _____
Gary M. Kushner

w/ enclosures

GMK/jb

K:\Kushner\OTR - CHAPTER 11\chapter 11\Adversary Proceeding\2.21.12 Letter to Judge Stong.doc

# Exhibit 1

Gary M. Kushner
Ronald D. Coleman
GOETZ FITZPATRICK LLP
One Penn Plaza—Suite 4401
New York, NY 10119
Tel: (212) 695-8100
gkushner@goetzfitz.com
rcoleman@goetzfitz.com
*Attorneys for Debtors and Plaintiffs*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

In re:

OTR MEDIA GROUP INC.
          Debtor.

Chapter 11

Case No. 1-11-47385 (ESS)

------------------------------------------------------------ X

OTR MEDIA GROUP, INC., 203 17TH REALTY
LLC, SAKELE BROTHERS, LLC *and* ONE
MAIDEN LANE REALTY, LLC, *all New York
limited liability companies*, 848 FULTON REALTY
CORP. *and* MING SHENG INC., *New York
corporations*, GOTHAM BROAD, LLC, *a
Delaware limited liability company*, FOTINI
THEOHARIDU, and PHILLIPE JOCELINE,
*natural persons*,

          Plaintiffs,
          - *vs.* -

The CITY OF NEW YORK,

          Defendant.

Adv. Pro. No. 1-11-01448

STIPULATION AND ORDER

------------------------------------------------------------ X

    WHEREAS, this matter was brought before the Court by plaintiffs in this Adversary Proceeding by order to show cause seeking a temporary restraining order and declaratory judgment as to the application of the automatic stay to the Plaintiff Indemnitees and, or in the alternative, other relief; and

    Certain judgments (the "Judgments") have been entered against the Plaintiff Indemnitees by Defendant the City of New York in connection with signs erected by Debtor; and

The City has previously delivered to the New York City Sheriff executions (the "Executions") on Judgments against certain of the Plaintiff Indemnitees; and

The Court having considered the submissions by plaintiffs' counsel and heard the arguments of counsel at oral argument on this day; and

The parties having agreed, without prejudice, to the terms herein pending further action of this Court;

IT IS ON THIS 2ND DAY OF SEPTEMBER, 2011, HEREBY STIPULATED AND ORDERED, that pending further action by the Court, the City of New York, its agents, servants and those acting in concert therewith, or any of them are enjoined from taking any action to

(i) take any further affirmative steps to commence or continue, including by the issuance or employment of process, of a judicial, administrative, or other action or proceeding against each of the Plaintiff Indemnitees, that was or could have been commenced before the commencement of the Debtor's chapter 11 case, or to recover a claim against the Plaintiff Indemnitees that arose before the commencement of the Debtor's bankruptcy case relating to or in connection with the Judgments;

(ii) take any further affirmative steps to enforce against the Plaintiff Indemnitees or property of the Plaintiff Indemnitees, any judgment obtained before the commencement of the Debtor's chapter 11 case relating to or in connection with the Judgments or interfering in any manner with the payment of ordinary and customary operating expenses and charges pursuant to terms of the leases between the Plaintiff Indemnitees and their tenants, including but not limited to levying on rents payable or paid by the tenants of real estate owned by the Plaintiff Indemnitees by such terms;

(iii) take any further affirmative steps to obtain possession of property of the Debtor or from the Debtor's estate and/or property of the Plaintiff Indemnitees relating or in connection with the Judgments;

(iv) take any further affirmative steps to exercise control over property of the Debtor's estate or property of the Plaintiff Indemnitees relating to or in connection with the Judgments; and it is

STIPULATED AND ORDERED that, notwithstanding any other provision of this Stipulation and Order, the City is not required to withdraw the Executions, and the Sheriff is not required to withdraw the levies, but the City shall instruct the Sheriff not to take any further affirmative steps to levy upon the Executions;

STIPULATED AND ORDERED that the Plaintiff Indemnitees shall, pending further action by the Court, take no action to alienate, encumber, transfer, protect, pledge or otherwise affect any assets except in the normal course of business, the normal course of business being defined herein to include, without limitation, the collection of rents,

charges and payments pursuant to terms of the leases between the Plaintiff Indemnitees and their tenants, and the payment of ordinary and customary expenses including payments of mortgages, real estate taxes and other charges.

| | |
|---|---|
| GOETZ FITZPATRICK LLP | MICHAEL A. CARDOZO<br>CORPORATION COUNSEL OF THE CITY OF NEW YORK |
| By: /s/ Gary M. Kushner<br>    Gary M. Kushner | By: /s/ Alan H. Kleinman<br>    Alan H. Kleinman |
| Ronald D. Coleman<br>One Penn Plaza—Suite 4401<br>New York, NY 10119<br>Tel: (212) 695-8100<br>gkushner@goetzfitz.com<br>rcoleman@goetzfitz.com<br>*Attorneys for Plaintiffs* | Senior Counsel<br>Affirmative Litigation Division<br>New York City Law Department<br>100 Church Street<br>New York, NY 10007-2601<br>Tel: (212) 788-1012<br>*Attorney for Defendant*<br>*The City of New York* |

