Gary M. Kushner  
Ronald D. Coleman  
Scott D. Simon  
GOETZ FITZPATRICK LLP  
One Pennsylvania Plaza, 44th Floor  
New York, New York 10119  
Tel: (212) 695-8100  
gkushner@goetzfitz.com  
rcoleman@goetzfitz.com  
ssimon@goetzfitz.com  
*Attorneys for Debtor*

UNITED STATES BANKRUPTCY COURT  
EASTERN DISTRICT OF NEW YORK  
-----------------------------------------------------------------------X  

| | |
|---|---|
| In re: | Chapter 11 |
| OTR MEDIA GROUP INC. | Case No. 1-11-47385 (ESS) |
| Debtor. | |

-----------------------------------------------------------------------X  

| | |
|---|---|
| OTR MEDIA GROUP, INC., 203 17th REALTY LLC, SAKELE BROTHERS, LLC, ONE MAIDEN LANE REALTY, LLC, 848 FULTON REALTY CORP., MING SHENG INC., GOTHAM BROAD, LLC, FOTINI THEOHARIDU, and PHILLIPE JOCELINE, | Adv. Pro. No. 11-01448 (ESS) |
| Plaintiffs, | **Debtor's Submission in Response to Order to Show Cause Why This Adversary Proceeding Should Not Be Dismissed** |
| -against- | |
| THE CITY OF NEW YORK, | |
| Defendant. | |

-----------------------------------------------------------------------X  

**To the Honorable Elizabeth S. Stong,**  
**United States Bankruptcy Judge**:

OTR Media Group, Inc. ("OTR" or the "Debtor"), by its undersigned counsel, respectfully states as follows:

The Debtor and certain of its landlords filed the complaint in this adversary proceeding (the "Complaint") on September 1, 2011.  The Complaint sought, *inter alia*, a declaration that the City's post-petition enforcement of the Sign Laws and its efforts to collect pecuniary judgments against the Debtor and its landlords constituted a violation of the automatic stay.  Also on September 1, 2011, the Debtor moved by Order to Show Cause for a preliminary injunction to enjoin the City from the activity which was the focus of the Complaint.

Following a hearing before the Court, the Debtor and the City of New York entered into a So-Ordered Stipulation (the "Stipulation") on September 2, 2011.  The Stipulation by its terms enjoined the City from collecting on certain final judgments or otherwise enforcing the Sign Laws against the Debtor's landlords, whom the Debtor is contractually obligated to indemnify.

The Court also entered an order (the "Order") in this Adversary Proceeding dated December 16, 2011 in response to the City's motion for an order declaring that Section 362(a) of the Bankruptcy Code does not apply to its enforcement of the Sign Laws.  The Order provided that the automatic does not apply to the City's enforcement of the Sign Laws as to signs the Debtor is currently operating.  The Order thus held that the automatic stay precluded the City from taking pecuniary action against locations where the Debtor no longer operates signs.

As the Court noted in its Order to Show Cause, the Debtor-Plaintiff stated on February 23, 2012 that the Stipulation and the Order resolved the main issue raised in the Complaint in this adversary proceeding, namely the applicability of the automatic stay to the Debtor and its landlord-indemnitees.  With the boundaries of the City's enforcement cemented by the Stipulation and the Order, the Debtor-Plaintiff sees no reason to prosecute this adversary proceeding further.

The City, however, indicated at the February 23 hearing that the City will take the position that the Stipulation entered in this adversary proceeding ceases to have effect when the

adversary proceeding is dismissed. Should the Court accept the City's interpretation of the permanency of the Court's Orders, thereby disturbing the status quo, the Debtor-Plaintiff would seek to litigate this adversary proceeding to final judgment.

                                       GOETZ FITZPATRICK LLP
                                       *Attorneys for the Debtor*

                                       By: _____/s/_____
                                              Gary M. Kushner
                                       Ronald D. Coleman
                                       Scott D. Simon
                                       One Penn Plaza, 44th Floor
                                       New York, New York 10119
                                       (212) 695-8100

Dated: April 16, 2012