# Jessica Bejarano

| | |
|---|---|
| **From:** | Arnold, Phyllis <phyllis.arnold@bryancave.com> |
| **Sent:** | Monday, May 20, 2013 12:07 PM |
| **To:** | Arnold, Phyllis; Gary Kushner; Scott Simon |
| **Cc:** | 'Ari Noe'; 'Ariel Holzer' |
| **Subject:** | RE: |

**One footnote on 340 FAE: The City issued a slew of violations April 15, 2013 notwithstanding the fact that we have had an application for a permit pending since last fall.**

---

**From:** Arnold, Phyllis
**Sent:** Monday, May 20, 2013 11:42 AM
**To:** 'Gary Kushner'; 'Scott D. Simon'
**Cc:** Ari Noe; Ariel Holzer; Arnold, Phyllis
**Subject:**

OTR - Summary of Delays
May 20, 2013

<u>450 West 31 Street, Manhattan</u>

Permit number 102663949, authorizing installation of 1,00 square foot illuminated flex sign, was issued December 23, 1999; permit number 102663930, covering the structure, was issued December 22, 1999.

On or about January 11, 2013, the Department issued a Notice of Intent to Revoke approval and permit number 102663930, identifying as an objection the need to demonstrate the structure's compliance with TPPN #5/2000.

On or about February 14, 20013, the Department issued a Notice of Intent to Revoke approval and permit number 102663949. That Notice listed one objection – to clarify whether the sign complies with the provisions of ZR §42-55 governing signs proximate to and within view of arterial highways.

OTR's representative sought to make an appointment for both Notices and was told it could not address the TPPN objection on the structure until the plan examiner reviewing the sign application, Mr. Topino, had completed his review. That occurred on or about February 24, 2013. Despite efforts to do so, OTR's filing representative was unable to make an appointment with Mr. Topino. During an informal discussion, Mr. Topino indicated that he had returned the folder to the plan desk; the plan desk clerk advised that the folder had been sent to the Department's off-site facility. Since then, the filing representative has asked for the folder on three different occasions, most recently on May 10, 2013. Annexed are e-mails from OTR's filing representative documenting the chronology of these interactions with the Department. The result is that OTR's representative never received an appointment to address either objection before the Department revoked both permits.

The Department issued its final determinations, in the form of permit revocations, first on April 17, 2013 (102663949), and then on May 1, 2013 (102663930). Neither determination stated a substantive basis other than the one that had been raised in the Notices of Intent to Revoke.

<u>838 6th Avenue, Manhattan App. No. 121398291</u>

OTR's filing representative called me on May 6, 2013 to say that he was unable to get a plan exam for this location following issuance of the March 25, 2013 determination finding an advertising sign grandfathered here. Apparently, the plan examiner had been asked to forward the file to Ed Fortier. When the obstacle persisted, I wrote to Ed on May 9th. He answered that he had had the file for only a day and that there appeared to be a discrepancy between the sign as grandfathered and the sign as submitted for permit. He indicated that his unit would resolve the issues with the borough. We received new objections on this application May 16, 2013. Copies of the correspondence and the new objections are attached.

330 Bruckner Blvd., Bronx App. No. 220233110

The May 6, 2013 call from OTR's filing representative included information about 330 Bruckner Blvd. Apparently, the filing representative was unable to submit further information about the pending permit application. My May 9th note to Ed inquired about this location as well. On May 10, 2013, Ed advised that the Special Enforcement Team at 280 Broadway had the folder because it had audited and revoked a permit for what appeared to be an identical sign issued years ago. I told Ed that the signs were different – the current application was for an advertising sign and the revoked permit was for a non-advertising sign. Ed and I had further back-and-forth over the nature of the earlier permits. His May 10th e-mail indicated the folder had been routed back to the borough. Copies of the correspondence are attached.

340 Flatbush Avenue Extension, Brooklyn App. No. 320547583

By e-mail dated May 14, 2013, OTR's filing representative advised me that he was not able to submit documents in Brooklyn in response to an April 15, 2013 request for information from the plan examiner. I spoke with the plan examiner, who advised that Ed and Alex Berger from Ed's unit had been involved in the review and had been the ones to articulate the requests for further information. I wrote an e-mail to Ed and Alex May 15, 2013 inquiring as to how to submit responsive documents and otherwise asking about the relevance of certain of the requested information to the extent it pre-dated the 1961 Zoning Resolution. Our analysis revealed that this location was lawful for advertising in 1961 and thus there was no need to assess the legality before then. After a bit of back-and-forth with Alex, Ed agreed on the zoning analysis and suggested we use another ZRD-1 to submit the information. That e-mail correspondence is attached.


Phyllis Arnold ‖ Bryan Cave LLP
1290 Avenue of the Americas
New York, New York 10104
phone: 212-541-1205 ‖ fax: 212-541-1405 phyllis.arnold@bryancave.com

Please consider the environment before printing this e-mail.

---

This electronic message is from a law firm. It may contain confidential or privileged information. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments.

IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.
bcllp2013