```
 1                UNITED STATES BANKRUPTCY COURT
                  EASTERN DISTRICT OF NEW YORK
 2

 3
                                   .
 4  In re:                         .  Brooklyn, New York
                                   .  September 20, 2013
 5  OTR MEDIA GROUP, INC.          .  11-01448
                                   .  11-47385
 6            Debtor.              .  Calendar Time:
    . . . . . . . . . . . . . . . .   12:00 P.M.
 7
         11-01448 OTR MEDIA GROUP, INC. ET AL V. THE CITY
 8                         OF NEW YORK

 9      [1] ADJOURNED PRE-TRIAL CONFERENCE RE: COMPLAINT

10        ADJOURNED FROM:  9/28/11, 10/25/11, 11/22/11,
          11/29/11, 12/15/11, 2/14/12, 2/23/12, 4/3/12,
11         4/20/12, 5/10/12, 7/17/12, 8/9/12, 9/27/12,
          11/1/12, 12/10/12, 12/20/12, 1/24/13, 2/14/13,
12          4/23/13, 5/9/13, 5/14/13, 6/4/13, 6/27/13,
                         7/17/13, 8/2/13
13
         ADJOURNED HEARING (RE: RELATED DOCUMENT(S) 54
14       MOTION TO PROHIBIT/ENJOIN/RESTRAIN FILED BY
            PLAINTIFF, GOTHAM BROAD, LLC, 57 ORDER TO
15      SCHEDULE HEARING (GENERIC), 62 SCHEDULING ORDER)

16         ADJOURNED FROM:  5/14/13, 6/4/13, 6/27/13,
                         7/17/13, 8/2/13
17
                11-47385   OTR MEDIA GROUP, INC.
18
        [154] ADJOURNED MOTION TO CONVERT CHAPTER 11 CASE
19     TO CHAPTER 7 OR, IN THE ALTERNATIVE, DISMISS CASE

20      ADJOURNED FROM 6/29/12, 7/12/12, 8/9/12, 9/27/12,
          11/1/12, 12/10/12, 12/20/12, 1/24/13, 4/23/13,
21                 6/27/13, 7/17/13, 8/2/13

22              [9] ADJOURNED STATUS CONFERENCE

23       ADJOURNED FROM:  10/25/11, 11/22/11, 11/29/11,
          12/15/11, 2/14/12, 2/23/12, 4/3/12, 5/10/12,
24         7/17/12, 8/9/12, 11/1/12, 12/10/12, 12/20/12,
         1/24/13, 2/14/13, 4/23/13, 6/19/13, 6/27/13,
25                     7/17/13, 8/2/13
```

ADJOURNED [4] MOTION TO USE CASH COLLATERAL

ADJOURNED FROM: 9/1/11, 9/28/11, 10/25/11, 11/22/11, 11/29/11, 12/15/11, 2/14/12, 2/23/12, 4/3/12 5/10/12, 7/17/12, 8/9/12, 11/1/12, 12/10/12, 12/20/12, 1/24/13, 2/14/13, 4/23/13, 6/19/13, 6/27/13, 7/17/13, 8/2/13

[375] ADJOURNED HEARING ON THE ISSUES RAISED IN THE DECLARATIONS [373] AFFIRMATION OF NON-COMPLIANCE: DECLARATION OF DEBTOR'S NON-COMPLIANCE WITH CONSENT ORDER CONDITIONALLY GRANTING MOTION OF UNITED STATES TRUSTEE TO CONVERT CHAPTER 11 CASE

ADJOURNED FROM: 4/23/13, 6/19/13, 6/27/13, 7/17/13 8/2/13

ADJOURNED CONFIRMATION HEARING

ADJOURNED FROM 7/17/13, 8/2/13

[388] ADJOURNED MOTION TO ALLOW ADMINISTRATIVE EXPENSE CLAIM AND OBJECTION TO REDUCED TREATMENT OF ADMINISTRATIVE CLAIM UNDER DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION FILED BY FREDERICK J. LEVY ON BEHALF OF CARE REALTY CORPORATION

ADJOURNED FROM: 7/17/13, 8/2/13

[501] MOTION TO COMPEL DEBTOR TO PRODUCE WITNESSES FOR DEPOSITIONS AND FOR OTHER RELIEF. OBJECTIONS TO BE FILED ON 8/28/2013. FILED BY BRIAN T. HORAN ON BEHALF OF CITY OF NEW YORK (RE: RELATED DOCUMENT(S) 154 MOTION TO DISMISS CASE FILED BY U.S. TRUSTEE, UNITED STATES TRUSTEE).