*It is SO ORDERED.*



Dated: Brooklyn, New York
September 2, 2011

Elizabeth S. Stong
**United States Bankruptcy Judge**

# Exhibit 2

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
In re:                                                          :  Chapter 11
                                                                :
OTR MEDIA GROUP INC.,                                           :  Case No. 1-11-47385 (ESS)
                                                                :
              Debtor.                                           :
                                                                :
---------------------------------------------------------------- x
OTR MEDIA GROUP, INC., *et al.*,                                :
                                                                :  Adv. Pro. No. 1-11-01448
              Plaintiffs,                                       :
vs.                                                             :
                                                                :
THE CITY OF NEW YORK,                                           :
                                                                :
              Defendant.                                        :
---------------------------------------------------------------- x

### ORDER GRANTING, IN PART, THE CITY OF NEW YORK'S MOTION FOR AN ORDER DECLARING THAT THE AUTOMATIC STAY DOES NOT APPLY TO ITS ENFORCEMENT OF ZONING AND BUILDING REGULATIONS

WHEREAS, on August 25, 2011, OTR Media Group, Inc. filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code; and

WHEREAS, on September 1, 2011, the Debtor and various non-debtor entities initiated this adversary proceeding by filing a complaint; and

WHEREAS, on November 10, 2011, the City of New York filed a motion for an order declaring that Section 362(a) of the Bankruptcy Code does not apply to its enforcement of zoning and building regulations (the "Motion for Relief from Stay"); and

WHEREAS, on November 22, 2011, the Debtor filed an Affirmation in Opposition to the Motion for Relief from Stay; and

WHEREAS, on November 23, 2011, the City of New York filed Reply Declarations of Alan Kleinman and Edward Fortier in support of the Motion for Relief from Stay; and

WHEREAS, on November 29, 2011, the Court held a hearing on the Motion for Relief from Stay at which the Debtor, by counsel, and the City of New York, by counsel, appeared and were heard; and

WHEREAS, at the hearing on November 29, 2011, the Debtor consented, in part, to the relief requested; and

WHEREAS, on November 29, 2011, the Court directed the parties to submit a proposed order on consent; and

WHEREAS, on December 2, 2011, the Court was informed that the parties were unable to reach agreement as to the form of the proposed order; and

WHEREAS, on December 7, 2011, the Court entered an Order scheduling a hearing on the proposed orders submitted by the Debtor and the City of New York; and

WHEREAS, on December 15, 2011, the Court held a hearing on the proposed orders at which the Debtor, by counsel, and the City of New York, by counsel, appeared and were heard.

NOW, THEREFORE, it is hereby

ORDERED, that pursuant to Bankruptcy Code Section 362(d)(4), the automatic stay does not apply to the commencement or continuation of an action or proceeding by the City of New York to enforce its police and regulatory power, including enforcement of a judgment other than a money judgment obtained in an action or proceeding to enforce the Administrative Code, Zoning Resolution, or another law or rule regulating outdoor advertising (the "Sign Laws") against the Debtor with respect to any sign location presently operated by the Debtor; and it is further

ORDERED, that pursuant to Bankruptcy Code Section 362(d)(4), the automatic stay does not apply to the City of New York's Department of Building's issuance of Notice of Violations

citing violations by the Debtor with respect to any sign location presently operated by the Debtor, and that the City of New York may take any appropriate and lawful steps, other than enforcement of a money judgment, to enforce the Sign Laws; and it is further

ORDERED, that in accordance with Bankruptcy Code Section 362(e)(1), the automatic stay shall continue in effect to the extent not otherwise adjudicated herein to the contrary.



Dated: Brooklyn, New York
December 16, 2011

Elizabeth S. Stong
United States Bankruptcy Judge

# Exhibit 3



**GOETZ FITZPATRICK** LLP
Attorneys at Law   www.goetzfitz.com
One Penn Plaza, New York, NY 10119 | (T) 212-695-8100 | (F) 212-629-4013

Ronald D. Coleman
Partner
rcoleman@goetzfitz.com

November 10, 2011

**BY EMAIL**

Alan H. Kleinman, Esq.
Senior Counsel
Law Department
The City of New York
100 Church Street
New York, NY 10007-2601

Re: **In re OTR Media Group, Inc.**

Dear Alan:

You have asked for written assurance that the non-debtor plaintiffs in the adversary proceeding were notified of the Stipulation and Order in the adversary proceeding and informed of their obligation.

This is that assurance. The landlords were informed by correspondence from this office as well as written notice conveyed directly to them by OTR following entry of the Stipulation and Order as well as in subsequent communications.

We gather, in turn, that the City is aware no action taken by any non-debtor plaintiff that is inconsistent with its obligations under the Stipulation and Order. This assumption is based on the City having brought no such occurrence to our attention.

Very truly yours,

*/s/ Ronald D. Coleman*

Ronald D. Coleman

cc:   William A. Curtin, Esq.
      Wayne H. Davis, Esq.
      Brian Horan, Esq.



Alan H. Kleinman, Esq.
September 8, 2011
Page 2 of 2

Gary M. Kushner, Esq.