[107] ADJOURNED OMNIBUS MOTION TO OBJECT/RECLASSIFY/ REDUCE/EXPUNGE CLAIMS: CLAIM NUMBER(S): 3,4, 7/8, 13, 14, 18, 19, 25, 29, 33

ADJOURNED FROM 5/10/12, 7/17/12, 8/14/12, 10/16/12, 11/13/12, 12/10/12, 12/20/12, 1/24/13, 2/14/13, 7/17/13, 8/2/13

1                                                                      3

  2

  3       [470] ADJOURNED MOTION FOR ADEQUATE PROTECTION LIFT
       STAY FILED BY JASON S. GARBER ON BEHALF OF 176 CANAL CORP.
  4
                            ADJOURNED FROM:   8/2/13
  5
              [507] SECOND APPLICATION FOR COMPENSATION FOR
  6     NOVACK, BURNBAUM & CRYSTAL, LLP AS SPECIAL COUNSEL;
             FEES: $55,314.93, EXPENSES: 0.00.  OBJECTIONS TO
  7       BE FILED ON SEPTEMBER 13, 2013.  FILED BY GARY M.
       KUSHNER ON BEHALF OF NOVACK, BURNBAUM & CRYSTAL, LLP
  8         (RE:  RELATED DOCUMENT(S) 51 APPLICATION TO
            EMPLOY FILED BY DEBTOR, OTR MEDIA GROUP, INC.)
  9
              [508] FOURTH APPLICATION FOR COMPENSATION FOR
 10     GOETZ FITZPATRICK, LLP AS ATTORNEY; FEES: $190,072.50,
             EXPENSES: $4,851.11.  OBJECTIONS TO BE FILED ON
 11        SEPTEMBER 13, 2013.  FILED BY GARY M. KUSHNER ON
                      BEHALF OF OTR MEDIA GROUP, INC.
 12
                         **STRICKEN FROM CALENDAR
 13        [411] ADJOURNED MOTION FOR 2004 EXAMINATION OF
                                CBS OUTDOOR
 14
                ADJOURNED FROM 6/4/13, 7/24/13, 8/2/13
 15
                            WITHDRAWN PER LETTER
 16
                    BEFORE HONORABLE ELIZABETH S. STONG
 17

 18  Attorney for United States
     Trustee:                          U.S. DEPARTMENT OF JUSTICE
 19                                    OFFICE OF UNITED STATES TRUSTEE
                                       271 Cadman Plaza
 20                                    Suite 4529
                                       Brooklyn, New York  11201
 21                                    BY:  WILLIAM CURTIN, ESQ.

 22  Attorney for Debtor:              GOETZ, FITZPATRICK
                                       One Penn Plaza
 23                                    New York, New York  10119
                                       BY:  GARY M. KUSHNER, ESQ.
 24                                         SCOTT D. SIMON, ESQ.

 25

```
 1                                                              4

 2

 3
Attorney for Janjan Corp.:    JOSEPH A. ALTMAN, P.C.
 4                            951 Bruckner Boulevard
                              1st Floor
 5                            Bronx, New York  10459
                              BY:  JOSEPH A. ALTMAN, ESQ.
 6
Attorney for City of
New York:                     NEW YORK CITY LAW DEPARTMENT
                              OFFICE OF THE CORPORATION
 8                            COUNSEL
                              100 Church Street
 9                            New York, New York  10007
                              BY:  ALAN H. KLEINMAN, ESQ.
10                                 BRIAN T. HORAN, ESQ.

11
Attorney for Metropolitan
National Bank:                TANNENBAUM HELPERN SYRACUSE &
                              HIRSCHTRITT, LLP
13                            900 Third Avenue
                              New York, New York  10022
14                            BY:  WAYNE H. DAVIS, ESQ.

15
Court Recorder Operator:      EVELYN TORRES
16

Court Transcriber:            CATHERINE ALDRICH
                              COMPU-SCRIBE, INC.
18                            2376 Cleveland Street
                              Bellmore, New York  11710

19

20

Proceedings recorded by electronic sound recording,
transcript produced by transcription service
22

23

24

25
```

1   THE CLERK: Calling all matters on OTR Media Group,
2 numbers 95 through 107.
3   THE COURT: I'm inclined to say that the next time
4 this case comes to Court I want it down on the calendar at
5 8:00 in the morning because I feel so badly that you wind up
6 almost inevitably on days where matters go longer than I
7 expect. I so regret the delay and imposition on your
8 schedules.
9   MR. KUSHNER: This was at 12:00 o'clock, your Honor,
10 so it's not that bad.
11   THE COURT: I'm well aware. I'm very sorry. Please
12 proceed.
13   MR. CURTIN: William Curtin for the United States
14 Trustee, your Honor.
15   THE COURT: All right. Other appearances. Mr.
16 Curtin. Mr. Kushner.
17   MR. KUSHNER: Gary Kushner, Goetz Fitzpatrick, for
18 the debtor.
19   MR. SIMON: Scott Simon, Goetz Fitzpatrick, for the
20 debtor.
21   THE COURT: Thank you.
22   MR. ALTMAN: Appearing for the landlord, Janjan
23 Corp., by Joseph Altman.
24   THE COURT: Thank you.

1     MR. KLEINMAN:  Alan Kleinman for the City of New
2  York.
3     MR. HORAN:  Brian Horan, also for the City.
4     THE COURT:  All right.  Thank you, both.
5     MR. DAVIS:  And Wayne Davis of Tannenbaum Helpern
6  Syracuse & Hirschtritt on behalf of Metropolitan National
7  Bank.
8     THE COURT:  Thank you, and I hope you're well.
9     MR. DAVIS:  Thank you, your Honor.
10    THE COURT:  All right.  Let's proceed.  Typically we
11 start with status, but Mr. Curtin, I assume you're at the
12 podium for a reason.
13    MR. CURTIN:  Your Honor, may I start?  It's --
14    THE COURT:  Please.
15    MR. CURTIN:  I know it's not traditional, but when
16 you hear what I have to say you'll see why I'm standing up.
17    THE COURT:  Please.
18    MR. CURTIN:  As your Honor is aware, some weeks ago
19 in addition to the non-compliance that the City had alleged,
20 my office filed a statement of non -- an affirmation of non-
21 compliance with the consent order that was entered into back
22 in July of 2012 alleging that the debtor had violated the
23 provision of that order regarding salary to the debtor's
24 principal.

1    In addition, on that same day we filed a memorandum
2 of law in further support of our motion, which of course was
3 filed originally pursuant to Section 1112.
4    Since that time, I have had extensive conversations
5 with the three major players in this case, the debtor
6 obviously, the City, and the bank, the secured lender, and we
7 had quite a bit of back and forth on many issues, but I'm very
8 happy to report to the Court that I think we have an agreement
9 in principle.  Of course we need to put it in an order, but --
10 on how this case should proceed.
11    We've agreed amongst those four constituencies that
12 the case should be dismissed with prejudice for nine months,
13 and if your Honor will recall, we originally filed a motion to
14 convert or dismiss.  We advocated for conversion.  We -- the
15 City weighed in, also advocated for conversion, and we made
16 those arguments and we resolved them in the form of a consent
17 order.  So I have both procedural and substantive comments in
18 that regard.
19    Procedurally what I think that means is that we need
20 a new motion.  We need a motion to dismiss because the rest of
21 the world outside of those four parties needs to be put on
22 notice that we are requesting dismissal, and I should give the
23 caveat obviously this is what we're requesting -- what the
24 motion is going to request subject to how ever your Honor

1  wants to handle it.
2            What we -- what led to the conversation quite
3  frankly is that further analysis of the situation here
4  revealed to us and I think, although I don't want to words in
5  people's mouths, but I think to some other people that this
6  bankruptcy case, which may have started as a good attempt at
7  reorganization had kind of degenerated really into a two-party
8  dispute between the City and the debtor, and the bank of
9  course, obtained a benefit from the bankruptcy filing.
10 They've reduced the, I'm using round numbers, but from
11 approximately 1.4 or 5 million to about 600,000 the
12 outstanding amount that was due to them.  So that's obviously
13 a benefit to them as well as to the debtor, and I guess
14 indirectly to other parties because there theoretically will
15 be in a year's time more money available to pay other people.
16           So the bottom line is we re-evaluated and were maybe
17 not a hundred percent in favor of dismissal, but at least more
18 open to it than we were before, and of course, this is a
19 settlement so I don't think anybody behind me is particularly
20 happy about it, but everybody is satisfied I hope, which to me
21 shows that it's a good settlement because nobody's thrilled,
22 but nobody's walking out of the room and saying "no deal."
23           So the way we would like to proceed, your Honor, is
24 the debtor will file a motion which will include a proposed

order that all of us will have an opportunity to review in advance. When I say "all of us," I mean the quote, unquote "four main parties in the case," and that motion will seek dismissal of the case. It will include a nine-month bar to refiling with the standard bar language that we use in the other orders, and the hearing date that we're requesting for that, which we talked to Ms. Jackson before we went on the record, is November 19th.

There are some things that have to happen. The hearing date was part of the negotiation. I'll just put it that way.

THE COURT: Okay.

MR. CURTIN: The bank -- there's some things the bank needs to take care of, so that's where we stand. It was -- obviously this has been a long, it still is an active case, but just to get to this point we've come a long way. So hopefully we can convince your Honor that this is the right way to proceed, and of course we'll have the added benefit of this will be -- the debtor's going to serve everybody with this, and the -- if there's anybody that has any issues with it, they can speak, they can make them known, but again, because of the fact that we -- this isn't a standard where we just have an 11.

If we just had an 1112 motion that had been

periodically adjourned it would be one thing. Here we have a consent order going in the direction of conversion, so in addition to the kind of substantive comments, procedurally I think we do need a new motion. So we're going to do that.

THE COURT: It would certainly clarify the record and present a good record to anyone who wants to come in and take a position on that motion, but it's also hard to see how there could be -- sometimes we're surprised by what comes in.

MR. CURTIN: We'll see. You never know.

THE COURT: If this is agreeable to the -- or acceptable I should say to the parties --

MR. CURTIN: Right. Acceptable would definitely be the right word, not --

THE COURT: -- who have been so actively -- who have been so actively involved in this case, and whose active input has been of great assistance to the Court, that will be very much worth knowing.

All right. Thank you, Mr. Curtin.

MR. CURTIN: And your Honor, the other thing is all the other matters, including the applications for compensation, we've already talked to Ms. Jackson. We've agreed that those would be adjourned to that same November date.

THE COURT: November 19th, and I'm thinking for the

avoidance of delay I will say 9:00 in the morning. Would you like to be number 1 on the calendar? 9:00 in the morning, Mr. Curtin, work for you?

        MR. CURTIN: Number 1 on the calendar.

        THE COURT: Number 1 on the calendar.

        MR. CURTIN: We'll quote you on that, your Honor.

        THE COURT: All right.

        MR. CURTIN: All right. Thank you.

        THE COURT: Well, number 1, 2, 3, 4, 5, 6 7, 8.

        MR. CURTIN: Right, right, right. 1 through 50.

        THE COURT: But one of them will be number 1.

        All right. Ms. Jackson, can we anchor that?

        May I hear from debtor's counsel, Mr. Kushner? Anything to add?

        MR. KUSHNER: No. I want to thank Mr. Curtin for obviously making the presentation to the Court and for his assistance in I guess brokering the resolution, and he's captured pretty much everything that needs to be captured for today. We will of course, file an appropriate application dealing with more specificity the reasons why dismissal is favored as to conversion or any other course to be taken in the Chapter 11 case.

        So your Honor knows that we will put forth all of the factual record and the legal reasons for that for

1 everybody to consider, including your Honor.  So the 19th will
2 also be, if it's okay with the Court, be used as a -- we'll
3 make our applications, final applications, get all the other
4 professionals' applications on, get all the other matters that
5 haven't been resolved also resolved before the dismissal
6 hearing.
7           THE COURT:  All right.  Counsel for the City of New
8 York, anything to add?
9           MR. KLEINMAN:  No, your Honor.
10          THE COURT:  From the perspective of the bank?
11          MR. DAVIS:  The bank has nothing to add, your Honor.
12          MR. ALTMAN:  I have one thing, your Honor.
13          THE COURT:  Yes, please.
14          MR. ALTMAN:  Yes, your Honor.  I represent Janjan
15 Corp., the --
16          THE COURT:  Could you spell that just for the sake
17 of my notes, Janjan?
18          MR. ALTMAN:  Yes.  It's Janjan.
19          THE COURT:  Janjan.
20          MR. ALTMAN:  J A N J A N.
21          THE COURT:  That's what I put.  All right.  Thank
22 you so much.  Please proceed.
23          MR. ALTMAN:  We're the landlord for the property,
24 207-209 Dyckman Street, where the debtor has the sign.

1         THE COURT:  Mm hmm.
2         MR. ALTMAN:  The problem I have, your Honor, is the
3  delay here has caused my client to incur about $55,000 worth
4  of fines because the signs are not legal, according to the
5  City of New York.  My client gets $3,600 per month -- per year
6  in a rental which hasn't even been paid, and now he's
7  incurring $55,000 worth of fines, and all the City has to do
8  is come by every day and write up another series of $55,000
9  worth of fines.
10         If we could, your Honor, we could get a lift stay so
11  my client can either go to Housing Court to evict the debtor
12  because he's violating the lease by violating the law, but the
13  debtor just refuses to remove the sign because there's no
14  reason why he should do it because the fines go to me or my
15  client and not to him because they can't fine him because he's
16  in bankruptcy.
17         So my client is stuck now with a very, very bad
18  situation.  I really --
19         THE COURT:  You can make any motion permitted by the
20  Code and the Rules.  You can seek consent and file a
21  stipulation for the Court to review and so order, and the
22  appropriate notice.  There's any number of steps you can take,
23  but the kinds of issues you're describing in a very general
24  way have been some of the challenging issues that the parties

have been dealing with over the course of this whole case.

So I'm not surprised that you're here today, and I'm not surprised by your concern or your frustration, and I need to defer to the process with respect to any requests for relief. I require a request for relief to be in writing on notice according to the Code and the Rules, and you've been here this morning. You've seen we've had a number of motions for relief from the automatic stay just over the course of the morning.

So it may be that if the matter does proceed as the parties described, and if it does I would anticipate with the support of the entities represented in the courtroom that it would be hard for me to see why I wouldn't be granting that motion, and then there is no stay, but you know, I realize that's November and this is September, and that probably feels like it's at least a year away to your client, and I'm sorry about that.

MR. ALTMAN: Well, it's many thousands of dollars away. That's the problem. I mean debtor's counsel is here. If he has any objection to --

THE COURT: Is this an oral application for a motion for relief from the automatic stay?

MR. ALTMAN: That's correct.

THE COURT: I don't take oral applications for

```
 1  relief.
 2              MR. ALTMAN:  Okay.
 3              THE COURT:  Sorry.
 4              MR. ALTMAN:  Understood.
 5              THE COURT:  But any motion you want to make on any
 6  return date according to the procedures on our website and the
 7  like, if you want to confer with Mr. Kushner, all of that I
 8  encourage yo to do.  All right?
 9              MR. ALTMAN:  Thank you.
10              THE COURT:  Mr. Kushner, would you like to respond?
11              MR. KUSHNER:  I didn't hear from Janjan at all until
12  papers were filed at the beginning of the week, and I've never
13  been --
14              THE COURT:  Was something filed?  I need to just
15  double check and see if something was filed here.
16              MR. KUSHNER:  I think maybe --
17              MR. ALTMAN:  We did file, your Honor, and I did
18  deliver a copy --
19              MR. KUSHNER:  Not a motion. An objection to
20  confirmation was the style of the document.  So I haven't had
21  a chance to speak with counsel about some of the issues that
22  relate to his client.  As always, I'm available to counsel if
23  he wants to pick up the phone, or I'll pick up the phone and
24  call him to see if I can resolve some of those --
```

1        THE COURT:  Would you undertake to call counsel --
2        MR. KUSHNER:  Yes.
3        THE COURT:  -- early next week?  I would say this
4 week, but it is Friday, and you could even talk before you
5 leave the courtroom.
6        MR. KUSHNER:  Yes, but I haven't had that chance,
7 your Honor.
8        THE COURT:  Understood, but I'm asking you that, and
9 I'm grateful for your willingness to do that because you can
10 see how that's a difficult situation.  If the debtor can do
11 something to address that situation it would be my guess is
12 good for the debtor and good for --
13        MR. KUSHNER:  As a policy matter, you know we've
14 been doing that throughout the case.
15        THE COURT:  Problem solving, it hasn't been easy,
16 but it has been a constant goal and often realized.  We've
17 done some pretty interesting and different things here to try
18 to regularize the process a little bit.
19        November 19th, I'll mark that everything to that
20 date.  Anything further?  All right.
21        Is that it, Ms. Jackson, for now?  All right.  We're
22 going to go -- let's go off the record.
23        MR. KUSHNER:  Thank you, your Honor.
24        THE COURT:  All right.  Thank you.

```
                                                          17
```

1
2                  *         *         *
3                     **CERTIFICATION**
4
5  I, Catherine Aldrich, certify that the foregoing is a correct
6  transcript from the electronic sound recordings of the
7  proceedings in the above-entitled matter.

  *[signature: Catherine Aldrich]*

8
9  _____        February 10, 2014
10       Catherine Aldrich